UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al.<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-10163-FDS<br><br>(Leave to file granted 4/9/2021) |

# REPLY IN SUPPORT OF MOTION TO STAY

In her initial Memorandum in Support of her Motion to Stay, Defendant Gina Alongi ("Ms. Alongi") demonstrated that the Court should stay this present action pending resolution of Ms. Alongi's active Massachusetts Superior Court litigation against the plaintiffs, trustees of several multiemployer benefit plans (collectively, the "Funds"). Ms. Alongi submits this brief reply to respond to certain misstatements and mischaracterizations made by the Funds in its Opposition.

## I.   THE STATE AND FEDERAL COURT ACTIONS INVOLVE IDENTICAL CONTROLLING ISSUES

The Funds' assertion that abstention or a stay is inappropriate because its ERISA breach of fiduciary claim is "wholly unrelated" to Ms. Alongi's state court claims (the "State Court Action") is disingenuous, at best. Opposition, p. 2. Of course, on a purely theoretical level, breach of fiduciary duty and discrimination are separate and distinct. However, as a practical matter, this present action and the State Court Action involve identical controlling issues: the Funds' defense to Ms. Alongi's claims in the State Court Action is that she was terminated for committing the very same alleged breaches of fiduciary duty at issue in this action. *See* Motion to Stay, pp. 4-5.

To defend against Ms. Alongi's discrimination and retaliation claims in the State Court Action, the Funds bear the burden of "articulating a lawful reason or reasons for [Ms. Alongi's termination] and producing credible evidence to show that the reason or reasons advanced were the real reasons."

*Sullivan* v. *Liberty Mut. Ins. Co.*, 444 Mass. 34, 50 (2005) (internal quotations and alterations omitted).  Here, the Funds have already gone on record (and under oath) to provide their asserted reason for Ms. Alongi's termination:  her alleged breaches of fiduciary under ERISA.  *See* Motion to Stay, pp. 4-5.  The Funds' position statement and its sur-reply filed at the Massachusetts Commission Against Discrimination ("MCAD") are littered with over a dozen references to "breach of fiduciary duty."  *See* Motion to Stay, Exhibit B, at pp. 1-4, 6, 9-10, 15, 18; Exhibit C, at pp. 3-5.  For the Funds to suggest to this Court that its breach of fiduciary duty allegations in this action are not material to the State Court Action simply ignores immutable facts:   the Funds have expressly put those allegations directly at issue in the State Court Action as their defense to Ms. Alongi's claims.

Assuming the Funds meets its burden outlined above, the burden will shift to Ms. Alongi to "show that the basis of [the Funds'] decision was unlawful discrimination." *Abramian* v. *President & Fellows of Harvard Coll.*, 432 Mass. 107, 117 (2000).  Critically, Ms. Alongi can satisfy this burden simply by "showing that the reasons advanced by [the Funds] for making the adverse decision are not true." *Abramian*, 432 Mass. at 117.[1]  If Ms. Alongi is able to show that it is "not true" that she committed breaches of fiduciary duty as alleged by the Funds in the State Court Action (and this action), she will be entitled to "an inference that [she] was a victim of unlawful discrimination," which, in turn, can provide "sufficient basis for the jury to return a verdict for [Ms. Alongi]." *Abramian*, 432 Mass. at 118.  In other words, Ms. Alongi does not need to "furnish evidence of actual discrimination" in the State Court Action to permit a jury to find in her favor, so

---

[1] "This burden [at trial] is described as requiring the plaintiff to demonstrate that the employer's articulated reason lacks reasonable support in evidence or is. . .wholly disbelievable." *Bulwer* v. *Mount Auburn Hosp.*, 473 Mass. 672, 683 n. 10 (2016) ((internal quotations and alterations omitted), citing *Bulwer* v. *Mount Auburn Hosp.*, 86 Mass. App. Ct. 316, 347 (2014) (Sikora, J., dissenting); *Lewis* v. *Area II Homecare for Senior Citizens, Inc.,* 397 Mass. 761, 765 (1986).

long as she is able to convince the factfinder that the Funds' breach of fiduciary duty allegations are baseless.  *Lipchitz* v. *Raytheon Co.*, 434 Mass. 493, 503 n. 15 (2001).

Accordingly, both actions contain an identity of issues sufficient to warrant abstention or abatement.  *See Rowayton Venture Grp. LLC* v. *McCarthy*, 2020 WL 4340985, at *3 (D. Mass. July 28, 2020)  (abatement in favor of prior pending action is appropriate where "there exists an identity of issues between the two actions"); *Interstate Material Corp.* v. *City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("A suit is parallel [for the purposes of *Colorado River* abstention] when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.").  Whether Ms. Alongi actually committed breaches of fiduciary duty (as alleged by the Funds) is an issue central to the State Court Action.  *See In re Novell, Inc. S'holder Litig.*, 2012 WL 458500, at *8 (D. Mass. Feb. 10, 2012) ("the issues involved in these cases, even though they stem from different sources of law, are substantially the same. It is therefore unnecessary for both courts to act upon these claims.").

For this same reason, the Funds' (unsupported) assertion that abstention and abatement are inappropriate because "the outcome in one court has absolutely no bearing. . .on the other" is simply false.  *See* Opposition, pp. 2, 9, 20.  Because the Funds' defense to the State Court Action is a virtual carbon copy of its sole claim in this action, there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case" sufficient to warrant *Colorado River* abstention and abatement.  *See Quality One Wireless, LLC* v. *Goldie Grp., LLC*, 37 F. Supp. 3d 536, 544 (D. Mass. 2014); *see also Rowayton*, 2020 WL 4340985, at *3 (abatement appropriate where "the controlling issues in the later-filed action will be determined in the earlier-filed action"). Similarly, for the purposes of *Younger* abstention, the Funds will have an "opportunity  to raise and

have timely decided by a competent state tribunal the federal issues involved" in this present action. *Middlesex Cty. Ethics Comm.* v. *Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982).

Even if the Superior Court cannot provide an award of damages to the Funds on its ERISA breach of fiduciary duty claim, a finding on the facts underlying the Funds' affirmative defense in the State Court litigation (which, as explained in detail above, could be essential to a judgment in the State Court Action) could moot or otherwise expedite the disposition of the Funds' claim in this action.[2] *See Manganella* v. *Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012) ("The doctrine [of issue preclusion, or collateral estoppel] applies to issues of fact as well as those of law, and can apply where the subsequent proceeding involves a cause of action different from the first."); *see also Trikona Advisers Ltd.* v. *Chugh*, 846 F.3d 22, 32 (2d Cir. 2017) (party's failure on breach of fiduciary duty affirmative defense that was "based in substance on the same allegations" found to bar claim for breach fiduciary duty).[3] That is sufficient to support abstention or abatement. *See In re Novell*, 2012 WL 458500, at *8 (entering a stay pursuant to *Colorado River* where there was "no reason to believe that the [state court] will not fairly and completely adjudicate the facts underlying the plaintiffs' disclosure claims. . . .While it is impossible to predict at this juncture the exact preclusive effect in this litigation of a judgment reached by the [state court], any decision adverse to the plaintiff could moot or otherwise expedite disposition of plaintiffs' federal claims, while still protecting the parties' rights.").

For this same reason, the relief requested by the Funds in this present action interferes with the State Court Action in a manner sufficient to warrant *Younger* abstention.   The First Circuit has

---

[2] Indeed, the First Circuit has indicated that a stay is the appropriate form of relief pursuant to *Younger* abstention where, as here, the federal proceeding involves a claim for damages on the relevant underlying federal issue, but the state proceeding does not. *See Rossi* v. *Gemma*, 489 F.3d 26, 38 (1st Cir. 2007);  *Bettencourt* v. *Bd. of Registration in Med.*, 904 F.2d 772, 781 (1st Cir.1990).

[3] "Under modern preclusion doctrine, the central question is whether a party has had a full and fair opportunity for judicial resolution of the same issue."  *Manganella*, 700 F.3d at 591.

recognized that a federal claim for damages can "interfere" with a state proceeding when a ruling on the merits could be used by the federal plaintiff "to alter the state proceeding." *See Rossi*, 489 F.3d at 37 (discussing § 1983 damages award); *see also* Motion to Stay, p. 9. Here, this Court's determination of factual issues underlying the Funds' ERISA fiduciary duty claim—which are virtually identical to the facts underlying the Funds' affirmative defense in the State Court Action—could potentially have a preclusive effect in the State Court Action. *See Manganella*, 700 F.3d at 591. As such, *Younger* abstention is appropriate.

The Funds asserts that Ms. Alongi "muddles [her] analysis" by "amalgamat[ing] a federal claim for breach of fiduciary duty with raising Ms. Alongi's conduct as an affirmative defense in the State Court Action." Opposition, p. 10. The Funds has it backwards: it has muddled its own analysis by trying in vain to avoid the fact that its affirmative defense in the State Court Action is a carbon copy of its claim in this action, and therefore the underlying issues presented in this action can be decided in the State Court Action. Any outstanding issues of law in this action can be resolved after resolution of the state proceeding. *See Jimenez* v. *Rodriguez-Pagan*, 597 F.3d 18, 31 (1st Cir. 2010) (noting that stay is preferable because it "leav[es] the docket open in case loose ends remain at the conclusion of the state proceedings.")

## II. EXCLUSIVE JURISDICTION DOES NOT REQUIRE THIS COURT TO PROCEED ON A DUPLICATIVE CLAIM

The Funds—citing no relevant binding precedent—ask this Court to adopt a bright-line rule that abstention is not appropriate because the Funds have asserted an exclusively federal claim. On its face, this request is inconsistent with the discretionary nature of the abstention and abatement doctrines, and is contrary to authority from courts in this circuit and around the country.

As an initial matter, the presence of a claim with exclusive federal jurisdiction simply does not bar *Younger* abstention. *See e.g. Fuller* v. *Ulland*, 76 F.3d 957 (8th Cir. 1996) (staying ERISA claim

pursuant to *Younger* doctrine).  The *Fuller* Court reasoned that where the state and federal courts had concurrent jurisdiction over "the threshold issue" (there, of ERISA's coverage)—and thus the state court decision could "moot" the remaining issues over which the federal court had exclusive jurisdiction—a stay was appropriate.  *Id.* at 960.  Here, as in *Fuller*, the Superior Court in the State Court Action has jurisdiction to resolve the factual issues underlying the Funds' federal claim, because the Funds have asserted identical factual allegations as an affirmative defense.  The Superior Court's resolution of these issues could moot or dispose of issues in the federal case.

Similarly, courts in this district have expressly held that an exclusive federal claim does not preclude *Colorado River* abstention.  *See In re Novell,* 2012 WL 458500, at *7; *In re Brooks Automation, Inc. Derivative Litig.*, 2006 WL 8209202, at *3 (D. Mass. Dec. 22, 2006), and cases cited.  For example, in *Novell*, the Court stayed 1934 Act securities claims with exclusive federal jurisdiction pursuant to *Colorado River* upon deciding that the issues involved in the state and federal cases were "substantially the same," even though they "stemm[ed] from different sources of law," and noted that the First Circuit has not held that the presence of an exclusive federal claim prevents a state and federal action from being "parallel" as a matter of law.  *Id.* at *8.  Here, as discussed above, the State Court Action and this present action also contain substantially the same issues, despite arising under different claims.  *See* Section I, *supra*.  As set forth herein and in the Motion to Stay, the Court should abstain under *Colorado River*.

Finally, with regard to abatement , the Funds have cited no authority in support of their argument that the Court cannot order a stay in this case pursuant to its "inherent power to control its docket." *Quality One* Wireless, 37 F. Supp. 3d at 541.  As demonstrated above and in the initial Memorandum, there "(1) exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action." *Id.*; *see* Section I, *supra*,

Motion to Stay, pp. 3-6, 17-20.  Accordingly, a stay is appropriate under the prior pending action doctrine.

## Conclusion

For the reasons set forth above and in her original Motion to Stay, Gina Alongi respectfully requests that the Court stay this action pending resolution of the State Court Action.

GINA ALONGI,
By her attorneys,

/s/ Jacob A. Tosti
Timothy P. Van Dyck (BBO # 548347)
Douglas T. Radigan (BBO # 657938)
Jacob A. Tosti (BBO # 704007)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
dradigan@bowditch.com
jtosti@bowditch.com

Date:  April 9, 2021

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jacob A. Tosti