UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND, BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, IUOE LOCAL 4 LABOR-MANAGEMENT COOPERATION TRUST, and IUOE LOCAL 4 SOCIAL ACTION COMMITTEE,<br><br>      Plaintiffs,<br><br>      v.<br><br>GINA ALONGI,<br><br>      Defendant. | Civil Action No.<br>21-10163-FDS |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO STAY

**SAYLOR, C.J.**

This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. Plaintiffs Board of Trustees of the IUOE Local 4 Pension Fund, Board of Trustees of the IUOE Local 4 Annuity & Savings Fund, Board of Trustees of the IUOE Local 4 Health and Wellness Fund, Board of Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund, International Union of Operating Engineers Local 4, IUOE Local 4 Labor-Management Cooperation Trust, and IUOE Local 4 Social Action Committee (collectively, the "Funds") allege that defendant Gina Alongi breached her fiduciary

duty to the Funds during her employment as the Administrator for the Funds.  Plaintiffs seek monetary damages.

Before the filing of this lawsuit, defendant Alongi filed a complaint against plaintiffs with the Massachusetts Commission Against Discrimination.  After plaintiffs filed this lawsuit four months later, Alongi filed a complaint in the Massachusetts Superior Court.  Alongi then moved to stay this federal proceeding, pending resolution of the state-court matter, based on the *Younger* abstention doctrine, the *Colorado River* abstention doctrine, and the prior-pending-action doctrine.

For the reasons set forth below, the motion will be denied.

**I.      Background**

      **A.      Factual Background**

Plaintiffs are the Board of Trustees of several multiemployer employee-benefit plans, a union, a union social-action committee, and a labor-management trust fund.  (Compl. ¶ 1).

The Funds are collectively administered by employees retained on behalf of the Trustees to administer the Funds' day-to-day operations.  (*Id.* ¶ 11).  The employees are employed by the Health and Welfare Fund, but perform work on behalf of the other Funds, the union itself, the union's social-action committee, and the Local 4 Labor Management Cooperation Trust Fund.  (*Id.* ¶¶ 11-12).  Each group reimburses the Health and Welfare Fund for its proportionate share of the employees' services pursuant to a shared-services agreement.  (*Id.*).

Gina Alongi was employed by the Funds as the Fund Administrator from 1996 until July 21, 2020.  (*Id.* ¶ 14).  The Administrator supervises Fund employees, oversees the operation of the Funds, and is the primary liaison to the Trustees and to outside professional advisors retained by the Funds.  (*Id.* ¶ 13).  She was tasked with administering the Funds in accordance with plan documents and policies adopted by the Trustees and acted as a fiduciary to the Funds.  (*Id.* ¶ 15).

Alongi was terminated by the Fund Trustees on July 21, 2020. (*Id.* ¶ 14). After her termination, she alleged that she suffered harassment and discrimination on the basis of sex and disability status, and unlawful retaliation, while employed as the Administrator. (Def. Mem. at 4). The Funds, on the other hand, allege that Alongi was terminated because she breached her fiduciary duty to the Funds by diverting plan assets for the benefit of herself and an entity unrelated to the Funds. (Pls. Opp. at 1).

B.   **Procedural Background**

On September 3, 2020, Alongi filed a complaint against the Funds with the Massachusetts Commission Against Discrimination ("MCAD"), alleging claims of a hostile work environment in violation of Mass. Gen. Laws ch. 151B, *quid pro quo* sexual harassment in violation of Mass. Gen. Laws. ch. 151B, retaliation in violation of Mass. Gen. Laws. ch. 151B, § 4(4), and failure to accommodate her chronic health condition, all prior to and in connection with her termination. (Def. Mem., Ex. A).[1] On November 27, 2020, the Funds filed a position statement in response to the MCAD complaint denying the allegations and contending that Alongi was terminated for her "gross breach of fiduciary duty." (*Id.*, Ex. B at 15 n.8). On February 2, 2021, the Funds filed a surreply in support of their defense in the MCAD proceeding. (*Id.*, Ex. C).

On January 29, 2021, plaintiffs filed the complaint in the present action. (*See* Compl.). The complaint alleges one count of breach of fiduciary duty in violation of 29 U.S.C. §§ 1101-1114.

On February 10, 2021, in accordance with Mass. Gen. Laws ch. 151B, § 9, Alongi

---

[1] The complaint was brought on behalf of Alongi and her sister, Rosemarie Alongi, another former employee of the Funds, against the "IUOE Local 4 Fringe Benefit Funds" and William D. McLaughlin, individually and in his capacity as Trustee. (Def. Mem., Ex. A). McLaughlin served as the Chairman of the Board of Trustees of the Funds. (Def. Mem. at 3).

3

withdrew her MCAD complaint and filed a complaint in Superior Court against the Funds. (*See* Def Mem., Ex. G).[2] The complaint alleges the same claims as the MCAD complaint—claims of a hostile work environment in violation of Mass. Gen. Laws ch. 151B, *quid pro quo* sexual harassment in violation of Mass. Gen. Laws. ch. 151B, retaliation in violation of Mass. Gen. Laws. ch. 151B, § 4(4), and failure to accommodate her chronic health condition—except that it also adds a claim of interference with rights in violation of Mass. Gen. Laws. ch. 151B, § 4(4A)) based on the filing of this federal lawsuit. (*Id.*). The Superior Court subsequently issued a tracking order, placing the case on the "fast track" and setting various case-related deadlines. (*Id.*, Ex. H).

On March 4, 2021, Alongi moved to stay this action pending the resolution of her state-court lawsuit based on the *Younger* abstention doctrine, the *Colorado River* abstention doctrine, and the prior-pending-action doctrine.

## II.   Standard of Review

The stay of a proceeding in favor of a parallel state action is permitted only under "extraordinary" or "exceptional" circumstances, as there is a "heavy presumption favoring the exercise of jurisdiction." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir. 1990)). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. However, in limited circumstances and as a matter of discretion, a court

---

[2] The Superior Court complaint is also brought on behalf of Alongi and her sister and is brought against the "IUOE Local 4 Health & Welfare Fund; IUOE Local 4 Pension Fund; IUOE Local 4 Annuity & Savings Fund; Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund; Joint Labor-Management Cooperation Trust; and William D. McLaughlin, individually and in his capacity as Chairman of the Board of Trustees." (Def. Mem., Ex. G).

may dismiss, stay, or transfer an action over which it has jurisdiction.

### III. <u>Analysis</u>

Alongi first contends that either the *Younger* or *Colorado River* abstention doctrines necessitate issuing a stay of the Funds' federal lawsuit.[3]

Federal courts must follow a three-step analysis to determine whether to abstain under the *Younger* doctrine. *See Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192-93 (1st Cir. 2015). First, a court must determine if a parallel state-court proceeding falls "within the *Younger* taxonomy"; second, it must determine if the factors articulated in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), support abstention; and third, it must determine whether any exceptions to the doctrine apply. *Id.* In *Middlesex*, the Supreme Court determined that a federal court should abstain from reaching the merits of a case over which it has jurisdiction only if there is "(1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Ct.*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex*, 457 U.S. at 432).

Under the *Colorado River* doctrine, a federal court may stay or dismiss a case in which federal and state court proceedings overlap and "wise judicial administration" counsels for abstention. 424 U.S. at 818. Notably, "the presence of parallel litigation in state court will not in and of itself merit abstention in federal court." *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27 (1st Cir. 2010) (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Instead, exceptional

---

[3] The doctrines originated in the Supreme Court cases of *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

circumstances must exist.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).  In determining whether a stay is appropriate, the court is required to balance multiple factors, including:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the geographical inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Jiménez*, 597 F.3d at 27-28 (quoting *Rio Grande Cmty. Health Ctr. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005)).  A court must balance "the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

Abstention under both *Younger* and *Colorado River* thus requires the state forum to either "provide[] an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit" or be "adequa[te] . . . to protect [each] parties' interests."  Here, the Superior Court is not an adequate forum because it cannot adjudicate the Funds' claim.

The Funds' claim is brought pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.  Federal courts have exclusive jurisdiction over ERISA actions arising out of breaches of fiduciary duty.  *See Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 n.8 (1st Cir. 1995) (noting that actions under ERISA for a breach of fiduciary duty are "subject to exclusive jurisdiction in the federal courts").  The Funds, therefore, cannot counterclaim in the state-court proceeding initiated by Alongi, but rather must present their claim in federal court.  The fact that they can raise a breach of fiduciary duty argument as a defense to Alongi's claims does not transform the Superior Court into an adequate forum to pursue their federal claim.  The Funds will be unable to seek affirmative relief and monetary damages in that court.  A state forum that

is unable to provide appropriate relief is not an adequate forum to adjudicate federal claims. *See Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018) (discussing the *Younger* doctrine); *see also Puzey v. BJ's Wholesale Club, Inc.*, 2012 WL 1114164, at *5 (D. Mass. Mar. 31, 2012) (noting that it would be "unlikely" that a stay would be appropriate under *Colorado River* for claims alleging violations of the Securities and Exchange Act of 1934, as only federal courts have jurisdiction over those claims); *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (noting that there is a "consensus among circuits that *Colorado River* does not apply when an exclusively federal claim is properly before the district court," and citing cases from the Second, Seventh, and Ninth Circuits).[4]

The state forum, therefore, cannot adequately protect both parties' interests. "[A] federal court need not stay its hand if the state forum provides inadequate protection of federal rights." *Sirva Relocation, LLC*, 794 F.3d at 192 (citing *Gibson v. Berryhill*, 411 U.S. 564, 575 (1973)); *see also Ticket Ctr., Inc. v. Banco Popular de Puerto Rico*, 399 F. Supp. 2d 79, 85 (D.P.R. 2005) (noting that because federal courts have exclusive jurisdiction over private federal antitrust cases, federal courts do not have discretion under *Younger* to abstain from "deciding federal antitrust issues pending resolution of a state suit between the same parties and involving the same transactions"); *Abe v. New York Univ.*, 2016 WL 1275661, at *3 (S.D.N.Y. Mar. 30, 2016) (declining to abstain from addressing an ERISA claim under *Colorado River* because federal courts have exclusive jurisdiction over the claim).

---

[4] While the First Circuit has not resolved whether a district court cannot abstain under *Colorado River* when federal courts have exclusive jurisdiction over a claim in the federal suit, it appears that every circuit court to address the issue has found to that effect. *See Cottrell*, 737 F.3d at 1245. *But see In re Novell, Inc. S'holder Litig.*, 2012 WL 458500, at *7 (D. Mass. Feb. 10, 2012) (abstaining under *Colorado River* even when the federal case involved claims over which federal courts have exclusive jurisdiction). In any event, even if the presence of a claim over which federal courts have exclusive jurisdiction does not automatically prevent a court from abstaining under *Colorado River*, the Court finds that here that factor weighs so heavily as to render the Superior Court an inadequate forum to protect the Funds' interests.

Alongi also contends that the federal lawsuit should be stayed pursuant to the prior-pending-action doctrine. Under that doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." *O'Reilly v. Curtis Pub. Co.*, 31 F. Supp. 364, 364-65 (D. Mass. 1940). Generally, a court may stay a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action. 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360, at 89 (3d ed. 2004).

As an initial matter, it is not clear that the state-court proceeding is the prior-pending-action here. The Funds filed this lawsuit on January 29, 2021. Alongi did not file her complaint in Superior Court until February 10, 2021. Thus, *this* lawsuit was pending at the time of Alongi's state-court action. Alongi contends that she filed her complaint against the Funds in the MCAD, which is a necessary prerequisite to filing her claims in Superior Court, on September 3, 2020, and thus September 3 should be the date upon which the filing of the federal-court action should be compared. She has provided no caselaw, however, supporting that approach.

The Court need not decide, however, whether the Superior Court proceeding is the prior-filed action. Even assuming that the state-court proceeding was initiated before this federal proceeding, the prior-pending-action doctrine is not applicable here for the same reason the Court will not abstain under *Younger* or *Colorado River*. That doctrine requires that the prior action be pending in a "court of competent jurisdiction." *O'Reilly*, 31 F. Supp. at 364. As discussed above, the ERISA claim cannot be adjudicated in Superior Court. Accordingly, the Superior Court is not a court of competent jurisdiction such that the prior-pending-action

8

doctrine could apply.  *See Quality One Wireless, LLC v. Goldie Grp., LLC*, 37 F. Supp. 3d 536, 541, 543 (D. Mass. 2014) (finding the doctrine applicable when the state court can offer "equal and adequate relief" to the parties and when *both actions* may "contain all of the issues" set forth in either action) (quotation omitted).

The Court is of course cognizant that there may be overlapping factual questions in the federal and state cases, which may result in duplicative efforts.  There are potential mechanisms the parties could employ, however, to streamline the lawsuits for the sake of efficiency, such as cross-designating depositions for both proceedings.  The Court is also aware that it is possible that the proceedings in one action could result in issue or claim preclusion in the other action.  But that possibility does not necessitate a stay here.  *See Rullan*, 397 F.3d at 71 ("Normal res judicata effects of federal actions on state actions—which are possible here—are of course not enough to trigger *Younger*.").  Here, none of the potential justifications for abstention overcome the Court's "virtually unflagging obligation . . . to exercise the jurisdiction given [it]." *Colorado River*, 424 U.S. at 817.

## IV.    Conclusion

For the foregoing reasons, defendant's motion to stay is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  August 9, 2021                                           Chief Judge, United States District Court