UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 1:21-cv-10163-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO COMPLAINT**

Defendant Gina Alongi ("Alongi") responds as follows to the numbered paragraphs of the Complaint for Breach of Fiduciary Duty ("Complaint") filed by plaintiffs Board of Trustees of the IUOE Local 4 Pension Fund, Board of Trustees of the IUOE Local 4 Annuity & Savings Fund; Board of Trustees of the IUOE Local 4 Health and Welfare Fund, Board of Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund, International Union of Operating Engineers Local 4, IUOE Local 4 Labor-Management Co-Operation Trust, and IUOE Local 4 Social Action Committee (together, "Plaintiffs").

**PARTIES**[1]

1. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

2. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

---

[1] Certain headings used in the Complaint are repeated in this Answer for the reader's ease of navigation through the documents, but they do not constitute a substantive portion of Alongi's response.

3. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

5. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

6. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

7. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

8. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

9. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

10. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

11. The allegations in this paragraph refer to a written document that speaks for itself, and Alongi denies Plaintiffs' characterizations thereof. Alongi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore they are denied.

12. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi states that the allegations in this paragraph refer to a written document that speaks for itself, and Alongi denies Plaintiffs' characterizations thereof. Alongi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore they are denied.

13. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

14. Alongi admits the allegations contained in this paragraph.

15. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi admits that as the Administrator for the IUOE Local 4 Pension Fund, IUOE Local 4 Annuity & Savings Fund, IUOE Local 4 Health and Welfare Fund, and the Hoisting and Portable Engineers Apprencticeship & Training Fund (together, the "Funds"), Alongi oversaw certain day-to-day operations of the Funds in accordance with certain documents and policies adopted by the Trustees of the Funds. Except as so admitted, Alongi denies the allegations contained in this paragraph.

16. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi states that 29 U.S.C. § 1104(a)(1)(A) and (B) speaks for itself, and Alongi denies all remaining allegations contained in this paragraph.

17. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi states that 29 U.S.C. § 1104(a)(1)(D) speaks for itself, and Alongi denies all remaining allegations contained in this paragraph.

18. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

19. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi admits that in 2004, the U.S. Department of Labor ("DOL") concluded an investigation into the Funds' allocation of administrative expenses, and that thereafter, the Funds negotiated an "Administrative Services Sharing Agreement" ("ASSA"), which is a written document that speaks for itself. Alongi denies Plaintiffs' characterizations thereof and denies all remaining allegations contained in this paragraph.

20. The allegations in this paragraph refer to written documents that speak for themselves. Alongi denies Plaintiffs' characterizations thereof and denies all remaining allegations contained in this paragraph.

21. Alongi admits that immediately prior to her dismissal, she received a salary at an annual rate of approximately $248,745, was entitled to vacation and paid sick time, was permitted to participate in certain employer-financed pension plans, and received medical coverage and an employer-provided automobile. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning "total employee benefit costs" and the value of her "overall annual compensation package," and therefore they are denied. Alongi denies all remaining allegations contained in this paragraph.

22. Alongi admits that when she was employed as Administrator for the Funds, the position was a full-time job, she was entitled to a one-hour lunch break, and the office where she worked maintained business hours of 8:00 AM to 4:00 PM. Except as so admitted, Alongi denies the allegations contained in this paragraph.

## JURISDICTION

23. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

24. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

25. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

## COUNT I
### (FOR BREACH OF FIDUCIARY DUTY)

26. Alongi repeats her responses to the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. The allegations in this paragraph refer to a written document that speaks for itself. Alongi denies Plaintiffs' characterizations thereof, and denies all remaining allegations contained in this paragraph.

28. Alongi admits that the Funds' accounting firm interviewed Alongi at certain times, regarding Alongi's allocation of working time. Alongi denies all remaining allegations contained in this paragraph.

29. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Alongi states that the allegations in this paragraph refer to written documents that speaks for themselves. Alongi denies Plaintiffs' characterizations thereof, and denies all remaining allegations contained in this paragraph.

30. Alongi admits the allegations contained in this paragraph.

31. Alongi admits that she served as the Executive Director of the Massachusetts Coalition of Taft-Hartley Funds (the "Coaliation"), which was a part-time position, from 2007 to 2020. Further answering, Alongi states that the allegations in this paragraph refer to written documents that speak for themselves. Alongi denies Plaintiffs' characterizations thereof, and denies all remaining allegations contained in this paragraph.

32. Alongi denies the allegations contained in this paragraph.

33. Alongi denies the allegations contained in this paragraph.

34. Alongi denies that she committed any "transgressions." Except as noted, Alongi is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in this paragraph, and therefore they are denied.

35. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in this paragraph concerning what was "found" by the "analysis by Schultheis & Panettieri LLP," and therefore they are denied. Further answering, the allegations in this paragraph refer to written documents that speak for themselves. Alongi denies Plaintiffs' characterizations thereof, and denies all remaining allegations contained in this paragraph.

36. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in this paragraph concerning what the "forensic analysis. .

.shows," and therefore they are denied. Further answering, the allegations in this paragraph refer to written documents that speak for themselves. Alongi denies Plaintiffs' characterizations thereof, and denies all remaining allegations contained in this paragraph.

37. The allegations in this paragraph refer to written documents that speak for themselves, and Alongi denies Plaintiffs' characterizations thereof. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the remaining allegations contained in this paragraph, and therefore they are denied.

38. The allegations in this paragraph refer to written documents that speak for themselves, and Alongi denies Plaintiffs' characterizations thereof. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the remaining allegations contained in this paragraph, and therefore they are denied.

39. Alongi denies the allegations contained in this paragraph.

40. Alongi denies the allegations contained in this paragraph.

41. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in this paragraph concerning the precise amount of "compensation, benefits, and payroll taxes" and "expenses related to her Funds-provided vehicle" paid on her behalf from January 1, 2015 through July 21, 2020, and therefore they are denied. Alongi denies all remaining allegations contained in this paragraph.

42. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi admits that she paid an elimination of recourse premium at certain times during her employment with the Funds. Alongi denies all remaining allegations contained in this paragraph.

43. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

44. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

45. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

46. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

47. Alongi denies that "a substantial portion of the Funds' payroll expenses were in fact diverted to the benefit of the Coalition." Alongi is without knowledge or information sufficient to firm a belief as to the truth of the remaining allegations contained in this paragraph, and therefore they are denied.

48. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in this paragraph concerning the precise number of hours worked by employees other than herself, and therefore they are denied. Further answering, the allegations in this paragraph refer to a written document that speaks for itself, and Alongi denies Plaintiffs' characterizations thereof. Alongi denies all remaining allegations contained in this paragraph.

49. Alongi admits that at certain times the Coalition paid rent to the Funds for storage that amounted to approximately $574 annually. Alongi is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in this paragraph concerning what was "determined via the forensic audit," and therefore they are denied. Alongi denies all remaining allegations contained in this paragraph.

50. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

51. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

52. Alongi denies the allegations contained in this paragraph.

53. The allegations in this paragraph refer to a written document that speaks for itself. Alongi denies Plaintiffs' characterizations thereof and denies all remaining allegations contained in this paragraph.

54. Alongi denies the allegations contained in this paragraph.

55. Alongi admits that during the period between January 1, 2015 and July 21, 2020, she received payment each year for approximately two weeks of accrued, unused vacation time, as she was permitted to do. Except as noted, Alongi denies the allegations contained in this paragraph.

56. Alongi admits that during the period between January 1, 2015 and July 21, 2020, she received payment each year for approximately two weeks of accrued, unused vacation time, as she was permitted to do. Except as noted, Alongi denies the allegations contained in this paragraph.

57. Alongi admits that during the period between January 1, 2015 and July 21, 2020, she received payment each year for approximately two weeks of accrued, unused vacation time, as she was permitted to do. Except as noted, Alongi denies the allegations contained in this paragraph.

58. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

59. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

60. Alongi denies the allegations contained in this paragraph.

61. Alongi admits that she was hired to be a full-time employee and devote at least 35 hours per week to performing her job duties as Administrator for the Funds. Except as so admitted, Alongi denies the allegations contained in this paragraph.

62. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning what the "forensic audit conducted by Schultheis & Panettieri LLP shows," and therefore they are denied. Alongi denies all remaining allegations contained in this paragraph.

63. Alongi denies the allegations contained in this paragraph.

64. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning what "all records indicate," and therefore they are denied. Alongi denies all remaining allegations contained in this paragraph.

65. Alongi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning what the "report prepared by Schultheis & Panettieri LLP indicates,' and therefore they are denied. Alongi denies all remaining allegations contained in this paragraph.

66. Alongi denies the allegations contained in this paragraph.

67. Alongi denies the allegations contained in this paragraph.

68. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi denies the allegations contained in this paragraph.

69. Alongi admits the allegations contained in this paragraph.

70. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Alongi states that 29 U.S.C. § 1056(d)(4) speaks for itself. Alongi denies Plaintiffs' characterizations thereof and denies all remaining allegations contained in this paragraph.

71. Alongi denies the allegations contained in this paragraph.

Alongi denies the allegations in the "Wherefore" clause following Paragraph 71 of the Complaint, denies that she is liable to Plaintiffs in any way, and denies that Plaintiffs are entitled to any of the relief that they seek.

## AFFIRMATIVE DEFENSES

Without admitting any allegations asserted in the Complaint, Alongi asserts the following general and affirmative defenses. Nothing stated in any of these defenses constitutes a concession that Alongi bears any burden of proof regarding any issue on which she would not otherwise bear.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### Third Defense

Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations.

### Fourth Defense

At all times pertinent to this action, Alongi's actions were in accordance with the laws of the United States of America.

### Fifth Defense

To the extent Alongi had any duty or obligation to Plaintiffs, Alongi performed and satisfied such duty or obligation.

### Sixth Defense

Plaintiff's claims fail, in whole or in part, because the relevant actions of Alongi were not undertaken in a fiduciary capacity.

### Seventh Defense

Plaintiffs have not suffered any damages as a result of any of Alongi's actions.

### Eighth Defense

Without admitting that Plaintiffs suffered any harm or damages, Plaintiffs failed to mitigate any harm or damage that they allegedly suffered.

### Ninth Defense

Without admitting that Plaintiffs suffered any harm or damage, any damages that Plaintiffs have suffered were caused in whole or in part by their own conduct.

### Tenth Defense

Plaintiffs' claims are barred by Plaintiffs' own bad faith and conduct

### Eleventh Defense

This Complaint is frivolous and is not advanced in good faith, and has been filed for an improper purpose.

### Twelfth Defense

Alongi reserves the right to amend this Answer and assert additional defenses as they become known and apparent.

### PRAYER FOR RELIEF

WHEREFORE, Alongi respectfully requests that the Court:

1. Dismiss the Complaint with prejudice; and

2. Grant Alongi such further relief as the Court deems just.

GINA ALONGI,
By her attorneys,

/s/ Jacob A. Tosti
Timothy P. Van Dyck (BBO # 548347)
Douglas T. Radigan (BBO # 657938)
Jacob A. Tosti (BBO # 704007)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
dradigan@bowditch.com
jtosti@bowditch.com

Date: August 27, 2021

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jacob A. Tosti