UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, ET AL.,<br><br>        Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>        Defendant. | Civil Action No. 1:21-cv-10163-FDS |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
FILE AMENDED ANSWER TO ASSERT COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 15 and 21, Defendant Gina Alongi moves for leave to file an amended Answer to assert counterclaims against the plaintiffs (collectively, the "Funds") and an additional counterclaim defendant, William D. McLaughlin (individually and in his capacity as a Trustee of the Funds). The counterclaims that Ms. Alongi intends to assert are the same exact claims brought by Ms. Alongi against the Funds and Mr. McLaughlin in an action currently pending in Norfolk Superior Court (the "State Court Action"). The claims in this action and the State Court Action are closely related; they all concern Ms. Alongi's employment with the Funds and the basis for her termination. This motion, if allowed, will consolidate in one forum the claims pending between the parties in this action and the related State Court Action, to promote efficiency and judicial economy and to avoid needlessly having two trials in two separate forums that concern the same facts and issues. A copy of the complaint in the State Court Action is attached hereto as Exhibit A, and a copy of Ms. Alongi's proposed amended Answer and Counterclaims is attached hereto as Exhibit B.

**Background**

The following facts concerning the procedural history of the State Court Action are supported by Ms. Alongi's Memorandum in Support of Motion to Stay filed in this case and the exhibits attached thereto. See Docket No. 8. In September 2020, Ms. Alongi, a former employee of the Funds, filed a complaint against the Funds and Mr. McLaughlin (who is the Chairman of the Board of Trustees of the Funds) with the Massachusetts Commission Against Discrimination ("MCAD"), alleging claims under M.G.L. c. 151B for hostile work environment, quid pro quo sexual harassment, retaliation, and failure to accommodate her chronic health condition, all prior to and in connection with her termination.[1] See id., at Exhibit A. In response, the Funds and Mr. McLaughlin asserted as a defense that they terminated Ms. Alongi for committing breaches of fiduciary duty and set forth—almost verbatim—the same allegations that the Funds now assert in this present action. See id., at Exhibits B and C. After Ms. Alongi announced to the Funds that she intended to remove her discrimination and retaliation claims to Superior Court if the parties not could settle their claims, the Funds rushed to this Court to file this present action in a transparent (albeit misguided) attempt to force Ms. Alongi to incur additional legal fees (for example, the parties took 15 depositions with several occurring over the course of multiple days) and to harass her (the Funds' deposition of Ms. Alongi lasted four days and included pages of questions regarding her sex life going back decades), by trying to repackage its defense to Ms. Alongi's claims as a breach of fiduciary duty claim against her. See id., at Exhibits D-F.

Ms. Alongi subsequently withdrew her MCAD complaint and on February 10, 2021 filed the State Court Action -- a Complaint and Jury Demand in Norfolk Superior Court, Docket No.

---

[1] The MCAD complaint was brought on behalf of Gina Alongi and her sister, Rosemarie Alongi, another former employee of the Funds. See Docket No. 8, at Exhibit A.

2182CV00125 – against the Funds and Mr. McLaughlin.[2]  See Exhibit A.  The complaint in the State Court Action alleges that same claims as the MCAD complaint, except that it also adds a claim for interference with rights in violation of M.G.L. c. 151B § 4(4A) based on the Funds' filing of this federal lawsuit.  Id.

The parties have completed fact discovery in both this action and the State Court Action, and fact discovery for both matters closed as of July 31, 2022.  Due to the many overlapping facts and issues in both matters, the parties agreed to cross-designate their depositions and written discovery, such that discovery for both matters was completed at the same time as part of the same effort.  They also entered into a Confidentiality Agreement pertaining to discovery which applies equally in both cases.  Regarding upcoming case deadlines, summary judgment motions are due to be served in the State Court Action by October 4, 2022, and in this action on October 18, 2022.[3] However, Ms. Alongi intends to file a motion in the State Court Action to stay those proceedings pending resolution of this motion.

## Argument

Pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give leave to amend a pleading "when justice so requires." Judge v. City of Lowell, 160 F.3d 67 (1st Cir. 1998).  "Absent factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or 'futility of amendment,' the leave sought should be granted." Executive Leasing v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir.). Similarly, Fed. R. Civ. P. 21 authorizes district courts to "at any time, on just terms, add or drop a

---

[2] Gina Alongi's sister, Rosemarie Alongi, is also a party to the State Court Action. See Exhibit A.  In the State Court Action, Rosemarie Alongi asserts claims against Mr. McLaughlin and the Funds for hostile work environment and retaliation in violation of M.G.L. c. 151B in connection with her termination.  If this Motion is allowed, Rosemarie Alongi would agree to stay her claims in the State Court Action pending resolution of Gina's claims in this action.

[3] Ms. Alongi does not intend to file a motion for summary judgment in the State Court Action, given the significant issues of material fact that exist in that case.

party."[4]  Here, there are no grounds to deny the requested leave.  Ms. Alongi seeks leave to amend her Answer to add Mr. McLaughlin as a counterclaim defendant and consolidate in this forum all claims between herself, the Funds, and Mr. McLaughlin, which are currently split between this action and the State Court Action.  The claims in this action and the State Court Action are closely related, and all of them concern Ms. Alongi's employment and the basis for her termination.  Indeed, the Funds' allegations in this action are virtually a mirror image of their defenses to Ms. Alongi's claims in the State Court Action.  Moreover, Ms. Alongi claims in the State Court Action that the Funds filed this federal action in retaliation for Ms. Alongi having asserted her right to bring her MCAD complaint and remove that complaint to Superior Court.   As such, this Court has supplemental jurisdiction over Ms. Alongi's state law claims against the Funds and Mr. McLaughlin, pursuant to 28 U.S.C. § 1367(a).  See Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC, 730 F.3d 67, 72 (1st Cir. 2013) ("State and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they 'derive from a common nucleus of operative fact' or 'are such that they would ordinarily be expected to be tried in one judicial proceeding'") (internal quotations and alternations omitted).  Of course, the Funds' breach of fiduciary duty suit and Ms. Alongi's state law claim that the Funds' suit is retaliatory are claims that would "ordinarily be expected to be tried in one judicial proceeding."

In this Court's Memorandum and Order on Ms. Alongi's Motion to Stay in this action, the Court noted that while it was "cognizant that there may be overlapping factual questions in the federal and state cases, which may result in duplicative efforts," there are "potential mechanisms

---

[4] Under Rule 20(a), persons may be joined as defendants in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and … any question of law or fact common to all defendants will arise in the action."  Ms. Alongi's claims against Mr. McLaughlin arise out of the same series of transactions and occurrences as her claims against the Funds.  See Exhibit A.

the parties could employ. . .to streamline the lawsuits for the sake of efficiency. . ." See Docket No. 22, p. 9.  Similarly, during the Court's most recent status conference in this action on September 12, 2022, the Court inquired as to whether a possibility existed to streamline the litigation.  Ms. Alongi submits that this Motion, if allowed, creates just such a mechanism.   If Ms. Alongi is not permitted to bring her related state court claims into his action, the parties will be forced to participate in two separate trials, in different forums, which will involve heavily overlapping facts and issues.  As a matter of efficiency, judicial consistency and judicial economy, there is simply no good reason why that should happen.  Further, the Funds and Mr. McLaughlin will not suffer any prejudice, undue or otherwise, if this motion is allowed.  Ms. Alongi does not intend to assert any 'new' claims or allegations against any party:  the counterclaims that she requests to assert are a carbon copy of her allegations and claims in the State Court Action.  Moreover, there will be no need for any further or additional discovery (given that the parties have already completed discovery in both actions), and there will be no other discovery-related logistical issues given that the parties already consolidated discovery by cross-designating their depositions and document productions.

In addition, it appears likely that a trial in this action will be able to be scheduled before a trial in the State Court Action:  Counsel for Ms. Alongi have been informed by a Clerk of the Norfolk Superior Court last week that the earliest possible trial date the parties could receive in the State Court Action would likely be in Fall 2023 (and trial in that matter may have to be scheduled even later, into 2024).  In summary, consolidating all claims among Ms. Alongi, the Funds, and Mr. McLaughlin in this action will benefit all parties, and avoid waste of judicial resources, the potential for inconsistency between the State Court Action and this one, and entirely unnecessary duplicative efforts.

## **Conclusion**

For the reasons set forth above, Ms. Alongi respectfully requests that the Court allow this Motion and grant Ms. Alongi leave to file the amended Answer and Counterclaims against the Funds and William D. McLaughlin, in the form attached hereto as Exhibit B.

                                         GINA ALONGI,
                                         By her attorneys,

                                         /s/ Jacob A. Tosti
                                         Timothy P. Van Dyck (BBO # 548347)
                                         Douglas T. Radigan (BBO # 657938)
                                         Jacob A. Tosti (BBO # 704007)
                                         BOWDITCH & DEWEY, LLP
                                         200 Crossing Boulevard
                                         Framingham, MA 01702
                                         Telephone: 617.757.6537
                                         Facsimile: 508.929.3137
                                         tvandyck@bowditch.com
                                         dradigan@bowditch.com
                                         jtosti@bowditch.com

Date: September 23, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                         /s/ Jacob A. Tosti