UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al.<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-10163-FDS<br><br>Leave to file granted on 11/15/2022 |

### REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER

In her Motion for Leave to File Amended Answer to Assert Counterclaims, Defendant Gina Alongi requested that the Court allow her to consolidate in one forum the claims pending between the parties in this action and the related state court action, to promote efficiency and judicial economy and to avoid needlessly having two trials in separate forums that concern the same facts and issues.  In response, the Funds filed a 20-page Opposition that -- despite its length -- is conspicuously devoid of any argument that the Funds would suffer any prejudice if Ms. Alongi's motion is allowed.  The omission is telling:  the Funds will suffer no prejudice whatsoever if Ms. Alongi's motion is granted, and although the Funds (with ample resources) apparently would prefer to burden Ms. Alongi (an individual with limited resources and still unemployed as a result of her unlawful termination) and the courts with duplicative, mirror-image trials in two separate forums, this Court should not countenance their scorched earth tactics.  Ms. Alongi submits this brief reply to respond to certain omissions, mischaracterizations and misstatements in the Funds' Opposition, and to renew her request that her motion be allowed.

### I.　　THERE IS GOOD CAUSE TO ALLOW MS. ALONGI'S MOTION

In their Opposition, the Funds argue that Ms. Alongi has failed to establish "good cause" to support her motion, pursuant to Federal Rule of Civil Procedure 16.  The "good cause" standard

requires this Court to consider not only on the conduct of the moving party but also "the prejudice, if any, to the nonmovant." Miceli v. JetBlue Airways Corp., 914 F.3d 73, 86 (1st Cir. 2019). Notably, the Funds do not even attempt to assert that they would be prejudiced in any way if Ms. Alongi's motion is granted. They do not make that argument because they cannot make it: the Funds will not suffer any prejudice -- undue or otherwise -- if Ms. Alongi's requested amendment is allowed. As noted in Ms. Alongi's motion, there will be no need to reopen discovery and no cause for delay for any other reason if the motion is granted.

Further, the Funds' claim that Ms. Alongi filed her motion for the "dilatory" purpose of delaying the Funds' filing of a summary judgment motion on their breach of fiduciary claim is specious. See Opposition, p. 12. Ms. Alongi is not "seeking to avoid" any summary judgment motion from the Funds; there is no reason for her to do so, and the Funds have not even attempted to invent any reason why she would. If she wanted to extend the summary judgment deadline, she simply would have asked for an extension. Moreover, Ms. Alongi's motion -- which does not seek to alter Funds' breach of fiduciary duty claim -- would have no effect whatsoever on the Funds' ability to timely prepare and file for summary judgment on that claim, especially considering that discovery had already been closed for 53 days by the time Ms. Alongi filed her motion.[1]

Ms. Alongi did not file her motion to cause undue delay: she filed it to avoid needlessly having two trials in two separate forums that concern the same facts and issues, and did not file her motion at an inappropriate time (particularly considering the utter lack of prejudice to the Funds). Contrary to the Funds' assertions, the circumstances that led Ms. Alongi to file her present motion did not

---

[1] The Funds' accusation that Ms. Alongi is the one trying to 'put off' summary judgment on the breach of fiduciary duty claim is rich, given that during this litigation the Funds themselves have filed for multiple extensions to the summary judgment deadline for various reasons wholly unrelated to Ms. Alongi's motion, resulting in a current deadline of November 7 which falls 98 days after the close of discovery. Ms. Alongi agreed to these requests, but she (not the Funds) insisted that the most recent request contain a representation that no further extensions would be sought absent extenuating circumstances.

exist at the time she initially filed her Answer in this case, in August 2021. Specifically, when Ms. Alongi first filed her Superior Court complaint in February 2021, she understood that the Superior Court case would be resolved by no later than February 10, 2023, in accordance with the Scheduling Order issued to the parties attached here as Exhibit A. However, it is now clear that any resolution in the state case will come long after February 10, 2023. The eventual consolidation of discovery between this matter and the state court litigation resulted in a more drawn-out discovery phase than initially anticipated. Further, the trial schedule for the Massachusetts Superior Courts has recently been considerably backed-up as a result of, among other things, COVID: as noted in her motion, she, through counsel, was recently informed by a Clerk of the Norfolk Superior Court that the earliest possible trial date Ms. Alongi could expect to receive would be in Fall 2023. In light of these current circumstances, consolidating the parties' claims in this Court will be the most expeditious and efficient mechanism for resolving the claims.

Further, the Court's comments concerning this case at the recent September 12, 2022 status conference (a transcript of which is attached hereto at Exhibit B) contributed to Ms. Alongi's decision to bring her motion at this time. During that status conference, the Court questioned counsel about whether there could be any way around having two different trials in state and federal court considering the current "odd posture" of this case being "half in state court and half in federal court," and encouraged the parties to give some thought to the matter. See Exhibit B, pp. 7-8. Ms. Alongi did just that, and her motion provides a solution to this issue raised by the Court just last month in a manner that promotes judicial economy and efficiency, avoids the risk of inconsistent results, and results in no prejudice whatsoever to the Funds.

-3-

## II. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER MS. ALONGI'S PROPOSED COUNTERCLAIMS

The Funds' argument that the Court lacks supplemental jurisdiction to hear Ms. Alongi's claims is similarly off-base. As noted in the motion, this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. s. 1367(a) if claims "derive from a common nucleus of operative fact" or "are such that they would ordinarily be expected to be tried in one judicial proceeding." See Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC, 730 F.3d 67, 72 (1st Cir. 2013). The Funds cite no legal authority in support of their argument that this Court cannot exercise supplemental jurisdiction over Ms. Alongi's claim that the breach of fiduciary complaint in this case is retaliatory in violation of M.G.L. c. 151B. Here again, this stark omission speaks volumes. Contrary to the Funds' unsupported assertion, this retaliation claim (which is entirely dependent upon – and exists only because of -- the Funds' breach of fiduciary duty claim) is certainly a claim that "would ordinarily be expected to be tried in one judicial proceeding" with the breach of fiduciary duty claim. Other courts have found that supplemental jurisdiction exists in similar circumstances.

For example, in Ayub v. Picco, 293 F. Supp. 3d 215, 216–17 (D.D.C. 2018), the plaintiff amended her pleading to add two new claims of retaliation, "one under the FLSA and the other under the D.C. Minimum Wage Act, each premised on the allegation that Defendants filed their counterclaims in retaliation for Plaintiff's filing suit." The court stated that:

> Plaintiff's FLSA retaliation claim shares a "common nucleus of operative fact" with Defendants' counterclaims. . . . Defendants surely will defend against the retaliation claims on the ground that they brought their counterclaims in good faith, and not to harass or intimidate Plaintiff for filing suit. Defendants' good faith, in turn, rests on the bona fides of their counterclaims. Viewed in this way, there can be little dispute that the FLSA retaliation claim and the counterclaims "derive from a common nucleus of operative fact" such that one "would ordinarily be expected to try them all in one judicial proceeding."

-4-

See id. The circumstances are analogous in this case: here, the Funds "surely will defend against [Ms. Alongi's] retaliation claim on the ground that they brought their [breach of fiduciary duty claim] in good faith," and the Funds' good faith, in turn, rests in part on the bona fides of their breach of fiduciary duty claim. Accordingly, this Court may exercise supplemental jurisdiction over Ms. Alongi's claim that the breach of fiduciary duty suit violated her rights under M.G.L. c. 151B. See also, e.g., Healy v. Pavarini Constr. Co. (SE), Inc., (S.D. Fla. July 20, 2006) ("By claiming that [defendant] filed its counterclaims against her to retaliate for her objections to ... alleged sexual harassment, a logical relationship exists between Plaintiff's retaliation claim and [defendant's] counterclaims. Plaintiff's retaliation claim necessarily requires an analysis of the underlying reasons for each of [defendant's] counterclaims, which in turn, involves an examination of the facts [defendant] has alleged to support its counterclaims."); Ott v. Chacha in Art LLC, 2019 WL 10252743, at *1 (D. Colo. May 1, 2019) ("[t]he good-faith basis of those [counterclaims] will directly bear on the strength of Plaintiff's retaliation claim. Further, considering judicial economy, convenience, and fairness to the parties, the potential for mirrored litigation in both this Court and a state court persuade me to grant jurisdiction.").

The Funds' argument that the Court lacks supplemental jurisdiction to hear Ms. Alongi's remaining state law claims -- which concern her allegations that she was sexually harassed and subsequently retaliated against for opposing that harassment and other unlawful actions taken by the Funds, eventually resulting in her unlawful termination -- is also meritless. The Funds' assertion that these claims are factually and legally unrelated to their breach of fiduciary duty claim is disingenuous, at best. Similar to their briefing on the Motion to Stay, the Funds once again neglect to inform this Court that their defense to Ms. Alongi's state law claims is that she was terminated for the same alleged breaches of fiduciary that are at issue in the breach of fiduciary duty case. The

Court need only look at the MCAD Position Statement and Sur-Reply filed by the Funds, which are attached to Ms. Alongi's Memorandum in Support of Motion to Stay at Exhibits B and C. See Docket No. 8. In those documents, the Funds (in addition to threatening Ms. Alongi with criminal prosecution) go on at length – and under oath – about how Ms. Alongi was terminated not for unlawful reasons, but for breaches of fiduciary duty. Considering the mirror-image posture of the Funds' defense in the state court action and its complaint in this matter, the claims "would ordinarily be expected to be tried in one judicial proceeding," and this Court may exercise supplemental jurisdiction over them.

The Funds' easily disproven position that the state and federal actions are unrelated is rendered even more untenable by the Funds' representations and conduct concerning the two matters during the pendency of this litigation. As noted in the motion, the parties completely consolidated all discovery in this matter, including written discovery and depositions, and federal counsel for the Funds attended virtually every single deposition in this case and notably, asked questions of every witness called by the Funds. Further, discovery revealed that in June 2021, the Funds' Chairman William McLaughlin delivered a speech before approximately 400 union members (recorded in meeting minutes, an excerpt of which is attached here at Exhibit C, which Mr. McLaughlin authenticated at his deposition) where he expressed a direct nexus between the federal and state lawsuits by stating that the Funds filed suit against Ms. Alongi after it "became apparent [to them that she] could not look in the mirror and accept the responsibility for her actions," following her termination, and that "[i]nstead, she decided to seek vengeance against [Mr. McLaughlin and the Funds]" by "fabricat[ing] a story about sexual harassment." See Exhibit C, p. 2. Mr. McLaughlin's words – delivered to approximately 400 of the Funds' members – make it abundantly clear that the Funds consider the two actions to be inextricably intertwined, and also confirm that the federal suit

was brought to retaliate against, and to try to intimidate, Ms. Alongi.  Indeed, it is undisputed that the Funds did not even consider bringing a breach of fiduciary duty claim against Ms. Alongi until after she had first brought her MCAD claim against the Funds and Mr. McLaughlin, and her termination letter  (attached hereto as Exhibit D) in fact states that the Funds "would like to express. . .appreciation for the work [Ms. Alongi] has done over the course of [her] career" and that "[w]e … trust that our separation with be courteous and respectful."  See Exhibit D.

## Conclusion

For the reasons set forth above and in her original Motion for Leave to File Amended Answer to Assert Counterclaims, Gina Alongi respectfully requests that the Court allow her motion and grant her leave to file the Amended Answer and Counterclaims in the form attached to her motion.

> GINA ALONGI,
> By her attorneys,
>
> /s/ Jacob A. Tosti
> Timothy P. Van Dyck (BBO # 548347)
> Douglas T. Radigan (BBO # 657938)
> Jacob A. Tosti (BBO # 704007)
> BOWDITCH & DEWEY, LLP
> 200 Crossing Boulevard
> Framingham, MA 01702
> Telephone: 617.757.6537
> Facsimile: 508.929.3137
> tvandyck@bowditch.com
> dradigan@bowditch.com
> jtosti@bowditch.com

Date:  November 15, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jacob A. Tosti