UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 1:21-cv-10163-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S EMERGENCY MOTION
FOR CLARIFICATION AND/OR LIMITED RECONSIDERATION**

Defendant Gina Alongi ("Ms. Alongi") moves for clarification and/or limited reconsideration of the portion of this Court's Memorandum and Order on Defendant's Motion for Leave to File Amended Answer to Assert Counterclaims (Docket No. 60) (the "Order") that requires Ms. Alongi to dismiss her claims in state court with prejudice (as opposed to without prejudice). Specifically, Ms. Alongi respectfully requests that the Court either (i) amend the Order to allow Ms. Alongi to dismiss her state court claims without prejudice, or (ii) clarify that the Court does not consider Ms. Alongi's voluntary dismissal of her state court claims with prejudice to have any preclusive effect, under the doctrine of res judicata, on the claims recently joined in this action pursuant to the Order.

To be clear, Ms. Alongi does not intend to re-file her claims in state court after they have been dismissed. However, she is concerned that a dismissal with prejudice in the state court action -- absent the clarification and/or amendment of the Order requested in this Motion -- could lead to confusion in the future regarding the preclusive effect of the state court dismissal on the newly joined federal claims under the doctrine of claim preclusion. In further support of this Motion, Ms. Alongi states as follows:

1. On November 8, 2022, this Court entered the Order (Docket No. 60), which granted Ms. Alongi leave to file an amended answer to assert counterclaims against the plaintiffs (collectively, the "Funds") and to add William D. McLaughlin as a counterclaim defendant. As the Court noted in the Order, the proposed counterclaims were, in substance, the same as those brought by Ms. Alongi against the Funds and Mr. McLaughlin in a currently pending action in Norfolk Superior Court brought by Ms. Alongi against the Funds (the "State Court Action").

2. The Court stated in the Order that its granting of Ms. Alongi's motion to amend was subject to the condition that Ms. Alongi dismiss her claims in the State Court Action with prejudice within 14 days of the Court's Order.

3. Under both Massachusetts and federal law, the doctrine of claim preclusion bars a subsequent action whenever three criteria are met: (1) there is a final judgment on the merits in an earlier action; (2) "sufficient identity" exists between the parties in the earlier and later suits, and (3) "sufficient identity" exists between the causes of action in the two suits. *United States* v. *Cunan*, 156 F.3d 110, 114 (1st Cir. 1998); *Kobrin* v. *Bd. of Registration in Med.*, 444 Mass. 837, 843 (2005).

4. Under both Massachusetts and federal law, a voluntary dismissal with prejudice is ordinarily deemed a "final judgment on the merits" that satisfies the claim preclusion criterion. *See Lawlor* v. *Nation Screen Serv. Corp.*, 349 U.S. 322, 327, (1955) (judgment dismissing "the previous suit 'with prejudice' bars a later suit on the same cause of action"); *Jarosz* v. *Palmer*, 436 Mass. 526, 536 (2002) (A stipulation of dismissal is "accorded the same effects as a final judgment" for claim preclusion purposes); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2376 at 319–320 (2d ed. 1995) ("Dismissal with prejudice, **unless the**

***court has made some other provision***, is subject to the usual rules of res judicata....") (emphasis added).

5. Counsel for Ms. Alongi conferred with counsel for the Funds prior to filing this motion. Although counsel for the Funds stated that they "can unequivocally represent that [the Funds] would not file a motion to dismiss or argue that the federal court is precluded from hearing the case as a result of this dismissal," the Funds declined to join in a request to this Court for the State Court Action to be dismissed without prejudice, even after Ms. Alongi offered to provide a formal letter indicating that she "has waived her right to assert – and is forever barred from asserting– her claims in the [State Court Action.]"  *See* E-Mail Correspondence, attached as Exhibit A.

6. Although counsel for Ms. Alongi appreciates the Funds' counsel's willingness to represent that they would not raise any res judicata defense in connection with the State Court Action's dismissal, Ms. Alongi nevertheless believes that this Motion is still required, due to the fact that a court may dismiss claims *sua sponte* on res judicata grounds. See *Padmanabhan* v. *Hulka*, 308 F. Supp. 3d 484, 495 (D. Mass. 2018), *aff'd*, 2019 WL 10378226 (1st Cir. 2019) ("Although claim preclusion is an affirmative defense, a court may dismiss an action *sua sponte*, consistent with the res judicata policy of avoiding judicial waste.") (internal alternations and quotation marks omitted).

7. Of course, Ms. Alongi does not anticipate that this Court will dismiss the claims joined pursuant to the Order *sua sponte* on res judicata grounds, given that the clear intent of the Order was to join those same claims in this action to promote efficiency, judicial consistency, and judicial economy. *See* Order, pp. 8-9. Nevertheless, in the event this action is appealed or transferred to another Court or judge, Ms. Alongi wants the record to be clear that both the parties

and this Court do not consider the State Court Action dismissal to have preclusive effect on the claims joined pursuant to the Order, under res judicata principles.

WHEREFORE, Ms. Alongi respectfully requests that the Court either (i) amend its Memorandum and Order on Defendant's Motion for Leave to File Amended Answer to Assert Counterclaims (Docket No. 60) to allow Ms. Alongi to dismiss her state court claims without prejudice, or (ii) clarify that the Court does not consider Ms. Alongi's voluntary dismissal of her state court claims with prejudice to have any preclusive effect, under the doctrine of res judicata, on the claims recently joined in this action pursuant to the Order, and/or (iii) grant such other relief that this Court deems just and proper.

|  |  |
|---|---|
|  | GINA ALONGI<br>By Her Attorneys,<br><br>*/s/ Jacob A. Tosti*<br>Timothy P. Van Dyck (BBO #548347)<br>Jacob A. Tosti (BBO #704007)<br>BOWDITCH & DEWEY, LLP<br>200 Crossing Boulevard, Suite 300<br>Framingham, MA  01702<br>(617) 757-6537<br>tvandyck@bowditch.com<br>jtosti@bowditch.com |
| December 19, 2022 |  |

LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for Gina Alongi has conferred with counsel for Plaintiffs and has attempted in good faith to resolve or narrow the issue presented in this Motion.

/s/ Jacob A. Tosti

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 19, 2022.

/s/ Jacob A. Tosti