UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-10163-FDS |
| GINA ALONGI, | ) ) | |
| Defendant. | ) ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

SUPPLEMENTAL ARGUMENT ........................................................................................... 1

    A.  The Defendant is Not Entitled to a Jury Trial Regarding the Plaintiffs' Claims for Breach
        of Fiduciary Duty Under ERISA. ......................................................................................... 1

        1.  Claims for Breach of Fiduciary Duty Under ERISA are Equitable in Nature............. 2

        2.  The Remedies Sought by the Plaintiffs are Comprised Entirely of Equitable Relief... 4

    B.  If the Court Determines Defendant Breached Her Fiduciary Duty Under ERISA as a
        Matter of Law, the Court's Decision Becomes the Law of the Case................................. 7

CONCLUSION................................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alberty-Vélez v. Corporación de P.R. Para la Difusión Pública,* 242 F.3d 418 (1st Cir. 2001)...... ........................................................................................................................................ 7, 8, 9

*Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166 (11th Cir. 1994) ................................ 7

*Charlton Mem'l Hosp. v. Foxboro Co.*, 818 F. Supp. 456 (D. Mass. 1993) .................................. 2

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990) ....................... 2

*CIGNA Corp. v. Amara*, 563 U.S. 421, 131 S. Ct. 1866 (2011)..................................... 2, 4, 5, 6, 8

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 954 (1989)...................... 3

*Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002) .................. 5

*Guzman v. Villoldo*, 245 F. Supp. 2d 388 (D.P.R. 2003)............................................................ 7, 9

*In re Cabletron Sys., Inc.*, 311 F.3d 11 (1st Cir. 2022).................................................................. 7

*In re Evangelist*, 760 F.2d 27 (1st Cir. 1985) ............................................................................... 3

*In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1 (1st Cir. 1999)................................... 5

*Leddy v. Standard Drywall, Inc.*, 875 F. 2d 383 (1st Cir. 2001) ............................................... 8, 9

*Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S. Ct. 2063 (1993) ............................................ 3, 5

*Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 136 S. Ct. 651 (2016) ............................................................................................................................. 5

*Negron-Almeda v. Santiago*, 579 F.3d 45 (1st Cir. 2009) ............................................................ 7

*Perez v. Silva*, 185 F. Supp. 3d 698 (D. Md. 2016) ...................................................................... 6

*Tracey v. Massachusetts Inst. of Tech.*, 395 F. Supp. 3d 150 (D. Mass. 2019)............. 2, 3, 4, 5, 6

*Tull v. United States*, 481 U.S. 412 (1987) .................................................................................... 2

*United States v. Rivera-Martinez*, 931 F.2d 148 (1st Cir. 1991) .................................................. 7

**Statutes**

29 U.S.C. § 1104.............................................................................................................................. 3
29 U.S.C. § 1132.......................................................................................................................... 1, 3

**Other Authorities**

Black's Law Dictionary 1441 (6th ed. 1990).................................................................................. 5

**Rules**

Fed. R. Civ. P. 38(a) ....................................................................................................................... 2
Fed. R. Civ. P. 56(d) ....................................................................................................................... 8

## SUPPLEMENTAL BRIEF IN SUPPORT OF
## <u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

The Plaintiffs, IUOE Local 4 Pension Fund ("Pension Fund"), IUOE Local 4 Annuity & Savings Fund ("Annuity Fund"), IUOE Local 4 Health and Welfare Fund ("Welfare Fund"), and the Hoisting and Portable Engineers Apprenticeship & Training Fund ("Training Fund") and collectively as (the "Funds")[1] respectfully provide this Supplemental Brief in support of Plaintiffs' Motion for Partial Summary Judgment in accordance with the directive issued by the Court during the Motion Hearing on January 24, 2023, and the Electronic Clerk's Notes issued that same day. (ECF No. 78).

As is provided herein, the Defendant is not entitled to a jury trial regarding the Plaintiffs' claims for breach of fiduciary duty under ERISA, and if the Court determines summary judgment in Plaintiffs' favor, then the Court's finding would not be relitigated in front of the jury and the jury would not be able to reach a different conclusion.  As a result, this Court should enter partial summary judgment in favor of the Funds.

## SUPPLEMENTAL ARGUMENT

**A.    The Defendant is Not Entitled to a Jury Trial Regarding the Plaintiffs' Claims for Breach of Fiduciary Duty Under ERISA.**

The Defendant is not entitled to a jury trial regarding the Plaintiffs' breach of fiduciary duty claims, which are brought pursuant to ERISA, 29 U.S.C. § 1132(a)(2).  The answer to the question of whether the Defendant is entitled to a jury trial is ultimately based on whether the relief sought in the Complaint is considered "equitable" or "legal" for purposes of the Seventh Amendment to the U.S. Constitution.  Indeed, the Supreme Court has long held that the right to a jury is not extended to equitable claims.  *See Chauffeurs, Teamsters & Helpers, Local No. 391 v.*

---

[1] The IUOE Local 4 Labor-Management Cooperation Trust and IUOE Local 4 Social Action Committee are also Plaintiffs in this action.

*Terry*, 494 U.S. 558 (1990).  As this Court has observed in this context, "[t]he Seventh Amendment to the United Stated Constitution guarantees a right to a jury trial in suits at common law[,]" and "[s]uits at common law refer to suits in which legal rights are ascertained, as opposed to suits in which equitable rights and remedies are at issue."  *Tracey v. Massachusetts Inst. of Tech.*, 395 F. Supp. 3d 150, 151 (D. Mass. 2019) (citing U.S. Const. amend. VII; Fed. R. Civ. P. 38(a); *Terry*, 494 U.S. at 564).

To determine whether a claim is legal or equitable in nature, "courts engage in a two-prong inquiry based on the nature of the issue and the remedy sought, wherein the latter carries more weight."  *Id*. (citing *Terry*, 494 U.S. at 565, 110 S. Ct. 1339).

### 1.    Claims for Breach of Fiduciary Duty Under ERISA are Equitable in Nature.

The Supreme Court has held that claims against alleged fiduciaries for breach of fiduciary duty under ERISA are based in equity.  *See CIGNA Corp. v. Amara*, 563 U.S. 421, 439-40, 131 S. Ct. 1866 (2011) (*quoting* 4 Austin Wakeman Scott et al., Scott and Ascher on Trusts § 24.1, at 1654 (5th ed. 2007)) (ERISA fiduciary duty claims draw directly from trust law and thus fall within "the bailiwick of the courts of equity").  In determining the "nature of the issue" under the first prong of the present analysis, the court "compare[s] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity."  *Terry*, 494 U.S. at 565 (quoting *Tull v. United States*, 481 U.S. 412, 416 (1987)).  Accordingly, this Court has examined the law of trusts as the most closely analogous common-law cause of action to a suit for breach of fiduciary duty under ERISA.  *See Charlton Mem'l Hosp. v. Foxboro Co.*, 818 F. Supp. 456, 459 (D. Mass. 1993) ("The above cited authority within this district uniformly bases the denial of a right to a jury trial under ERISA on the theory that an ERISA action is based on the law of trusts and the conduct of the trustee.").

This approach is supported by the Supreme Court's observations that "ERISA abounds with the language and terminology of trust law[,]" and that "ERISA's legislative history confirms that the Act's fiduciary responsibility provisions, 29 U.S.C. §§ 1101–1114, 'codif[y] and mak[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts.'" *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S. Ct. 948, 954 (1989) (*quoting* H.R.Rep. No. 93–533, p. 11 (1973), U.S.Code Cong. & Admin.News 1974, pp. 4639, 4649) (see also *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256, 113 S. Ct. 2063, 2068 (1993) ("It is true that, at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust. It is also true that money damages were available in those courts against the trustee[.]") (internal citations omitted)).   The First Circuit has agreed with the Supreme Court's observations. In considering the entitlement to a jury trial for a breach of fiduciary duty claims under a separate, non-ERISA statute, the First Circuit found as follows:

> Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'- carrying with them no right to trial by jury. *Restatement of Restitution*, introductory note at 9 (1937) ("[E]quity still retains jurisdiction of nearly all situations involving a breach of fiduciary duty.").

*In re Evangelist*, 760 F.2d 27, 29 (1st Cir. 1985).   In this same vein, in determining that suits brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), are based in equity when asserted against an alleged plan fiduciary, this Court observed in *Tracey* as follows:

> Defendants respond that courts typically construe an ERISA claim as primarily based on the law of trusts which is equitable in nature. This Court agrees with defendants that in a suit such as this one, in which a beneficiary brings a claim against a plan fiduciary, ERISA typically treats the fiduciary as a trustee and the plan as a trust.

*Id*. at 152. Here, the prong of the relevant inquiry concerning "the nature of the issue" cuts sharply towards the conclusion that the Plaintiffs' Complaint in this case is "equitable in nature."   The

Complaint seeks relief pursuant to ERISA §§ 409 and 502 (29 U.S.C. §§ 1104, 1132) which collectively authorize suits to recover losses to a plan resulting from alleged fiduciary breaches, the recovery of profits a fiduciary acquires through the illegal use of plan assets, and for equitable or remedial relief deemed appropriate.  Here, it is beyond dispute that the Trustees, on behalf of the participants and beneficiaries of the respective Plaintiff Funds, have brought "a claim against a plan fiduciary" for her breaches of fiduciary duty under ERISA.  (ECF No. 1, ¶¶ 23-25; *Tracey*, 395 F. Supp. 3d at 152) (see also *Amara*, 563 U.S. at 439 ("The case before us concerns a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust).  It is the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law.") (internal citations omitted)).

Accordingly, as was the case in *Tracey*, "the appropriate jurisdiction is a court of equity, not a court of law," because the Plaintiffs' claims here against the Defendant for breaches of her fiduciary duty under ERISA are purely equitable in nature.  *Id.*

### 2. The Remedies Sought by the Plaintiffs are Comprised Entirely of Equitable Relief.

It is clear that the remedies sought by the Plaintiffs are equitable in nature. The Plaintiffs seek to recover monetary damages for the Defendant's breach of her fiduciary duties, an order permitting the Pension and Annuity Funds to offset benefits payable to the Defendant, and such further relief as the Court deems appropriate.  (ECF No. 1, *ad damnum*).  Critically, however, "the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief[,]" as prior to the merger of English courts of law and equity, "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment."  *Amara*,

563 U.S. at 441.[2]  Indeed, prior to that merger, suits against trustees could *only* be brought in courts

of equity.  *Id*. at 440.  What is more, the Supreme Court has expressed the view that monetary

remedies in the context of claims for breach of fiduciary duty under ERISA constitute surcharge,

as opposed to damages:

> Equity courts possessed the power to provide relief in the form of monetary
> 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the
> trustee's unjust enrichment. Indeed, prior to the merger of law and equity this kind
> of monetary remedy against a trustee, sometimes called a 'surcharge,' was
> 'exclusively equitable.' The surcharge remedy extended to a breach of trust
> committed by a fiduciary encompassing any violation of a duty imposed upon that
> fiduciary.

*Id*. at 441-42 (citations and internal quotations omitted).  Indeed, the First Circuit has noted that

"surcharge" is "most fittingly defined as '[t]he imposition of personal liability on a fiduciary for

willful or negligent misconduct in the administration of his fiduciary duties.'"  *In re Mailman*

*Steam Carpet Cleaning Corp*., 196 F.3d 1, 7 (1st Cir. 1999) (*citing* Black's Law Dictionary 1441

(6th ed. 1990)).  The Supreme Court additionally stated in *Amara* that "[i]nsofar as an award of

make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in

*Mertens*, is analogous to a trustee makes a critical difference."  *Id*. at 442.  This is so because in

*Mertens v. Hewitt Assocs*., 508 U.S. 248, 113 S. Ct. 2063 (1993), the Supreme Court held that

monetary relief "may constitute a legal remedy even if the claim lies in equity," where a plaintiff

seeks "compensatory damages, not from a fiduciary under ERISA § 502(a)(2), but from a <u>non-</u>

<u>fiduciary</u> under ERISA § 502(a)(3)."  *Tracey*, 395 F. Supp. 3d at 153 (emphasis in original).[3]  In

---

[2] As noted *supra*, "ERISA typically treats the fiduciary as a trustee and the plan as a trust."  *Tracey*, 395 F. Supp. 3d at 152.

[3] This Court has distinguished *Mertens v. Hewitt Assocs*., 508 U.S. 248, 113 S. Ct. 2063 (1993), *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002), and *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 136 S. Ct. 651 (2016) which "generally hold that, in certain circumstances not present here, monetary relief may constitute a legal remedy even if the claim lies in equity," in this context by, *inter alia*, noting that "[n]one of those Supreme Court cases, however, addresses the ultimate question of whether an ERISA plaintiff has a right to a jury trial under the Seventh Amendment[,] [r]ather, those cases involve claims against a non-fiduciary pursuant to ERISA § 502(a)(3), not claims against a fiduciary under § 502(a)(2)" and involved actions

fact, this Court described the equitable nature of the remedy sought by the Plaintiffs herein as follows in *Tracey*:

> Moreover, it is worth noting that the Supreme Court did in fact address an ERISA claim against a fiduciary (albeit with respect to ERISA § 502(a)(3)), similar to plaintiffs' claims here, noting that
>
>> the fact that [ERISA] relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment.

*Tracey*, 395 F. Supp. 3d at 153–54 (quoting *Amara*, 563 U.S. at 441, 131 S. Ct. 1866) (alterations in original).  This Court accordingly concluded that "[t]hus, because plaintiffs' breach of fiduciary claim pursuant to § 502(a)(2) is a form of monetary relief against a fiduciary similar to that of a loss resulting from the trustee's breach of duty, as articulated in *Amara*, the Court agrees with the Magistrate Judge and defendants that *Amara* controls this action," and that the plaintiffs were not entitled to a jury trial for a cause of action under ERISA because courts have relied on *Amara* to conclude that fiduciary duty claims for monetary, make-whole relief under ERISA § 502(a)(2) do not implicate the Seventh Amendment's jury guarantee.  *Id*.  This is because, as articulated by the Supreme Court, losses that a court assess against a fiduciary for breach of fiduciary under ERISA constitute part of a surcharge, as opposed to damages.  *Amara*, 563 U.S. at 442, 131 S. Ct. 1866; *Perez v. Silva*, 185 F. Supp. 3d 698, 702-05 (D. Md. 2016).

---

in which "plaintiffs were effectively seeking restitution from the plan beneficiary based on a contractual obligation." *Tracey*, 395 F. Supp. 3d at 153.

**B.     If the Court Determines Defendant Breached Her Fiduciary Duty Under ERISA as a Matter of Law, the Court's Decision Becomes the Law of the Case.**

Should the Court find as a matter of law that Defendant breached her fiduciary duty, the Court's finding would become the law of the case and Defendant would not be permitted to later challenge that determination so long as the decision stands.

It is well-established "the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Guzman v. Villoldo*, 245 F. Supp. 2d 388, 392 (D.P.R. 2003) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (internal quotations omitted)). Law of the case serves important interests, including "stability in the decision-making process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." *Negron-Almeda v. Santiago*, 579 F.3d 45, 51 (1st Cir. 2009) (quoting *United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991)). Under the doctrine, federal courts generally refuse to reopen issues that have already been decided. *Guzman*, 245 F. Supp. 2d at 392 (citing *In re Cabletron Sys., Inc.*, 311 F.3d 11, 22 (1st Cir. 2022)). Moreover, although the law of the case doctrine "does not apply to every possible issue that a party may raise and is limited to those issues previously decided," it "encompasses all things decided by necessary implication as well as those decided explicitly." *Id.* (citing *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 169 (11th Cir. 1994) (internal citations omitted)).

In *Alberty-Vélez v. Corporación de P.R. Para la Difusión Pública*, the First Circuit determined that the trial court's order granting partial summary judgement was the law of the case and precluded the defendant from introducing contrary evidence at trial. 242 F.3d 418, 424-26 (1st Cir. 2001). In that matter, the plaintiff sued her employer for discrimination and the trial court entered partial summary judgment on the issue of the plaintiff's employment status, holding that

she was an employee rather than an independent contractor.  *Id.* at 419-20.  The trial court also incorporated its summary judgment ruling into its pretrial order as an uncontested fact: "This Honorable Court ruled that [the plaintiff] was an employee of [the defendant]."[4]  *Id.* at 421.  Then, on the third day of trial, the court denied the plaintiff's *motion in limine* to exclude evidence of industry standards supporting the defendant's argument that the plaintiff was an independent contractor, and overruled the plaintiff's repeated objections to the evidence.  *Id*. at 421-22.  Ultimately, after a five-day jury trial, the defendant moved for judgement as a matter of law contending that the plaintiff was an independent contractor, and the trial court granted the motion.  *Id.* at 422.

On appeal, the First Circuit vacated the trial court's order reasoning that "the court's earlier summary judgment ruling had a significance that the court did not fully appreciate."  *Id.* The First Circuit observed that facts specified in an entry of summary judgment "shall be deemed established, and the trial shall be conducted accordingly."  *Id.* (citing Fed. R. Civ. P. 56(d)).  Additionally, the First Circuit compared the partial summary judgment adjudication to a pretrial order under Federal Rules of Civil Procedure 16, as they both narrow the scope of trial.  *Id*.  The adjudication serves the purpose of expediting litigation by removing before trial matters where there are no genuine issues of fact.  *Id.*; *see also* Fed. R. Civ. P. 56(d), Advisory Committee's Notes.  Moreover, "[n]o proof need be offered as to matters stipulated to in the order, since the facts admitted . . . stand as fuller determined as if adjudicated at the trial."  *Id*. at 423 (internal citations omitted)).  The First Circuit ultimately concluded that "[o]nce the district judge issues a

---

[4] The First Circuit explains "[o]f course, if the pretrial order had neglected to incorporate the summary judgement ruling, that ruling would have remained the law of the case."  *Alberty-Vélez*, 242 F. 3d at 422 n.6 (citing *e.g.*, *Leddy v. Standard Drywall, Inc.*, 875 F. 2d 383, 386 (1st Cir. 2001) (noting that if a trial court reverses its previous determination on summary judgment, the court must inform the parties and allow them to offer evidence on the reopened issue).

partial summary judgment order removing certain claims from a case, *the parties have a right to rely on the ruling* by forbearing from introducing any evidence or cross-examining witnesses in regard to those claims." *Id.* at 424-25 (quoting *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (1st Cir. 2001) (emphasis added)).

Similarly, here, if the Court decides summary judgement in the Funds' favor determining that Defendant breached her fiduciary duty under ERISA, then "the decision should continue to govern the same issue[] in subsequent stages of th[is] . . . case." *Cf. Guzman*, 245 F. Supp. 2d at 392. An order granting partial summary judgment would narrow the scope of the trial insofar as it relates to the issue of Defendant's breach of fiduciary duty since it would conclusively establish that there is no genuine issue of facts relating to that issue. *See Alberty-Vélez*, 242 F. 3d at 422. Although the issue of Defendant's breach of fiduciary duty is not dispositive to her newly asserted counterclaims, the jury would be instructed that the Court's prior findings on summary judgment that she breached her fiduciary duty is binding and should be considered as evidence when determining if Plaintiffs' termination decision was pretextual. Furthermore, the Funds would have the right to rely on the partial summary judgment ruling to prevent Defendant from introducing any evidence disputing whether she breached her fiduciary duty. *See id.* at 424-25. Thus, Defendant would not be permitted to relitigate the issues in front of the jury,[5] nor would the jury be able to come to a different conclusion than the Court.

## CONCLUSION

For the reasons set forth above, the Funds are entitled to an award of summary judgment finding that Defendant acted as a fiduciary and breached her fiduciary duty owed to the Fund.

---

[5] The Funds and Mr. McLaughlin intend to move for summary judgment on all of Defendant's claims and there may be no issues remaining for a jury to decide.

Dated:  February 7, 2023                          Respectfully submitted,


                                                  /s/ Jennifer L. Markowski
                                                  Jennifer L. Markowski, BBO# 655927
                                                  Jennawe Hughes, BBO# 698667
                                                  Christopher J. Redd, BBO# 706557
                                                  **FREEMAN MATHIS & GARY, LLP**
                                                  60 State Street. Suite 600
                                                  Boston, MA 02109
                                                  Tel:  (617) 963-5975
                                                  *jmarkowski@fmglaw.com*
                                                  *jennawe.hughes@fmglaw.com*
                                                  *christopher.redd@fmglaw.com*


                                                  /s/ Charles W. Gilligan
                                                  Charles W. Gilligan, pro hac vice
                                                  Jennifer Simon, pro hac vice
                                                  Daniel Keenan, pro hac vice
                                                  **O'DONOGHUE & O'DONOGHUE**
                                                  5301 Wisconsin Avenue, NW, Suite 800
                                                  Washington, DC 20015
                                                  Tel:  (202) 362-0041
                                                  *cgilligan@odonoghuelaw.com*
                                                  *jsimon@odonoghuelaw.com*
                                                  *dkeenan@odonoghuelaw.com*

## **CERTIFICATE OF SERVICE**

I, Jennifer L. Markoski, hereby certify that on this 7th day of February 2023, I served a copy of the foregoing via first-class mail and email to:

Timothy P. Van Dyck
Jacob Tosti
Bowditch & Dewey, LLP
200 Crossing Boulevard, Suite 300
Framingham, MA 01702
Tel:  (617) 757-6536
*tvandyck@bowditch.com*
*jtosti@bowditch.com*

*/s/ Jennifer L. Markoski*
Jennifer L. Markowski

11