UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-10163-FDS |
| GINA ALONGI, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT GINA ALONGI'S**
**SUPPLEMENTAL MEMORANDUM PURSUANT TO COURT ORDER**

This action arises from defendant Gina Alongi's former employment with the plaintiffs (collectively, the "Funds"). The Funds have filed a complaint alleging one count of breach of fiduciary duty in violation of ERISA against Ms. Alongi, in connection with her former employment (the "ERISA Claim"). Ms. Alongi has filed counterclaims against the Funds and their Chairman, William D. McLaughlin, alleging a hostile work environment, sexual harassment, unlawful retaliation, and disability discrimination in violation of M.G.L. c. 151B, as well as a claim of interference with rights in violation of M.G.L. c. 151B based on the Funds' filing of the ERISA Claim (collectively, the "State Law Counterclaims"). On January 24, 2023, this Court asked the parties to submit supplemental memoranda to address how this action should be tried, as a procedural matter. Ms. Alongi submits this memorandum pursuant to the Court's January 24 request.

As set forth below, the ERISA Claim and State Law Counterclaims should be tried together, before the same jury.[1] Even assuming no jury right attaches to the ERISA Claim, this Court can—and should—permit the jury empaneled for the State Law Counterclaims to sit as an

---

[1] On September 9, 2021, Ms. Alongi timely filed a jury demand in this action, preserving her right to a trial by jury on all claims so triable.  See Docket No. 25.

-1-

advisory jury as to liability on the ERISA Claim to maximize efficiency, consistency, and convenience to the parties and the Court.[2]  As this Court has acknowledged, the ERISA Claim and State Law Counterclaims are inextricably intertwined, both factually and legally.  Indeed, the Funds' defense to the State Law Counterclaims (*i.e.*, that Ms. Alongi was terminated for breaches of fiduciary duty) is a virtual mirror image of the Funds' allegations made in support of the ERISA Claim.  Given the significant overlap in the witnesses, evidence, and issues involved in the ERISA Claim and State Law Counterclaims—and given that there will be no increased costs or effort incurred for either the parties or the Court (considering that Ms. Alongi is entitled to a jury on the State Law Counterclaims)—using an advisory jury to try the ERISA Claim with the State Law Counterclaims presents a much more efficient and effective alternative to holding a bifurcated bench and jury trial.[3]

This Court has also asked the parties to advise as to the effect (or lack thereof) on the State Law Counterclaims in the event of a finding of liability on the ERISA Claim.  If the Court denies the Funds' motion for partial summary judgment on the ERISA Claim in its entirety, the answer is simple:  the ERISA Claim is an equitable claim and the State Law Counterclaims are legal claims, and therefore the State Law Counterclaims must be decided before the ERISA Claim.  Accordingly, any verdict on the ERISA Claim would not affect the verdict on the State Law Counterclaims, because the State Law Counterclaims must be decided first.

---

[2] Pursuant to Fed. R. Civ. P. 39(c), this Court – either *sua sponte* or on motion of one of the parties –  may order the trial of any issue with an advisory jury, in an action not triable of right by a jury.  If this Court prefers to receive a formal motion requesting an advisory jury in lieu ordering an advisory jury on its own, Ms. Alongi is amenable to such an approach.

[3] At the January 24 hearing, this Court raised the possibility of bifurcating the trial in this matter by trying the issue of damages for both the ERISA Claim and the State Law Counterclaims, after liability for all claims had been decided.  Ms. Alongi agrees with this approach – which is permitted pursuant to Fed. R. Civ. P. 42(b) – as it would promote economy and efficiency by focusing the issues at the liability hearings and avoiding the need for multiple damages hearings.  In the event the trial is so bifurcated, Ms. Alongi would want damages to be determined by a jury.

Moreover, as discussed below, even if the Court grants the Funds' motion for partial summary judgment as to liability on the ERISA Claim, the Court's ruling should have no effect on the trial and jury instructions for the State Law Counterclaims.   As an initial matter, the Court's decision will not have any estoppel effect on the State Law Counterclaims because an order granting partial summary judgment is not a final judgment for purposes of issue preclusion. Further, an instruction to the jury that the Ms. Alongi breached her fiduciary duty as a matter of law would not only be unduly prejudicial to Ms. Alongi but also ultimately irrelevant, because the issue central to the State Law Counterclaims is not whether Ms. Alongi in fact breached her fiduciary duty, but whether the Funds were motivated to terminate her employment by her sexual harassment complaints.   Accordingly, in the unlikely event this Court grants summary judgment on liability for the ERISA Claim, there should be no instruction to the jury that they are to take into account that this Court has found that she has breached her fiduciary duty as a matter of law.

I.     **THE ERISA CLAIM AND STATE LAW COUNTERCLAIMS SHOULD BE TRIED TOGETHER BEFORE A JURY**

The ERISA Claim and State Law Counterclaims should be tried together before the same jury.  Ms. Alongi has timely filed a jury demand in this action, preserving her right to a trial by jury on all claims so triable.  *See* Docket No. 25.  At the January 24 summary judgment hearing, this Court questioned whether a right to a jury trial exists for the ERISA Claim.  However, the Funds have not moved to strike Ms. Alongi's jury demand, and Ms. Alongi reserves her right to oppose such motion in the event it is filed.   As this Court has noted, the First Circuit has not yet addressed the issue of whether a right to a jury trial attaches to breach of fiduciary duty claim (like the ERISA Claim) brought under 29 U.S.C. § 1104(a), *see Gammell* v. *Prudential Ins. Co. of Am.*, 502 F. Supp. 2d 167, 172 (D. Mass. 2007) (Saylor, J..), and there is not unanimous agreement among the courts in this circuit as to whether a right to a jury trial exists for ERISA

actions. *See, e.g., Padilla De Higginbotham* v. *Worth Publishers, Inc.*, 820 F. Supp. 48, 50 (D.P.R. 1993) (holding jury trial right attached to ERISA action for benefits, where the action was "not one where equitable relief is being sought. Rather, it is a case where plaintiffs seek an award for damages"); *but see Gammell*, 502 F. Supp. 2d at 172 ("Within this Circuit, a majority of District Courts have held that no jury trial right exists for benefits claims under ERISA.") (collecting authority).

Nevertheless, even assuming there is no jury right on the ERISA Claim, the ERISA Claim and State Law Counterclaims should be tried together before the same jury, with the jury acting as an advisory jury pursuant to Fed. R. Civ. P. 39 for the ERISA Claim.  This Court's decision to call an advisory jury is entirely discretionary, *see Ed Peters Jewelry Co.* v. *C & J Jewelry Co.,* 215 F.3d 182, 187 (1st Cir. 2000), and courts may empanel an advisory jury "in order to maximize efficiency and convenience." *See* 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2335.  Approving an advisory jury for the ERISA Claim will maximize efficiency and convenience in this case and presents a much better alternative to holding a bi-furcated bench and jury trial, for several reasons.

First, Ms. Alongi has a constitutional right to a jury trial on all of the State Law Counterclaims, *see MacCormack* v. *Bos. Edison Co.*, 423 Mass. 652, 655–56 (1996), and therefore there will be a jury empaneled in this action, regardless of the outcome of the jury issue on the ERISA Claim.  As such, there will be no increased costs to the parties, and no additional effort required of the Court above what would be required to conduct a bench trial on the ERISA Claim.  In fact, there would likely be increased cost,  time and effort for the parties and the Court if one part of the trial in this matter is bifurcated to the exclusive domain of the judge, given that

the parties will need to submit proposed findings of fact and law for the Court in addition to jury instructions for the State Law Counterclaims portion of the trial.

Second, as this Court has acknowledged in its decision on Ms. Alongi's Motion for Leave to File Amended Answer and Counterclaims, the Funds' breach of fiduciary claim and Ms. Alongi's counterclaims "are factually and legally intertwined and share a common nucleus of operative fact." *See* Docket No. 60, p 12.  Indeed, the Funds' defense to Ms. Alongi's State Law Counterclaims (*i.e.*, that she was terminated for breaches of fiduciary duty, and not for discriminatory or retaliatory reasons) is a mirror image of Funds' allegations in the ERISA Claim, and this Court has acknowledged as much: "The two cases present competing theories for defendant's termination and involve the same underlying set of facts, whether offered in support of an affirmative claim or a defense." *Id.*, at p. 8.  And as this Court noted, whether Ms. Alongi "can prevail on her retaliation claim. . . depends to a considerable extent on the strength of her harassment and discrimination claims, as well as the credibility of [the Funds'] competing theory for her termination, which is that she misused plan funds and failed to carry out her responsibilities as Administrator." *Id.*

Third, the ERISA Claim and State Law Counterclaims not only involve identical legal and factual issues, but also identical witnesses and virtually identical evidence.  Given the close interrelation between the ERISA Claim and State Law Counterclaims, an advisory jury for the ERISA Claim is entirely appropriate.  *See Momenta Pharmaceuticals, Inc.* v. *Amphastar Pharmaceuticals, Inc.*, 255 F. Supp. 3d 279 (D. Mass. 2017) (empaneling advisory jury due to significant overlap between equitable defenses and jury triable questions, and noting that "Courts have availed themselves of advisory jury verdicts on equitable defenses when such evidence overlaps with jury questions…"); *Starr Intern. Co., Inc.* v. *American Intern. Group, Inc.*, 623 F.

Supp. 2d 497, 502 (S.D. N.Y. 2009) (noting that pursuant to Fed. R. Civ. P. 39(c)(1), a court has discretion to empanel an advisory jury, particularly where there is substantial overlap between legal and equitable claims). Indeed, an advisory jury will not only be more efficient, but will also decrease the chance of inconsistent verdicts since it will enable the identical issues in the ERISA Claim and State Law Counterclaims to go to one factfinder.

Finally, there is recent precedent in this Court for approving the use of an advisory jury in an ERISA Case. In particular, in *Moitoso* v. *FMR LLC*, 410 F. Supp. 3d 320, 324 (D. Mass. 2019) (Young, J.), the Court granted the ERISA defendant's motion for advisory jury and offered that "[o]ur civil justice system regularly relies on citizen juries to decide intricate fact issues. Indeed, '[i]n the fact-finding line, anything a judge can do a jury can do better. The best sociological evidence confirms this truth.'" *Id.* at 322, *quoting Marchan* v. *John Miller Farms, Inc.*, 352 F. Supp. 3d 938, 947 (D.N.D. 2018).

In summary, there exist several compelling reasons why this Court should allow the use of an advisory jury as to the ERISA Claim.[4]

## II.   REGARDLESS OF WHETHER THE COURT GRANTS SUMMARY JUDGMENT ON THE ERISA CLAIM, ANY DECISION ON THE ERISA CLAIM SHOULD HAVE NO ESTOPPEL EFFECT ON THE STATE LAW COUNTERCLAIMS

As noted above, this Court has asked the parties to advise as to the effect on the State Law Counterclaims in the event of a finding of liability on the ERISA Claim. In the event the Court denies the Funds' motion for partial summary judgment in its entirety, any finding on the ERISA claim will not -- and cannot -- have any preclusive effect on the State Law Counterclaims, because "when a factual question [i.e., the reason for Ms. Alongi's termination] is common to both legal and equitable claims in the same action, the jury must make its factual

---

[4] As discussed in Note 2, *supra*, this Court is permitted to order the use of an advisory jury *sua sponte*. However, in the event this Court would prefer to entertain a motion for advisory jury, Ms. Alongi is amendable to filing one.

findings on the legal claim before the court can rule on the equitable claim." *Williams* v. *Boeing Co.*, 225 F.R.D. 626, 640 (W.D. Wash. 2005), *citing Dairy Queen, Inc.* v. *Wood*, 369 U.S. 469, 472-73 (1962).  ERISA claims are considered equitable claims under this principle, that must only be decided after the resolution of overlapping legal claims.  Indeed, in *Canis* v. *Coca-Cola Enterprises, Inc.*, 49 F. Supp. 2d 73, 80 (D.R.I. 1999),the court (in a case combining a discrimination claim with an ERISA claim) stated that "trial on any jury issues under the ADA would be held before this Court decided the ERISA issues," because "[g]enerally, jury issues are decided before a judge decides the equitable issues." *Id*, *citing Dairy Queen, Inc*., 369 U.S. at 472–73 (1962).

Further even if the Court grants the Funds' motion for partial summary judgment as to liability on the ERISA Claim, the Court's ruling should have no effect on the trial and jury instructions for the State Law Counterclaims.   As an initial matter, the Court's decision will not have any estoppel effect on the State Law Counterclaims because an order granting partial summary judgment is not a final judgment for the purposes of issue preclusion.  *See Ermini* v. *Scott*, 937 F.3d 1329, 1339 (11th Cir. 2019) (unlike a jury verdict, a partial summary judgment is not a "final decision" for the purposes of issue preclusion).

Moreover, an instruction to the jury that the Ms. Alongi breached her fiduciary duty as a matter of law would unduly prejudice Ms. Alongi, given that the ultimate issue to be decided with regard to the State Law Counterclaims is not whether she in fact breached her fiduciary duty, but (as to her claims for unlawful termination) whether the Funds were motivated to terminate her employment for discriminatory or retaliatory reasons, or (as to her claim that the ERISA Claim itself is retaliatory) that the ERISA Claim was filed for the purpose of interfering with Ms. Alongi's rights under Chapter 151B.  *See Sahli* v. *Bull HN Info. Sys., Inc.*, 437 Mass.

696, 704–05 (2002) ("When an employer files a complaint seeking a declaration of its rights, duties, and obligations under a contract that it entered into with an employee, and the lawsuit has a legitimate basis in law and fact, the employer does not violate the provisions of either § 4(4) or § 4(4A), *absent evidence that the employer's purpose is other than to stop conduct it reasonably believes violates the terms of the contract*.) (emphasis added).[5]  Accordingly, in the event this Court grants summary judgment on liability for the ERISA Claim, there should be no instruction to the jury that they are to take into account that this Court has found that Ms. Alongi has breached her fiduciary duty as a matter of law, and Ms. Alongi reserves all rights to object to any such proposed instruction.

Respectfully Submitted,

GINA ALONGI,
By her attorneys,

/s/ Timothy P. Van Dyck
/s/ Jacob A. Tosti
Timothy P. Van Dyck (BBO # 548347)
Douglas T. Radigan (BBO # 657938)
Jacob A. Tosti (BBO # 704007)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
dradigan@bowditch.com
jtosti@bowditch.com

Date:  February 7, 2023

---

[5] Nevertheless, in the unlikely event this Court does enter summary judgment on liability in favor of the Funds on the ERISA Claim, Ms. Alongi may petition for an interlocutory appeal and reserves her right to do so.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/ Jacob A. Tosti</u>