UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND, BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST, AND IUOE LOCAL 4 SOCIAL ACTION COMMITTEE. <br>     Plaintiffs, <br><br> IUOE LOCAL 4 PENSION FUND, IUOE LOCAL 4 ANNUITY & SAVINGS FUND, IUOE LOCAL 4 HEALTH AND WELFARE FUND, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST, WILLIAM D. MCLAUGHLIN, individually and in his capacity as Chairman of the Boards of Trustees, <br>     Defendants-in-Counterclaim, <br> v. <br> GINA ALONGI, <br>     Defendant/Plaintiff-in-Counterclaim | Civil Action No. 1:21-cv-10163-FDS |

**DEFENDANTS-IN-COUNTERCLAIM'S ANSWER TO DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM'S COUNTERCLAIMS AND JURY DEMAND**

Defendants-in-Counterclaim IUOE Local 4 Health and Pension Fund, IUOE Local 4 Annuity and Savings Fund, IUOE Local 4 Health and Welfare Fund, Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund, IUOE Local 4 Labor-Management Co-

1

Operation Trust, and William D. McLaughlin ("Mr. McLaughlin") (collectively, "Defendants-in-Counterclaim") by and through their undersigned counsel, hereby respond to the allegations set forth in the Defendant/Plaintiff-in-Counterclaim Ginamarie Alongi's ("Defendant/Plaintiff-in-Counterclaim") Counterclaims as follows:

## INTRODUCTION

Defendants-in-Counterclaim deny the allegations contained in the unnumbered introductory paragraphs.

## PARTIES AND VENUE

1.  Defendants-in-Counterclaim lack information or knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Counterclaims.

2.  Whether the IUOE Local 4 Health and Welfare Fund (hereinafter the "Health and Welfare Fund") is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3) is a question of law to which no response is required. Defendants-in-Counterclaim admit the Health and Welfare Fund provides medical, surgical, prescription drug, and other related benefits through a program overseen by the Trustees and that the Funds' office employees work out of an office leased by the Funds from Local 4 of the International Union of Operating Engineers ("Local 4" or "the Union") at 16 Trotter Drive, Medway, MA 02053. To the extent a response is deemed required the allegations are denied.

3.  Whether the IUOE Local 4 Pension Fund (hereinafter the "Pension Fund") is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A) is a question of law to which no response is required. Defendants-in-Counterclaim admit the Pension Fund provides pension benefits through a defined benefit program overseen by the Trustees and that the Funds' office employees work out of an office leased by the Funds from

Local 4 at 16 Trotter Drive, Medway, MA 02053.  To the extent a response is deemed required the allegations are denied.

4.      Whether the IUOE Local 4 Annuity & Savings Fund (hereinafter the "Annuity Fund") is a "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A) is a question of law to which no response is required.  Defendants-in-Counterclaim admit the Annuity Fund provides pension benefits through a defined contribution program overseen by the Trustees and that the Funds' office employees work out of an office leased by the Funds from Local 4 at 16 Trotter Drive, Medway, MA 02053. To the extent a response is deemed required the allegations are denied.

5.      Whether the Hoisting and Portable Engineers Apprenticeship & Training Fund (hereinafter the "Training Fund") is a "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1) is a question of law to which no response is required. Defendants-in-Counterclaim admit the Training Fund provides a training program for apprentices and journeymen operating engineers in which the skills necessary to learn and master the craft are taught and that the Training Fund's office employees work out of an office at One Engineers Way, Canton, MA 02021.  To the extent a response is deemed required the allegations are denied.

6.      Whether the Local 4 Labor Management Cooperation Trust Fund ("LMCT") is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9), is a question of law to which no response is required. Defendants-in-Counterclaim admit that the LMCT's office employees provide services for the LMCT out of an office at 16 Trotter Drive, Medway, MA 02053.  To the extent a response is deemed required the allegations are denied.

7. Defendants-in-Counterclaim admit that the Pension Fund, Annuity Fund, Health and Welfare Fund, Training Fund, the LMCT are hereinafter jointly or severally referred to as "the Funds" or "Local 4 Fringe Benefit Funds." To the extent a response is deemed required the allegations are denied.

8. Defendants-in-Counterclaim admit only that Mr. McLaughlin is the Business Manager of the Local 4. Defendants-in-Counterclaim also admit that Mr. McLaughlin was elected as the new Business Manager by the Union's executive board when the former Local 4 Business Manager Lou Rasetta retired in July 2017 and that Mr. McLaughlin was re-elected to a full three-year term directly by the membership at large in August 2018. As Business Manager, Mr. McLaughlin automatically serves on each of the Funds' Boards of Trustees as Chairman. Defendants-in-Counterclaim admit that the Board of Trustees, as whole, had supervisory authority over Defendant/Plaintiff-in-Counterclaim. Defendants-in-Counterclaim admit that Mr. McLaughlin currently resides in Norton, Massachusetts. To the extent a response is deemed required the allegations are denied.

9. Defendants-in-Counterclaim admit only Defendant/Plaintiff-in-Counterclaim previously filed a complaint of discrimination with the Massachusetts Commission Against Discrimination against International Union of Operating Engineers Local 4 and William D. McLaughlin on or around September 3, 2020. Whether Defendant/Plaintiff-in-Counterclaim fulfilled her administrative perquisites before removing to this Court as lawful and proper is a question of law to which no response is required.

## FACTUAL BACKGROUND

### Gina Employment

10. Defendants-in-Counterclaim lack information or knowledge sufficient to admit or deny the allegations in Paragraph 10 of the Counterclaims.

11. Defendants-in-Counterclaim deny the allegations contained in Paragraph 11 of the Counterclaims.

12. Defendants-in-Counterclaim only admit that Defendant/Plaintiff-in-Counterclaim served as the Administrator for the Funds from 1996 until July 21, 2020, when she was terminated by the Trustees. Defendants-in-Counterclaim also admit that as the Administrator, Defendant/Plaintiff-in-Counterclaim was entrusted with overseeing the day-to-day operations of the Funds in accordance with plan documents and policies adopted by the Trustees, the named fiduciaries of the respective Funds. The remaining allegations are denied.

13. Defendants-in-Counterclaim admit only that Defendant/Plaintiff-in-Counterclaim reported to the Board of Trustees. Further stating, that the Board of Trustees, as whole, had supervisory authority over Defendant/Plaintiff-in-Counterclaim.

14. Defendants-in-Counterclaim lack information or knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Counterclaims.

15. Defendants-in-Counterclaim admit only that Defendant/Plaintiff-in-Counterclaim worked as the Executive Director of the Massachusetts Coalition of Taft-Hartley Funds (the "Coalition"). Defendants-in-Counterclaim lack information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 15 of the Counterclaims.

16. Defendants-in-Counterclaim admit only that they were aware that Defendant/Plaintiff-in-Counterclaim held the Executive Director position for the Coalition. Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 16 of the Counterclaims.

17. Defendants-in-Counterclaim lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 17 of the Counterclaims.

18. Defendants-in-Counterclaim admit only that Defendant/Plaintiff-in-Counterclaim was selected as a recipient of the Cushing-Gavin Boyle Award. Defendants-in-Counterclaim lack information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 18 of the Counterclaims.

Rosemarie's Employment History

19. Defendants-in-Counterclaim admit only that Rosemarie Alongi ("Rosemarie") was employed by the Funds from 2003 to 2020 in various information technology roles and that Rosemarie is the twin sister of Defendant/Plaintiff-in-Counterclaim.

20. Defendants-in-Counterclaim admit that Rosemarie received some performance reviews which speak for themselves. To the extent the allegations misstate the contents of the evaluations, they are denied.

21. Defendants-in-Counterclaim admit only that Rosemarie worked alongside Alan Koufos and that she assumed the responsibilities as the Acting IT Director in August 2019 without any increase in compensation. The remaining allegations are denied.

22. Defendants-in-Counterclaim admit only that Mr. McLaughlin was elected as the new Business Manager by the Union's executive board when the former Local 4 Business Manager Lou Rasetta retired in July 2017. Defendants-in-Counterclaim also admit that as Business Manager, Mr. McLaughlin automatically serves on each of the Funds' Boards of Trustees as Chairman. The remaining allegations are denied.

23. Defendants-in-Counterclaim deny the allegations contained in Paragraph 23 of the Counterclaims.

24. Defendants-in-Counterclaim deny the allegations contained in Paragraph 24 of the Counterclaims.

25. Defendants-in-Counterclaim deny the allegations contained in Paragraph 25 of the Counterclaims.

26. Defendants-in-Counterclaim deny the allegations contained in Paragraph 26 of the Counterclaims.

27. Defendants-in-Counterclaim deny the allegations contained in Paragraph 27 of the Counterclaims.

28. Defendants-in-Counterclaim deny the allegations contained in Paragraph 28 of the Counterclaims.

29. Defendants-in-Counterclaim deny the allegations contained in Paragraph 29 of the Counterclaims.

30. Defendants-in-Counterclaim deny the allegations contained in Paragraph 30 of the Counterclaims.

31. The allegations contained in Paragraph 31 reference a letter and the content of that letter speaks for itself.

## The May 1st Incident

32. Defendants-in-Counterclaim admit only Defendant/Plaintiff-in-Counterclaim that called a meeting with Mr. McLaughlin on May 1, 2018 to discuss with him what she perceived as slights to her authority on Union matters. The remaining allegations are denied.

33. Defendants-in-Counterclaim deny the allegations contained in Paragraph 33 of the Counterclaims.

34. Defendants-in-Counterclaim deny the allegations contained in Paragraph 34 of the Counterclaims.

35. Defendants-in-Counterclaim lack information or knowledge sufficient to admit or deny the allegations in Paragraph 35 of the Counterclaims.

36. Defendants-in-Counterclaim admit only that a meeting occurred between Attorney Shea and Defendant/Plaintiff-in-Counterclaim. Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 36 of the Counterclaims.

37. Defendants-in-Counterclaim deny the allegations contained in Paragraph 37 of the Counterclaims. Stating further, that the allegations contained in Paragraph 37 reference an email and the content of that email speaks for itself.

38. The allegations contained in Paragraph 38 reference an email and the content of that email speaks for itself.

39. Defendants-in-Counterclaim deny the allegations contained in Paragraph 39 of the Counterclaims. Stating further, that the allegations contained in Paragraph 39 reference an email and the content of that email speaks for itself.

40. The allegations contained in Paragraph 40 reference an email and the content of that email speaks for itself.

41. Defendants-in-Counterclaim admit only that a meeting occurred between Attorney Shea, Mr. McLaughlin, Mr. Geiman and Defendant/Plaintiff-in-Counterclaim. Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 41 of the Counterclaims.

42. Defendants-in-Counterclaim lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42 of the Counterclaims.

<u>Mr. McLaughlin Continues to Harass and Retaliate Against Gina</u>

43. Defendants-in-Counterclaim deny the allegations contained in Paragraph 43 of the Counterclaims.

44. Defendants-in-Counterclaim deny the allegations contained in Paragraph 44 of the Counterclaims.

45. Defendants-in-Counterclaim deny the allegations contained in Paragraph 45 of the Counterclaims.

46. Defendants-in-Counterclaim deny the allegations contained in Paragraph 46 of the Counterclaims.

47. Defendants-in-Counterclaim admit only that Mr. McLaughlin reminded Defendant/Plaintiff-in-Counterclaim of her obligation to report to work on time.

48. Defendants-in-Counterclaim lack sufficient information of knowledge as to whether or when Defendant/Plaintiff-in-Counterclaim took her first insulin shot and Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 48 of the Counterclaims.

49. Defendants-in-Counterclaim deny the allegations contained in Paragraph 49 of the Counterclaims.

50. Defendants-in-Counterclaim deny the allegations contained in Paragraph 50 of the Counterclaims.

51. Defendants-in-Counterclaim deny the allegations contained in Paragraph 51 of the Counterclaims.

52. Defendants-in-Counterclaim deny the allegations contained in Paragraph 52 of the Counterclaims.

53. Defendants-in-Counterclaim admit only that all employees worked from home in March 2020 until May 26, 2020 due to the COVID-19 pandemic, at which point the office

reopened to all but those employees with underlying health conditions or who were sixty-five and older. The remaining allegations are denied.

54. Defendants-in-Counterclaim deny the allegations contained in Paragraph 54 of the Counterclaims.

55. Defendants-in-Counterclaim admit only that staff members who continued to work from home during the pandemic, including Defendant/Plaintiff-in-Counterclaim, were required to complete timesheets in order to ensure accountability starting in June 2020. The remaining allegations are denied.

56. Defendants-in-Counterclaim admit only that Defendant/Plaintiff-in-Counterclaim repeatedly asked Mr. Geiman if Mr. McLaughlin inquired about other employees' timesheets. The remaining allegations are denied.

The Virtually Simultaneous and Retaliatory Terminations of Gina and Rosemarie Alongi

57. Defendants-in-Counterclaim deny the allegations contained in Paragraph 57 of the Counterclaims. Stating further, that the allegations contained in Paragraph 57 reference a termination letter and the content of that termination letter speaks for itself.

58. The allegations contained in Paragraph 58 reference a termination letter and the content of that termination letter speaks for itself.

59. Defendants-in-Counterclaim admit the allegations in Paragraph 59 of the Counterclaims.

60. Defendants-in-Counterclaim admit only that the Rosemarie was terminated on August 5, 2020. The remaining allegations are denied.

61. The allegations contained in Paragraph 61 reference a termination letter and the content of that termination letter speaks for itself.

62. The allegations contained in Paragraph 62 reference a termination letter and the content of that termination letter speaks for itself.

63. Defendants-in-Counterclaim deny the allegations contained in Paragraph 63 of the Counterclaims.

<u>The Funds Continue to Intimidate and Retaliate Against Gina</u>

64. Defendants-in-Counterclaim admit only that Defendant/Plaintiff-in-Counterclaim and Rosemarie filed a Charge with the MCAD on or about September 3, 2020. The remaining allegations are denied.

65. Defendants-in-Counterclaim admit only the Attorney Joyce Mader was hired by the Funds to evaluate the severity of Defendant/Plaintiff-in-Counterclaim's failures and breaches of her fiduciary duties. Defendants-in-Counterclaim deny the remaining allegations contained in Paragraph 65 of the Counterclaims.

66. Defendants-in-Counterclaim deny the allegations contained in Paragraph 66 of the Counterclaims.

67. Defendants-in-Counterclaim deny the allegations contained in Paragraph 67 of the Counterclaims.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Hostile Work Environment; M.G.L. c. 151B)**

68. Defendants-in-Counterclaim repeat the responses contained in Paragraphs 1 through 67 as if specifically set forth herein.

69. Defendants-in-Counterclaim deny the allegations contained in Paragraph 69 of the Counterclaims.

70. Defendants-in-Counterclaim deny the allegations contained in Paragraph 70 of the Counterclaims.

71. Defendants-in-Counterclaim deny the allegations contained in Paragraph 71 of the Counterclaims.

72. Defendants-in-Counterclaim deny the allegations contained in Paragraph 72 of the Counterclaims.

73. Defendants-in-Counterclaim deny the allegations contained in Paragraph 73 of the Counterclaims.

74. Defendants-in-Counterclaim deny the allegations contained in Paragraph 74 of the Counterclaims.

**COUNT II**
**(Quid Pro Quo Sexual Harassment; M.G.L. c. 151B)**

75. Defendants-in-Counterclaim repeat the responses contained in Paragraphs 1 through 74 as if specifically set forth herein.

76. Defendants-in-Counterclaim deny the allegations contained in Paragraph 76 of the Counterclaims.

77. Defendants-in-Counterclaim deny the allegations contained in Paragraph 77 of the Counterclaims.

78. Defendants-in-Counterclaim deny the allegations contained in Paragraph 78 of the Counterclaims.

79. Defendants-in-Counterclaim deny the allegations contained in Paragraph 79 of the Counterclaims.

80. Defendants-in-Counterclaim deny the allegations contained in Paragraph 80 of the Counterclaims.

## COUNT III
### (Retaliation; M.G.L. c. 151B, § 4(4))

81. Defendants-in-Counterclaim repeat the responses contained in Paragraphs 1 through 80 as if specifically set forth herein.

82. Defendants-in-Counterclaim deny the allegations contained in Paragraph 82 of the Counterclaims.

83. Defendants-in-Counterclaim deny the allegations contained in Paragraph 83 of the Counterclaims.

84. Defendants-in-Counterclaim deny the allegations contained in Paragraph 84 of the Counterclaims.

## COUNT IV
### (Failure to Accommodate)

85. Defendants-in-Counterclaim repeat the responses contained in Paragraphs 1 through 84 as if specifically set forth herein.

86. Defendants-in-Counterclaim deny the allegations contained in Paragraph 86 of the Counterclaims.

87. Defendants-in-Counterclaim deny the allegations contained in Paragraph 87 of the Counterclaims.

88. Defendants-in-Counterclaim deny the allegations contained in Paragraph 88 of the Counterclaims.

89. Defendants-in-Counterclaim deny the allegations contained in Paragraph 89 of the Counterclaims.

90. Defendants-in-Counterclaim deny the allegations contained in Paragraph 90 of the Counterclaims.

91. Defendants-in-Counterclaim deny the allegations contained in Paragraph 91 of the Counterclaims.

## COUNT V
### (Interference with Rights; M.G.L. c. 151B, § 4(4A))

92. Defendants-in-Counterclaim repeat the responses contained in Paragraphs 1 through 91 as if specifically set forth herein.

93. Defendants-in-Counterclaim deny the allegations contained in Paragraph 93 of the Counterclaims.

94. Defendants-in-Counterclaim deny the allegations contained in Paragraph 94 of the Counterclaims.

95. Defendants-in-Counterclaim admit the allegations contained in Paragraph 95 of the Counterclaims.

96. Defendants-in-Counterclaim admit the allegations contained in Paragraph 96 of the Counterclaims.

97. Defendants-in-Counterclaim deny the allegations contained in Paragraph 97 of the Counterclaims.

98. Defendants-in-Counterclaim deny the allegations contained in Paragraph 98 of the Counterclaims.

WHEREFORE, Defendants-in-Counterclaim respectfully request this Court dismiss all counts against them, enter judgment in their favor, award them their attorney's fees and costs incurred defending this matter and any other award this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant/Plaintiff-in-Counterclaim's Counterclaims fails to state a claim for which relief may be granted pursuant to Mass. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Defendants-in-Counterclaim state that their actions at all times were legitimate, non-discriminatory, and non-pretextual.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants-in-Counterclaim acted reasonably and in good faith and did not violate any rights which may be secured to Defendant/Plaintiff-in-Counterclaim under federal, state, or local laws, rules, regulations, or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim was not a qualified handicapped person.

## FIFTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim did not request any reasonable accommodation.

## SIXTH AFFIRMATIVE DEFENSE

Defendants-in-Counterclaim did not retaliate against Defendant/Plaintiff-in-Counterclaim.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim cannot establish a prima facie case of interference with rights under M.G.L. c. 151B, §4(4A).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Defendant/Plaintiff-in-Counterclaim's employment and create a hostile work environment.

## NINTH AFFIRMATIVE DEFENSE

If Defendant/Plaintiff-in-Counterclaim was damaged as alleged in the Counterclaims, which is denied, it was not as a result of the acts or omissions of the Defendants-in-Counterclaim or anyone for whom Defendants-in-Counterclaim are legally liable or responsible.

## TENTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim's claims against the Defendants-in-Counterclaim, are barred, in whole or in part, because Defendants-in-Counterclaim acted with the proper degree of attention, reasonable care, and in accordance with any and all applicable contractual and/or legal obligations. To the extent Defendants-in-Counterclaim had any obligations to the Defendant/Plaintiff-in-Counterclaim, such obligations have been fully, completely and properly performed in every respect.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim's claims against the Defendants-in-Counterclaim are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim's claims against Defendants-in-Counterclaim are barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim's claims against Defendants-in-Counterclaim are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim's claims against Defendants-in-Counterclaim are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant/Plaintiff-in-Counterclaim's claims against Defendants-in-Counterclaim are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendant/Plaintiff-in-Counterclaim's has suffered any injury, harm, or damages because of the Defendants-in-Counterclaim's actions, which Defendants-in-Counterclaim deny, she failed to mitigate her damages.

## RESERVATION OF RIGHTS

Defendants-in-Counterclaim reserve the right to assert additional and/or further affirmative defenses insofar as the grounds for such affirmative defenses become known to the Defendants-in-Counterclaim through the course of discovery in this matter.

## JURY TRIAL DEMANDED

Defendants-in-Counterclaim demand a trial by jury on all issues so triable.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

Defendants-in-Counterclaim,

IUOE LOCAL 4 HEALTH AND WELFARE FUND, IUOE LOCAL 4 PENSION FUND, IUOE LOCAL 4 ANNUITY AND SAVINGS, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP AND TRAINING FUND, JOINT LABOR-MANAGEMENT COOPERATION TRUST, and WILLIAM D. MCLAUGHLIN

By their attorneys,

*/s/ Jennifer L. Markowski*
Jennifer L. Markowski, BBO# 655927
Jennawe Hughes, BBO# 698667
Christopher J. Redd, BBO# 706557
**FREEMAN MATHIS & GARY, LLP**
60 State Street. Suite 600
Boston, MA 02109
Tel:  (617) 963-5975
*jmarkowski@fmglaw.com*
*jennawe.hughes@fmglaw.com*
*christopher.redd@fmglaw.com*

*/s/ Charles W. Gilligan*
Charles W. Gilligan, pro hac vice
Jennifer Simon, pro hac vice
Daniel Keenan, pro hac vice
**O'DONOGHUE & O'DONOGHUE**
5301 Wisconsin Avenue, NW, Suite 800
Washington, DC 20015
Tel:  (202) 362-0041
*cgilligan@odonoghuelaw.com*
*jsimon@odonoghuelaw.com*
*dkeenan@odonoghuelaw.com*

Dated: April 12, 2023

**CERTIFICATE OF SERVICE**

      I, Jennawe M. Hughes, hereby certify that I have, on this 12th day of April 2023, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).

      /s/ *Jennawe M. Hughes*
      Jennawe M. Hughes