UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>    Defendant. | Civil Action No. 1:21-cv-10163-FDS |

**DEFENDANT GINA ALONGI'S OPPOSITION TO
DEFENDANTS-IN-COUNTERCLAIM'S MOTION FOR LEAVE TO FILE A MOTION
FOR SUMMARY JUDGMENT ON GINAMARIE ALONGI'S COUNTERCLAIM**

Defendants-in-counterclaim IUOE Local 4 Health and Pension Fund, IUOE Local 4 Annuity and Savings Fund, IUOE Local 4 Health and Welfare Fund, Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund, IUOE Local 4 Labor-Management Co-Operation Trust, and William D. McLaughlin (collectively, the "Counterclaim Defendants") ask this Court to further delay plaintiff-in-counterclaim Gina Alongi's day in court, and significantly increase her litigation expenses, seeking permission to file a motion for summary judgment on Ms. Alongi's counterclaims. The Court should deny this request.

As John Adams once said, "Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passions, they cannot alter the state of facts." Here, the facts--which are immutable--are that the Counterclaim Defendants <u>did not lift a finger for nearly a year</u> to obtain a briefing schedule for summary judgment on Ms. Alongi's counterclaims, which stands in marked contrast to the howls of purported "prejudice" incanted throughout their Motion. Discovery in this matter concluded on September 12, 2022. Ms. Alongi's counterclaims have been part of this litigation since December 7, 2022. But it was not until a status conference on October 3, 2023 and the instant motion, filed on October 17, that the Counterclaim

Defendants first beseeched this Court for an opportunity to file a motion for summary judgment on Ms. Alongi's counterclaims. Of course, their instant motion devotes not a single word to explain why they have sat on their hands for nearly a year. Instead, the Counterclaim Defendants incongruously seek to place the blame for their own sloth on Ms. Alongi. The Court should reject this effort and schedule this matter for trial. In further support of this Opposition, Ms. Alongi states as follows.

### Relevant Procedural Background

This Court granted Ms. Alongi's motion to amend her answer to add counterclaims on December 7, 2022. *See* Docket No. 60. As even the Counterclaim Defendants concede, "Ms. Alongi's counterclaim is essentially identical to the claims she filed in Norfolk Superior Court," and on which discovery had been complete since September 12, 2022. Motion at pp. 2-3, n. 1. Originally, in the Norfolk Superior Court action, motions for summary judgment were to be served by October 4, 2002. *See Alongi, et al.* v. *IUOE Local 4 Health and Welfare Fund, et al.*, Norfolk Superior Court, Civil Action No. 2812cv00125 (the "Norfolk Superior Court Action"), at Docket Entry No. 9. One day before that deadline, the defendants in the Norfolk Superior Court Action filed an "emergency" motion to stay their summary judgment service deadline in that case, pending the ruling on Ms. Alongi's motion to amend her answer in this litigation, which she had filed on September 23. *See* Norfolk Superior Court Action, at Docket No. 10. Surely, a motion for summary judgment on Ms. Alongi's claims in the Norfolk Superior Court Action had been (or should have been) virtually completed by that time.

As of the time the Court allowed Ms. Alongi's motion to amend in this action, the Funds' motion for partial summary judgment on its claims against Ms. Alongi had been pending for a month, but Ms. Alongi had not yet filed her opposition. *See* Docket No. 53 (November 7, 2022

motion for partial summary judgment), Docket No. 62 (December 12, 2022 opposition to motion for partial summary judgment). Between December 7 and December 12, the Counterclaim Defendants made no effort to expand the scope of the then-pending summary judgment motion to address Ms. Alongi's counterclaims.  Indeed, the Court even cancelled a scheduled January 10 hearing date on the motion for partial summary judgment to afford the parties an opportunity to confer on the timetable for the matter going forward. *See* Docket No. 72. Between December 12, 2022 and January 10, 2023, the Counterclaim Defendants made no effort whatsoever to expand the scope of the then-pending summary judgment motion to address Ms. Alongi's counterclaims.

On January 24, 2023, the Court heard oral argument on the motion for partial summary judgment. *See* Docket No. 77. Between January 10 and January 24, the Counterclaim Defendants again made no effort to expand the scope of the then-pending summary judgment motion to address Ms. Alongi's counterclaims. The Court issued its ruling on the motion for partial summary judgment on September 14, 2023.  For nearly eight  months, between January 24 and September 14, the Counterclaim Defendants, yet again, made no effort to expand the scope of the then-pending summary judgment motion to address Ms. Alongi's counterclaims.

To be sure, counsel for Ms. Alongi emailed the Court's clerk in early May to request a scheduling conference to set a briefing schedule for any dispositive motions on Ms. Alongi's counterclaims. *See* Motion, at Ex. A. The Counterclaim Defendants, however, did not even so much as reply to this email (either to the court or to Ms. Alongi's counsel) to indicate their desire to set a briefing schedule. In late-May and late-June, counsel for Ms. Alongi sent two additional emails to the Court's clerk, seeking to follow up on the request for a scheduling conference. *See id.* Again, the Counterclaim Defendants did not even so much as reply to these emails (to anyone) to indicate their desire to set a motion briefing schedule. The Counterclaim Defendants'

silence, particularly in the face of Ms. Alongi's efforts to move this case along, speaks volumes: they do not view summary judgment motion practice as an indispensable tool for narrowing any issues for trial; they simply view it as yet another delay tactic and opportunity to increase Ms. Alongi's already significant litigation expenses. Otherwise, they surely would have sought a summary judgment briefing schedule well prior to October 2023 so as to avoid the "additional prejudice" that they now disingenuously claim "will increase exponentially" (Motion, p. 10) if their present Motion is denied,

## Argument

The Counterclaim Defendants are now seeking to delay this matter further, and to multiply Ms. Alongi's litigation costs, with an additional (and surely equally as ill-fated) motion for summary judgment. The Counterclaim Defendants have known that Ms. Alongi's counterclaims would be part of this action since December 7, 2022, and they <u>did not lift a finger before October 2023</u> to seek a briefing schedule for such a motion, let alone file their motion for summary judgment (which must have been nearly completed as early as September 2023). On multiple occasions before this Court decided the motion for partial summary judgment, the Counterclaim Defendants had the opportunity to request that this Court expand the scope of the summary judgment motion to include Ms. Alongi's counterclaims. They made no such request. Even after the Court denied the motion for partial summary judgment, the Counterclaim Defendants continued to sit on their hands, showing no inclination or desire to seek summary judgment on Ms. Alongi's counterclaims.

And the Counterclaim Defendants likely have chosen not to push for a summary judgment briefing schedule for Ms. Alongi's counterclaims for very good reason: in June 2023, the Norfolk Superior Court denied the defendants' motion for summary judgment on Rosemarie

Alongi's (similar) claims. *See* Norfolk Superior Court, Order on Defendants' Motion for Summary Judgment, attached as Exhibit A.  Ms. Alongi suspects that the Counterclaim Defendants will recycle many, if not all, of the failed arguments from the Norfolk Superior Court Action in this action, skirting--if not entirely crossing--the bounds of Rule 11 and revealing their true purpose of simply multiplying the litigation costs in this matter and making it as expensive as possible for Ms. Alongi (as yet another way for the Counterclaims Defendants to exact revenge upon Ms. Alongi for having the temerity to speak out against Mr. McLaughlin's boorish behavior). Given that they have delayed so long in seeking a summary judgment briefing schedule, despite having had multiple opportunities to raise the issue sooner, this Court should not permit the Counterclaim Defendants to do so now to further delay the final resolution of this matter. *See Poulin* v. *Greer*, 18 F.3d 979, 986 (1st Cir. 1994) ("[d]istrict courts have broad discretionary powers to manage cases").

This case is ready for trial. It has been pending--and thus hanging over Ms. Alongi's head--since January 2021. This Court should set a firm trial date for this matter for the Spring of 2024.

**Conclusion**

For the reasons set forth above, this Court should deny the Counterclaim Defendants' Motion in its entirety and set a firm trial date for this matter for the Spring of 2024.

GINA ALONGI,
By her attorneys,

/s/ Robert G. Young
Timothy P. Van Dyck (BBO # 548347)
Douglas T. Radigan (BBO # 657938)
Robert G. Young (BBO # 650541)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
dradigan@bowditch.com
ryoung@bowditch.com

Date:  October 27, 2023

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Robert G. Young