UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND, BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST, AND IUOE LOCAL 4 SOCIAL ACTION COMMITTEE.
Plaintiffs,

IUOE LOCAL 4 PENSION FUND, IUOE LOCAL 4 ANNUITY & SAVINGS FUND, IUOE LOCAL 4 HEALTH AND WELFARE FUND, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST, WILLIAM D. MCLAUGHLIN, individually and in his capacity as Chairman of the Boards of Trustees,
Defendants-in-Counterclaim,

v.

GINA ALONGI,
Defendant/Plaintiff-in-Counterclaim

Civil Action No. 1:21-cv-10163-FDS

**REPLY BRIEF IN SUPPORT OF DEFENDANTS-IN-COUNTERCLAIMS' MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .......... 2

**CASES** .......... 2

**STATUTES** .......... 2

**I. INTRODUCTION** .......... 3

**II. REPLY ARGUMENT** .......... 4

**1. This Court is Not Bound by an Order of the State Superior Court in a Different Case and Ms. Alongi's Inclusion of and Reference to Such Order is Improper.** .......... 4

**2. Ms. Alongi Has Failed to Meet Her Burden in Opposing Mr. McLaughlin's Argument that He is Not Subject to Individual Liability in Failure to Accommodate Claim.** .......... 6

**3. Ms. Alongi Has Failed to Meet Her Burden in Opposing the Funds and Mr. McLaughlin's Argument that her Interference Claim Fails as a Matter of Law.** .......... 7

**4. Ms. Alongi's Conclusory, Self-Serving Statements About Mr. McLaughlin's Conduct Do Not Support the Application of the Continuing Violation Doctrine nor Save Her Hostile Work Environment Claim from the Statute of Limitations.** .......... 8

**III. CONCLUSION** .......... 9

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979)..........5

*Ortiz v. Morris*, 97 Mass. App. Ct. 358, 362 (2020)..........5,6

*Wellesley Hills Realty Trust v. Mobil Oil Corp.*, 747 F. Supp. 93 (D. Mass. 1990)..........6

*Kleya v. Karl Storz Endovision, Inc.*, 385 F. Supp. 3d 99 (D. Mass. 2019)..........6

*Melo v. City of Somerville*, No. 18-10786, 2020 WL 6945938 (D. Mass. Nov. 2020)..........6

*Sahli v. Bull HN Info. Sys., Inc.*, 437 Mass. 696 (2002)..........7

*Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983)..........7

*Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 531-32 (2021)..........8,9

**STATUTES**

M.G.L. c. 151B, § 4(16)..........3,6,7

# I. INTRODUCTION

Plaintiff-in-Counterclaim's Opposition to Defendants-in-Counterclaim's Motion for Summary Judgment fails to raise disputes of material fact or persuasive legal authority sufficient to overcome the arguments raised in the Funds and Mr. McLaughlin's Summary Judgment Motion and, as a result, this Court should enter judgment in favor of the Defendants-in-Counterclaim on all counts. This Reply addresses additional points contained within Ms. Alongi's Opposition as follows[1]:

- Ms. Alongi spends much of her Opposition referencing a Superior Court Order she appended to her Opposition as "Exhibit A." The inclusion of and reference to the Order is wholly improper as it is neither binding on this Court nor admissible as evidence at trial. It is evident the Order was included solely in a misguided attempt to distract the Court from reaching its own determination on the issues and the record presently before it. The Order is irrelevant and should be disregarded.
- Ms. Alongi fails to offer any legal support for her theory that Mr. McLaughlin can be held liable on an individual basis under a theory of "failure to accommodate" under M.G.L. ch. 151B, § 4(16), and the caselaw cited in Defendants-in-Counterclaim's Motion for Summary Judgment clearly establishes individual liability does not exist.
- Ms. Alongi fails to cite any analogous cases to support her argument that a jury must adjudicate her interference claim because questions remain as to whether there was a "legitimate basis in law or fact" for the Funds to file suit. On the record

[1] To the extent specific claims are not addressed in the Reply, Defendants-in-Counterclaim do not concede Plaintiff-in-Counterclaim has sufficiently identified evidence or legal support to survive summary judgment; rather, Defendants-in-Counterclaim are confident their original pleadings both anticipated and addressed Plaintiff-in-Counterclaim's arguments concerning those claims.

before this Court, her argument is nonsensical. Not only did the Funds have good faith arguments to establish liability through an affirmative summary judgment motion, but also Ms. Alongi had no arguments she could raise in a dispositive motion (either Rule 12(b)(6) or Rule 56) that no such liability exists. Under the circumstances, no jury could find that the Funds did not have a legitimate factual and legal basis for asserting their claims.

- Ms. Alongi fails to offer any legal support or disputed material facts, aside from conclusory, self-serving statements, to save her hostile work environment claim from the statute of limitations. These statements are not enough, without any corroborating evidence, to invoke the continuing violation doctrine. Additionally, even if those statements were enough, the evidence marshalled by both sides shows that in 2018, Ms. Alongi believed her work environment was hostile and unlikely to improve. Therefore, the continuing violation doctrine does not apply.

## II. REPLY ARGUMENT

### 1. This Court is Not Bound by an Order of the State Superior Court in a Different Case and Ms. Alongi's Inclusion of and Reference to Such Order is Improper.

The Funds and Mr. McLaughlin object to Ms. Alongi's attachment of an Order from the Norfolk Superior Court as Exhibit A to her Opposition. The Order is inadmissible at trial and therefore it is inappropriate for the Court to consider it as evidence in ruling on the Funds and Mr. McLaughlin's Motion for Summary Judgment.[2] Where Ms. Alongi does not argue the Order should be given preclusive effect, and it is not admissible evidence, it is Ms. Alongi and not the Funds and Mr. McLaughlin who has acted in bad faith in including the Order. Ms. Alongi's

[2] Ms. Alongi's inclusion of the Order as an exhibit rather than part of her Appendix is demonstrative of the inappropriate nature of the document in this forum.

inclusion of the Order in this forum is a misguided attempt to poison the well and should be treated as such.

The absence of any assertion that assertion of non-mutual, offensive collateral estoppel applies, which is does not, further evidences the impropriety of Ms. Alongi's reference to the Order. If Ms. Alongi truly believed the Order in Rose Alongi's case prevented the Funds and Mr. McLaughlin from moving for summary judgment on the same cause of action raised by Ms. Alongi in this case, the correct procedure would be to argue that *res judicata*, in this case non-mutual, offensive collateral estoppel, applies to the claims. Of course, no such argument exists here because a state superior court order denying summary judgment on a *different plaintiff's claim* does not have preclusive effect in this forum. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331-32 (1979).

Furthermore, the Order is not properly before the Court as evidence in the summary judgment argument because it is inadmissible at trial. *See Ortiz v. Morris*, 97 Mass. App. Ct. 358, 362 (2020) ("Where the movant has supported the motion for summary judgment by admissible evidence, . . . the nonmoving party must come forward with admissible evidence setting forth specific facts showing that there is a genuine issue for trial.") A conclusion of law, notably not a final judgment, made by a state court judge on a different set of facts in a case involving non-identical claims cannot be introduced by Ms. Alongi in this case as evidence that her claims are legally sufficient to survive summary judgment. The Court should disregard the Order as irrelevant.

In choosing to separate her claims from those of her sister, Ms. Alongi chose the risk of inconsistent results. Over strenuous the Funds' opposition, Ms. Alongi was permitted to amend her Answer in this matter to include her state court claims as counterclaims. One potential outcome

of this strategy was the rendering of decisions in each forum that are at odds with each other. *See Wellesley Hills Realty Trust v. Mobil Oi Corp*., 747 F. Supp. 93, 97 (D. Mass. 1990) (declining to follow superior court order concerning defendant's liability on summary judgment in different case). Ms. Alongi chose this course of action, and in doing so, must accept the consequences. Her spurious claim that omission of the Order was somehow "bad faith" is without merit. Further, it is Ms. Alongi herself who chose to "multiply proceedings" by splitting her claims from her sister. Any additional associated costs are, again, at her own doing.

**2. Ms. Alongi Has Failed to Meet Her Burden in Opposing Mr. McLaughlin's Argument that He is Not Subject to Individual Liability in Failure to Accommodate Claim.**

Section 5 (a) of The Funds and Mr. McLaughlin's Motion for Summary Judgment discusses the prevailing law concerning individual liability for M. G. L. c. 151B, § 4 (16). Ms. Alongi's Opposition fails to meaningfully respond to this argument. *See Ortiz v. Morris*, 97 Mass. App. Ct. at 362. In a footnote, Ms. Alongi correctly states that the Funds and Mr. McLaughlin only challenged individual liability as to Mr. McLaughlin with respect to the failure to accommodate claim. Opposition at p. 6. Ms. Alongi's only support for her proposition that Mr. McLaughlin can be held individually liable for her cause of action titled "Failure to Accommodate," is a case in which this Court, considering a motion to dismiss, determined that where the defendants failed to provide any argument for why the claims warranted dismissal, it was plausible the plaintiff could have stated a claim for interference or aiding and abetting discrimination. *See Kleya v. Karl Storz Endovision, Inc*., 385 F. Supp. 3d 99, 105 n.3 (D. Mass. 2019). However, in a more recent case, this Court held in a summary judgment decision that the failure to accommodation section of M.G.L. c. 151B does not provide for individual liability. *See Melo v. City of Somerville*, 2020 WL 6945938, at *3 (D. Mass. Nov. 25, 2020) (engaging in

discussion regarding propriety of individual liability in failure to accommodate claim). Because Ms. Alongi did not put forward legal authority that an individual can be liable for a "failure to accommodate" claim under M.G.L. c. 151B, she has failed to meet her burden in opposing the summary judgment motion.

**3. Ms. Alongi Has Failed to Meet Her Burden in Opposing the Funds and Mr. McLaughlin's Argument that her Interference Claim Fails as a Matter of Law.**

Similarly, Ms. Alongi has failed to meaningfully respond to the Funds and Mr. McLaughlin's argument regarding Ms. Alongi's Interference claim. Without providing any additional caselaw, Ms. Alongi relies on *Sahli v. Bull HN Info. Sys., Inc.*, 437 Mass. 696 (2002) for the proposition that the jury must decide whether the lawsuit against Ms. Alongi is a "sham." Opposition at p. 18. However, in *Sahli*, the court decided a motion for summary judgment on this issue, indicating the question of whether the lawsuit is reasonably based in fact and law is one that a judge may decide. *See Sahli*, 437 Mass. at 707. The court in *Sahli* noted that in certain contexts, the First Amendment protects a well-founded lawsuit even when the origins of the lawsuit were retaliatory, suggesting that the First Amendment protection against retaliation for lawsuits are great. *See id*. (quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983). While Ms. Alongi is correct in stating that this Court previously denied summary judgment on the Funds' claims against Ms. Alongi due to disputed facts, the Court also wrote in that decision, ". . . there is certainly evidence that Alongi did, in fact, exercise discretionary authority over the assets of the Funds, and directed the use of those assets in a manner contrary to law and the interest of plans and their beneficiaries." *See* Docket No. 91, at p. 2. This language, in conjunction with the fact that Ms. Alongi did not file a motion for summary judgment regarding the Funds' claims indicates that the suit against Ms. Alongi has a "legitimate basis in law and fact," and this Court is entitled to make that determination as a matter of law. *See Sahli*, 437 Mass. at 704-05 (2002).

**4. Ms. Alongi's Conclusory, Self-Serving Statements About Mr. McLaughlin's Conduct Do Not Support the Application of the Continuing Violation Doctrine nor Save Her Hostile Work Environment Claim from the Statute of Limitations.**

Ms. Alongi has failed to put forward any evidence of discrete misconduct that occurred after November 8, 2019. All Ms. Alongi can point to is her own testimony that Mr. McLaughlin visited her office and made "the same type of inappropriate, harassing comments to her that sparked the May 1 incident." RSOF ¶ 80. However, this conclusory testimony does not identify a discrete violation, as contemplated by the Court in *Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 531-32 (2021). For example, in *Cuddyer*, the plaintiff pointed to specific acts by employees of the defendant that occurred within the statute of limitations, including an employee pretending to masturbate behind the plaintiff and an employee drawing a picture of the plaintiff naked. *Id*. at 526-27. In contrast, Ms. Alongi has not identified one explicit statement or action made by Mr. McLaughlin after the May of 2018. (CSMF ¶ 80). This is particularly notable because Ms. Alongi began an investigation of Mr. McLaughlin in May 2018 in which she wrote down alleged problems with Mr. McLaughlin's behavior. (CSMF ¶ 67). The fact that she is unable to point to a single instance of misconduct after 2018 despite her heightened attention to Mr. McLaughlin's behavior lays bare the fact that she has manufactured conclusory statements to survive a statute of limitations defense.

Even if Ms. Alongi could point to a discrete instance of sexual misconduct after the statute of limitations, her Opposition fails to show she is entitled to the continuing violation doctrine because according to her own testimony, she was aware that her work environment was not likely to improve in 2018. Opposition at p. 4. Despite the evidence in the record Ms. Alongi argues she was unaware that her environment was unlikely to improve because she received a "legal opinion" from Attorney Shea, she was threatened with termination, and she believed Mr. McLaughlin would

apologize. Opposition at p. 5. Ms. Alongi, however, overlooks entirely the undisputed facts that she consulted with her own lawyer prior to speaking with Attorney Shea, who was counsel to the Funds – not Ms. Alongi. (CSMF ¶ 66). Ms. Alongi herself testified that this lawyer *told her she had a claim for hostile work environment*. (CSMF ¶ 66). Furthermore, before she spoke with Attorney Shea, Ms. Alongi told Mr. Geiman that Mr. McLaughlin's actions were not sexual harassment but rather part of her treatment by the Agents as "one of the guys." (CSMF ¶ 66). Taking Ms. Alongi's allegations as true, when Attorney Shea told Ms. Alongi she did not have a claim for hostile work environment, Ms. Alongi was already armed with a legal opinion to the contrary and had clearly expressed her agency in deciding whether to pursue a claim in her flip-flopping opinions voiced to Mr. Geiman. (CSMF ¶ 66). Additionally, her allegation that Mr. McLaughlin continued to come to her office and make inappropriate statements after 2018 does not track with her now stated position that she thought her situation would improve "if she kept a low profile." At bottom, the facts Ms. Alongi alleges do not track with the plight of the line worker at the Stop and Shop commissary contemplated in *Cuddyer*. *Cf. Cuddyer*, 434 Mass. at 540. Ms. Alongi has put forward no evidence or legal support sufficient to overcome dismissal of her hostile work environment claim based on the statute of limitations.

## III. <u>CONCLUSION</u>

The Funds and Mr. McLaughlin respectfully submit that the undisputed facts established in the summary judgment record show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law on all claims.

Respectfully submitted,
Defendants-in-Counterclaim,

IUOE LOCAL 4 HEALTH AND WELFARE FUND, IUOE LOCAL 4 PENSION FUND, IUOE LOCAL 4 ANNUITY AND SAVINGS, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP AND TRAINING FUND, JOINT LABOR-MANAGEMENT COOPERATION TRUST, and WILLIAM D. MCLAUGHLIN

By their attorneys,

*/s/ Jennifer L. Markowski*

Jennifer L. Markowski, BBO# 655927
Katherine C. Chenail, BBO# 710835
**FREEMAN MATHIS & GARY, LLP**
60 State Street. Suite 600
Boston, MA 02109
Tel: (617) 963-5975
*jmarkowski@fmglaw.com*
*kcchenail@fmglaw.com*

*/s/ Charles W. Gilligan*

Charles W. Gilligan, pro hac vice
Jennifer Simon, pro hac vice
Daniel Keenan, pro hac vice
**O'DONOGHUE & O'DONOGHUE**
5301 Wisconsin Avenue, NW, Suite 800
Washington, DC 20015
Tel: (202) 362-0041
*cgilligan@odonoghuelaw.com*
*jsimon@odonoghuelaw.com*
*dkeenan@odonoghuelaw.com*

Dated: January 23, 2024

**CERTIFICATE OF SERVICE**

I, Katherine C. Chenail hereby certify that I have, on this 23rd day of January 2024, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).

/s/ *Katherine C. Chenail*
Katherine C. Chenail