UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND; BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND; BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4; IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST; AND IUOE LOCAL 4 SOCIAL ACTION COMMITTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|         Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| GINA ALONGI, | ) ) | Civil Action No. 1:21-cv-10163-FDS |
|         Defendant and Counterclaim/Third-Party Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | |
| IUOE LOCAL 4 PENSION FUND; IUOE LOCAL 4 ANNUITY & SAVINGS FUND, IUOE LOCAL 4 HEALTH AND WELFARE FUND; HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND; IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST; and WILLIAM D. MCLAUGHLIN, individually and in his capacity as Chairman of the Boards of Trustees, | ) ) ) ) ) ) ) ) ) ) ) ) | |
|         Counterclaim/Third-Party Defendants. | ) ) ) | |

**COUNTERCLAIM PLAINTIFF'S MOTION IN LIMINE SEEKING
ISSUE PRECLUSION WITH RESPECT TO COUNTERCLAIM
PLAINTIFF'S GOOD FAITH PROTECTED ACTIVITY UNDER M.G.L. C. 151B**

Counterclaim Plaintiff Gina Alongi ("Ms. Alongi") hereby moves *in limine*, seeking an Order (i) ruling that Ms. Alongi has satisfied her burden of proving that she engaged in protected activity in good faith under M.G.L. c. 151B when she reported Mr. McLaughlin's sexual harassment due to application of the doctrine of issue preclusion; and (ii) precluding Counterclaim Defendants IUOE Local 4 Pension Fund; IUOE Local 4 Annuity & Savings Fund; IUOE Local 4 Health and Welfare Fund; Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund; IUOE Local 4 Labor-Management Co-Operation Trust (collectively, the "Funds") and William D. McLaughlin ("Mr. McLaughlin," and together with the Funds, the "Counterclaim Defendants") from contesting that Ms. Alongi engaged in such protected activity in good faith and/or offering evidence during trial in an attempt to show that Ms. Alongi reported Mr. McLaughin's sexual harassment to pursue some personal, ulterior motive. *See* Counterclaims (Dkt. No. 86), ¶ 36.

## Relevant Factual Background

In September 2020, Ms. Alongi and her sister, Rosemarie Alongi ("Rosemarie"), both former employees of the Funds, filed a complaint against the Funds with the Massachusetts Commission Against Discrimination ("MCAD"), alleging unlawful employment discrimination and retaliation in violation of M.G.L. c. 151B. After Ms. Alongi announced to the Funds that she intended to remove her discrimination and retaliation claims to the Superior Court if the parties could not settle their claims, the Funds thereafter decided to file the present action on or about January 29, 2021 (Dkt. No. 1). Shortly thereafter, on or about February 10, 2021, Ms. Alongi and Rosemarie filed a lawsuit against the Counterclaim Defendants in Massachusetts Superior Court, Norfolk County, styled *Rosemarie Alongi et al. v. IUOE Local 4 Health & Welfare Fund et al.*,

Civil Action No. 2182CV00125 (the "State Court Action"). *See* State Court Action Complaint, a copy of which is attached hereto as **Exhibit A**.

On September 23, 2022, Ms. Alongi moved for leave to file an amended answer in this action, to assert counterclaims against the Funds and to add Mr. McLaughlin as a counterclaim defendant. (Dkt. Nos. 44-45). This Court granted Ms. Alongi's motion, subject to the condition that she dismiss her claims in the State Court Action without prejudice. (Dkt. Nos. 60, 70). Thereafter, Ms. Alongi asserted the following claims against the Counterclaim Defendants: (i) Hostile Work Environment pursuant to M.G.L. c. 151B; (ii) Quid Pro Quo Sexual Harassment pursuant to M.G.L. c. 151B; (iii) Retaliation pursuant to M.G.L. c. 151B, § 4(4); and (iv) Failure to Accommodate.[1] (Dkt. No. 86).

After Ms. Alongi dismissed her claims in the State Court Action, the remaining claims Rosemarie maintained against the Counterclaim Defendants proceeded to a jury trial in Norfolk County Superior Court in October 2024 ("State Court Trial"). *See* State Court Trial Special Verdict Form, copy of which is attached hereto as **Exhibit B**. Rosemarie pursued two claims at trial: a hostile work environment claim and a third-party retaliation claim. *See* Ex. B. Relevant to the instant motion is Rosemarie's third-party retaliation claim. In connection with Rosemarie's retaliation claim, the Judge in the State Court Action instructed the jury, in pertinent part, as follows:

> Massachusetts General Laws Chapter 151B makes it unlawful for an employer to discharge an employee from employment because the employee <u>or</u> a co-worker with whom the employee shared a close personal relationship (in this case her sister and co-worker, Gina Alongi) engaged in conduct that is protected under the statute. In order to recover on her Chapter 151B claim in this case, the

---

[1] Ms. Alongi also asserted a Counterclaim for Interference with Rights pursuant to M.G.L. c. 151B, § 4(4A) which was subsequently dismissed by this Court. Dkt. Nos. 86, 109.

Plaintiff, Rosemarie Alongi, must prove that the following things are more probably true than not true:

1. That her sister, Gina Alongi *reasonably and in good faith* believed that the defendant, William McLaughlin, was engaged in wrongful discrimination, specifically sexual harassment, in the workplace;

2. That the Plaintiff's sister, Gina Alongi engaged in *protected activity* by reasonably opposing what she believed to be Mr. McLaughlin's sexual harassment in the workplace…

*See* State Court Action Jury Instructions, an excerpt of which is attached hereto as **Exhibit C** (emphasis in original).  These instructions were necessary because Counterclaim Defendants argued and submitted evidence in an attempt to show that Ms. Alongi's report of Mr. McLaughlin's sexual harassment was not made in good faith, but rather, was made in pursuit of some ulterior motive to enhance her power or authority within the Funds office. The jury in the State Court Action ultimately rejected the Counterclaim Defendants' theory and determined that Ms. Alongi, in good faith, had engaged in protected activity.  *See* Ex. B, p. 3.  Thereafter, on October 24, 2024 the Norfolk County Superior Court entered a Judgment on Jury Verdict, a copy of which is attached hereto as **Exhibit D**.  No party to the State Court Action filed any post-trial motion or notice of appeal with respect to the Judgment on Jury Verdict, and the limitations periods associated with such filings have expired.

Here, Ms. Alongi intends to pursue four claims during trial, including a claim for retaliation pursuant to M.G.L. c. 151B, § 4(4), as set forth above.  To establish her retaliation claim, Ms. Alongi will have the burden of proving, by a preponderance of the evidence, the following elements: (1) she engaged in protected activity in good faith under Chapter 151B, (2) she was subsequently subjected to a materially adverse action, and (3) the adverse action was caused by her protected activity.  *See Psy-Ed Corp. v. Klein*, 459 Mass. 697, 706-07 (2011); *Mole v.*

*University of Massachusetts*, 442 Mass. 582, 591-92 (2004); *cf. Noviello v. City of Boston*, 398 F.3d 76 (1st Cir. 2005); *Almeder v. Town of Bourne*, 922 F. Supp. 2d 160, 169-70 (D. Mass., Feb. 6, 2013).

As set forth below, as the jury in the State Court Action specifically found that Ms. Alongi engaged in protected activity in good faith under M.G.L. c. 151B, Ms. Alongi has now satisfied her burden with respect to the first element of her retaliation claim (and the jury should be so instructed by the Court), and the Counterclaim Defendants should be precluded from contesting same.

## <u>Argument</u>

Issue preclusion, or collateral estoppel, "prevents a party from relitigating issues that have been previously adjudicated." *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 770 (1st Cir. 2010), citing *Enica v. Principi*, 544 F.3d 328, 336 (1st Cir. 2008). The doctrine of issue preclusion "serves the twin goals of 'protecting litigants from the burden of relitigating an identical issue' and 'promoting judicial economy by preventing needless litigation.'" *Rodriguez-Garcia*, 610 F.3d at 770, quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Issue preclusion may apply even where the cause of action in the initial action is different from that in the subsequent action. *Manganella v. Evanston Ins. Co*., 700 F.3d 585, 591 (1st Cir. 2012) citing *Comm'r v. Sunnen*, 333 U.S. 591, 601 (1948). Further, collateral estoppel is not limited to ultimate issues. Necessary intermediate findings may also be used as a basis to preclude relitigation. *Biggins v. Hazen Paper Co*., 111 F.3d 205, 210 (1st Cir. 1997), citing *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 30-31 (1st Cir. 1994); Restatement (Second) of Judgments, § 27.

Before the Supreme Court's decision in *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971), many courts adhered to the principle that "unless both parties (or their privies) in

a second action are bound by a judgment in a previous case, neither party (nor his privy) in the second action may use the prior judgment as determinative of an issue in the second action." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 573 (1st Cir. 2003) (internal quotation marks omitted), citing *Blonder-Tongue Labs.*, 402 U.S. at 320-21. In *Blonder-Tongue*, the Supreme Court expressed approval of the use of non-mutual defensive collateral estoppel, applicable to situations where a defendant seeks to prevent a plaintiff from relitigating an issue previously decided in the defendant's favor in a prior action involving a different plaintiff. *See Blonder-Tongue Labs.*, 402 U.S. at 329.

Non-mutual collateral estoppel may be used offensively as well, where "plaintiffs seek to use issue preclusion to tie the defendants' hands with an adversely decided issue from a previous case." *Acevedo-Garcia*, 351 F.3d at 574. In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979), the Supreme Court granted district courts broad discretion to apply non-mutual offensive collateral estoppel while cautioning that "[t]he general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where…the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel."

In determining whether to grant a party's request for issue preclusion, courts consider the following four factors:

(1) an identity of issues (that is, that the issue sought to be precluded is the same as that which was involved in the prior proceeding),

(2) actuality of litigation (that is, that the point was actually litigated in the earlier proceeding),

(3) finality of the earlier resolution (that is, that the issue was determined by a valid and binding final judgment or order), and

(4) the centrality of the adjudication (that is, that the determination of the issue in the prior proceeding was essential to the final judgment or order)

*Acevedo-Garcia*, 351 F.3d at 575-76, citing *Faigin v. Kelly*, 184 F.3d 67, 78 (1st Cir. 1999); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994); *NLRB v. Donna-Lee Sportswear Co.*, 836 F.2d 31, 34 (1st Cir. 1987).  "The central question is whether a party has had a full and fair opportunity for judicial resolution of the same issue." *Rodriguez-Garcia*, 610 F.3d at 771 (internal quotation marks omitted).  As set forth below, Ms. Alongi's instant request satisfies all four factors set forth above, and as such, her Motion should be granted in its entirety.

### A.  <u>Identity of the Issues and Actuality of Litigation.</u>

As set forth above, the issue central to the instant Motion—whether Ms. Alongi engaged in protected activity in good faith under M.G.L. c. 151B—was expressly litigated in the State Court Action, and it is an essential element of Ms. Alongi's retaliation claim in this case.  This issue was actually litigated in the State Court Action, resulting in a jury affirmatively finding that Ms. Alongi engaged in protected activity within the meaning of the statute.  *See* Ex. B.  Accordingly, Ms. Alongi has satisfied the first and second factors for consideration set forth above.

### B.  <u>Finality of the Earlier Resolution.</u>

The issue of whether Ms. Alongi engaged in good faith protected activity under M.G.L. c. 151B was decided in Ms. Alongi's favor as a result of a jury trial in the State Court Action.  No party to the State Court Action filed any post-trial motion or notice of appeal with respect to the Judgment on Jury Verdict entered following the trial, and the limitations periods associated with such filings have expired.  Accordingly, the jury's findings in the State Court Action are final, and Ms. Alongi has satisfied the third factor for consideration set forth above.  *See*, *e.g.*, *Kathios v. Gen. Motors Corp.*, 862 F.2d 944, 946-47 (1st Cir. 1988) (Jury verdict in initial action, coupled

with unchallenged ruling upholding the award, collaterally estopped the plaintiff from seeking redetermination of damages in second action).

### C.  <u>Centrality of the Adjudication.</u>

As in this case with respect to Ms. Alongi's retaliation claim, the question of whether Ms. Alongi engaged in protected activity under M.G.L. c. 151B was an essential element of Rosemarie's retaliation claim in the State Court Action.  The first question on the jury verdict form in connection with Rosemarie's retaliation claim asked whether Ms. Alongi in good faith engaged in protected activity.  *See* Ex. B, p. 3.  Accordingly, Ms. Alongi has satisfied the fourth factor for consideration set forth above.  *See*, *e.g.*, *J. Walter Thompson Puerto Rico Inc. v. Latin Am. Music Co., Inc.*, 308 F. Supp. 3d 611, 618 (D.P.R. 2018) ("As in this case, ownership constituted an essential element to [the defendants'] copyright infringement claim.  The question of ownership was the first question on the jury verdict form…")

### D.  <u>Fairness Considerations.</u>

Ms. Alongi's instant motion does not implicate fairness concerns associated with the application of non-mutual offensive collateral estoppel.  In *Parklane Hosiery Co.*, 439 U.S. at 329-31, the Supreme Court recognized that application of this form of collateral estoppel may raise certain special concerns, as follows:

> Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude, in the hope that the first action by another plaintiff will result in a favorable judgment.  Thus offensive use of collateral estoppel will likely increase rather than decrease the total amount of litigation, since potential plaintiffs will have everything to gain and nothing to lose by not intervening in the first action.
>
> A second argument against offensive use of collateral estoppel is that it may be unfair to a defendant.  If a defendant in the first action is sued for small or nominal damages, he may have little incentive

to defend vigorously, particularly if future suits are not foreseeable. Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant. Still another situation where it might be unfair to apply offensive estoppel is where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.

Here, there is no concern that Ms. Alongi took a "wait and see" approach with respect to how Rosemarie's claims fared against the Counterclaim Defendants before asserting her own claims. Ms. Alongi and Rosemarie asserted their claims against the Counterclaim Defendants at the same time, at which point Ms. Alongi had no way of knowing that Rosemarie's claims would proceed to trial before her own. Further, there is no evidence that the Counterclaim Defendants had little incentive to litigate whether Ms. Alongi engaged in protected activity under Chapter 151B during the pendency of the State Court Action and ultimate trial. In fact, just the opposite is true. The Counterclaim Defendants had every incentive to, and in fact did, litigate this point as the first question on the special verdict form in connection with Rosemarie's retaliation claim asked whether Ms. Alongi in good faith engaged in protected activity; Counterclaim Defendants argued and submitted evidence in an attempt to show that Ms. Alongi was somehow in pursuit of an ulterior motive geared toward enhancing her power or authority within the Funds office when she reported Mr. McLaughlin's sexual harassment. The jury rejected that theory. Further, in this Court's Order denying Ms. Alongi's motion to stay this proceeding pending resolution of the State Court Action, this Court indicated that "[t]his Court is also aware that it is possible that the proceedings in one action could result in issue or claim preclusion in the other action." (Dkt. No. 22). As such, Counterclaim Defendants were on notice that the jury's findings in the State Court Trial could result in issue or claim preclusion in the instant case and were thus highly incentivized to defend Rosemarie's claims vigorously.

## CONCLUSION

For the reasons set forth above, this Court should enter an Order (i) ruling that Ms. Alongi has satisfied her burden of proving that she engaged in protected activity in good faith under M.G.L. c 151B in connection with her retaliation claim due to application of the doctrine of issue preclusion; and (ii) prohibiting Counterclaim Defendants from contesting that Ms. Alongi engaged in such protected activity in good faith and/or offering evidence during trial in an attempt to show that she reported Mr. McLaughlin's sexual harassment in furtherance of some personal, ulterior motive.

Respectfully submitted,
GINA ALONGI

By her attorneys,

/s/ Robert G. Young
Timothy P. Van Dyck (BBO #548347)
Robert G. Young (BBO #650541)
Ashley M. Barnes (BBO #706121)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
ryoung@bowditch.com
abarnes@bowditch.com

January 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Robert G. Young