# EXHIBIT C

**COMMONWEALTH OF MASSACHUSETTS**

**NORFOLK, ss**                                                                 **SUPERIOR COURT**
                                                                                                 **NO. 2182CV00125**


**ROSEMARIE ALONGI**
**v.**

**IUOE LOCAL HEALTH & WELFARE FUND, IOUE LOCAL 4 PENSION FUND; IUOE LOCAL 4 ANNUITY & SAVINGS FUND, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP AND TRAINING FUND, JOINT LABOR-MANAGEMENT CORPORATION TRUST (collectively referred to herein as "the Funds") and WILLIAM D. MCLAUGHLIN, INDIVIDUALLY AND IN HIS CAPACITY AS CHAIRMAN OF THE BOARDS OF TRUSTEES**

**JURY INSTRUCTIONS**

**INTRODUCTION**

Members of the Jury, you are about to begin your final duty, which is to decide the factual issues in this case. Before you do that, I will instruct you on the law that you will apply.

It has been obvious to me throughout the trial that you have faithfully discharged your duty to listen carefully to all the evidence and to observe each of the witnesses. I now ask you to give me that same close attention as I instruct you on the law you will apply.

I will begin with some general principles about your role, and how you are to go about your task, and then I will turn to the legal principles that govern the particular claims that are in issue in this case. Toward the end of my instructions, I will pass out to you copies of the Special Jury Verdict slip, which consists of a series of questions that you will be called upon to answer. We will go over that form together, and I think that will help you understand the issues that you have to decide.

1

-21-

if you find that she reasonably believed that she did not have an actionable claim for sexual harassment.

If you find that Ms. Alongi's delay in filing her complaint was <u>objectively unreasonable</u>, you may not award her damages for conduct occurring prior to November 8, 2019. You may however still consider acts of sexual harassment occurring outside of the 300-day period in determining whether she was subjected to a hostile work environment.

## II. **UNLAWFUL RETALIATION**

The Plaintiff's unlawful retaliation claim is premised on the foundational allegation that the Defendants' decision to discharge her from its employ in August of 2020 was motivated by unlawful retaliation for her sister and co-worker, Gina, for having engaged in the legally protected conduct of making an internal complaint of sexual harassment against the defendant, William McLaughlin in May 2018. I will now instruct you now on the law that applies to this claim.

### 1. **Elements of Unlawful Retaliation**

Massachusetts General Laws Chapter 151B makes it unlawful for an employer to discharge an employee from employment because the employee <u>or</u> a co-worker with whom the employee shared a close personal relationship (in this case her sister and co-worker, Gina Alongi) engaged in conduct that is protected under the statute. In order to recover on her Chapter 151B claim in this case, the Plaintiff, Rosemarie Alongi, must prove that the following things are more probably true than not true:

-22-

1. That her sister, Gina Alongi *reasonably and in good faith* believed that the defendant, William McLaughlin, was engaged in wrongful discrimination, specifically sexual harassment, in the workplace;

2. That the Plaintiff's sister, Gina Alongi engaged in *protected activity* by reasonably opposing what she believed to be Mr. Mclaughlin's sexual harassment in the workplace;

3. That the defendants took an adverse employment action against the Plaintiff, Rose Alongi from employment;

4. That the defendants' decision-maker(s) were *aware* of Gina Alongi's protected activity at the time they made the decision to discharge the plaintiff, Rose Alongi;

5. **That the defendants' decision to discharge the plaintiff, Rosemarie Alongi from employment was intended to *retaliate against*** her sister, Gina Alongi for engaging in protected conduct or to dissuade Gina Alongi from engaging in further protected conduct;

6. That the defendants' retaliatory motive was a *determinative factor* in the decision to discharge the Plaintiff, Rosemarie Alongi; and

7. The Plaintiff, Rosemarie Alongi suffered *financial and/or other harms* as a consequence of the defendants' action against her.

I will now discuss each of these elements of a Chapter 151B retaliatory discharge claim in more detail