UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND; BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND; BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4; IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST; AND IUOE LOCAL 4 SOCIAL ACTION COMMITTEE,<br><br>                              Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>                    Defendant and<br>                    Counterclaim/Third-Party<br>                    Plaintiff,<br><br>v.<br><br>IUOE LOCAL 4 PENSION FUND; IUOE LOCAL 4 ANNUITY & SAVINGS FUND, IUOE LOCAL 4 HEALTH AND WELFARE FUND; HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND; IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST; and WILLIAM D. MCLAUGHLIN, individually and in his capacity as Chairman of the Boards of Trustees,<br><br>                    Counterclaim/Third-Party<br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:21-cv-10163-FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANT / COUNTERCLAIM PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE PLAINTIFFS AND COUNTERCLAIM DEFENDANTS FROM
OFFERING EVIDENCE OF THE JURY VERDICT
IN ROSEMARIE ALONGI'S TRIAL</u>**

Defendant / Counterclaim Plaintiff Gina Alongi ("Ms. Alongi") hereby moves *in limine*, seeking an Order preventing Plaintiffs Board of Trustees of the IUOE Local 4 Pension Fund; Board of Trustees of the IUOE Local 4 Annuity & Savings Fund; Board of Trustees of the IUOE Local 4 Health and Welfare Fund; Board of Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund; International Union of Operating Engineers Local 4; IUOE Local 4 Labor-Management Co-Operation Trust and IUOE Local 4 Social Action Committee (collectively, "Plaintiffs") and Counterclaim Defendants IUOE Local 4 Pension Fund; IUOE Local 4 Annuity & Savings Fund; IUOE Local 4 Health and Welfare Fund; Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund; IUOE Local 4 Labor-Management Co-Operation Trust (collectively, the "Funds") and William D. McLaughlin ("Mr. McLaughlin"), individually and in his capacity as Chairman of the Boards of Trustees (together with the Funds, the "Counterclaim Defendants"), from presenting at trial, in the presence of the jury (either directly or indirectly), evidence of the jury's verdict[1] in the Counterclaim Defendants' favor in the Massachusetts Superior Court, Norfolk County action styled *Rosemarie Alongi et al. v. IUOE Local 4 Health & Welfare Fund et al*., Civil Action No. 2182CV00125 (the "State Court Action"). Any such evidence would be irrelevant, highly prejudicial, would constitute inadmissible hearsay, and should be excluded by this Court pursuant to Fed. R. Evid. 402, 403, and 802.

## Relevant Factual Background

In September 2020, Ms. Alongi and her sister, Rosemarie Alongi ("Rosemarie"), both former employees of the Funds, filed a complaint against the Funds with the Massachusetts

---

[1] Excluded from the relief Ms. Alongi seeks via the instant Motion is the jury's finding in the State Court Action that Ms. Alongi, in good faith, engaged in protected activity under M.G.L. c. 151B. As set forth in Ms. Alongi's separate motion *in limine* seeking issue preclusion with respect to Ms. Alongi's good faith protected activity under M.G.L. c. 151B, this particular finding by the State Court Action jury should have a preclusive effect in this case. Given this preclusive effect, the fact that Ms. Alongi engaged in good faith protected activity can be read to the jury in this matter as a stipulation, with no need for either party to present evidence to the jury on the State Court Action.

Commission Against Discrimination ("MCAD"), alleging unlawful employment discrimination and retaliation in violation of M.G.L. c. 151B.  After Ms. Alongi announced to the Funds that she intended to remove her discrimination and retaliation claims to the Superior Court if the parties could not settle their claims, the Funds thereafter decided to file the present action on or about January 29, 2021 (Dkt. No. 1).  Shortly thereafter, on or about February 10, 2021, Ms. Alongi and Rosemarie filed the State Court Action against the Counterclaim Defendants.  *See* State Court Action Complaint, a copy of which is attached hereto as **Exhibit A**.

Plaintiffs asserted a single claim for breach of fiduciary duty against Ms. Alongi in this case.  *See* Compl., Dkt. No. 1.  Plaintiffs break their basis for this claim down into four categories of conduct allegedly attributable to Ms. Alongi: (A) work Ms. Alongi performed for the Massachusetts Coalition of Taft-Hartley Funds ("Coalition"); (B) work Ms. Alongi directed other Funds employees to perform for the Coalition; (C) cashing out of vacation without authorization from the Trustees; and (D) failure to work hours for which she was compensated.  *See* Compl., pp. 7-17.

On September 23, 2022, Ms. Alongi moved for leave to file an amended answer in this action, to assert counterclaims against the Funds and to add Mr. McLaughlin as a counterclaim defendant.  (Dkt. Nos. 44-45).  This Court granted Ms. Alongi's motion, subject to the condition that she dismiss her claims in the State Court Action without prejudice.  Dkt. Nos. 60, 70. Thereafter, Ms. Alongi asserted the following claims against the Counterclaim Defendants: (i) Hostile Work Environment pursuant to M.G.L. c. 151B; (ii) Quid Pro Quo Sexual Harassment pursuant to M.G.L. c. 151B; (iii) Retaliation pursuant to M.G.L. c. 151B, § 4(4); and (iv) Failure

to Accommodate.[2]  Dkt. No. 86.

After Ms. Alongi dismissed her claims in the State Court Action, the remaining claims Rosemarie maintained against the Counterclaim Defendants proceeded to a jury trial in Norfolk County Superior Court in October 2024 ("State Court Trial").  *See* State Court Trial Special Verdict Form, copy of which is attached hereto as **Exhibit B**.  Rosemarie pursued two claims at trial: a hostile work environment claim and a third-party retaliation claim.  *See* Ex. B.  The jury in the State Court Action ultimately determined that the Funds and Mr. McLaughlin were not liable to Rosemarie in connection with either of her claims.  *See* Ex. B, pp. 2-3.  Thereafter, on October 24, 2024, the Norfolk County Superior Court entered a Judgment on Jury Verdict, a copy of which is attached hereto as **Exhibit C**.

## Argument

### A. Evidence of the State Court Action Jury Verdict Should be Excluded Under Fed. R. Evid. 402.

Evidence is relevant under Fed. R. Evid. 401 "if it has any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence."  *Neece v. City of Chicopee*, 106 F.4th 83, 93 (1st Cir. 2024) (internal quotation marks omitted).  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

The State Court Action jury verdict should be excluded as irrelevant pursuant to Fed. R. Evid. 402 during the upcoming trial in this case, as the State Court Action involved different claims between different parties.  While Ms. Alongi was originally a party to the State Court Action, she dismissed all of her claims in that action without prejudice in accordance with the directive set forth in the Court's Order granting Ms. Alongi's September 23, 2022 motion for leave to file an

---

[2] Ms. Alongi also asserted a Counterclaim for Interference with Rights pursuant to M.G.L. c. 151B, § 4(4A) which was subsequently dismissed by this Court.  Dkt. Nos. 86, 109.

amended answer and counterclaims.  *See* Dkt. Nos. 60, 70.  Accordingly, none of Ms. Alongi's claims against the Counterclaim Defendants, nor Plaintiffs' claim against Ms. Alongi, were considered by the jury during the trial in the State Court Action.

Further, only one issue decided by the jury in the State Court Action is relevant to this matter, as set forth in Ms. Alongi's motion *in limine* seeking issue preclusion with respect to her good faith protected activity under M.G.L. c 151B.  Specifically, and for the reasons set forth in Ms. Alongi's separately filed motion *in limine*, the jury's finding that Ms. Alongi, in good faith, engaged in protected activity should be deemed to satisfy the first element of Ms. Alongi's retaliation claim against the Counterclaim Defendants in this case.

The other issues that the jury decided in the State Court Action—(i) whether Rosemarie was subjected to unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature by Mr. McLaughlin; (ii) whether such conduct was severe and pervasive; (iii) whether a reasonable person in Rosemarie's position would have considered the work environment to be hostile, intimidating, humiliating or sexually offensive; (iv) whether the subject conduct interfered with Rosemarie's work performance and/or posed a formidable barrier to her full participation in the workplace; and (v) whether the Funds terminated Rosemarie's employment in order to retaliate against Ms. Alongi for opposing sexual harassment in the workplace – were relevant only to Rosemarie's claims against the Funds, and have no bearing on the parties' claims against each other in this matter.  *See* Ex. B, pp. 2-3.  Accordingly, the jury's findings with respect to these unrelated issues, and the ultimate determination that the Counterclaim Defendants were not liable to Rosemarie in connection with her claims, have no tendency to make a fact that is of consequence in determining this action more or less probable, and as such are not relevant to the instant proceeding and should be excluded.

**B.  Evidence of the State Court Action Jury Verdict Should be Excluded Under Fed. R. Evid. 403.**

Even if evidence is relevant—which, as set forth above, the State Court Action jury verdict is not—this Court has the authority to exclude such evidence if its probative value is substantially outweighed by, *inter alia*, a danger of unfair prejudice.  Fed. R. Evid. 403; *see also, e.g.*, *Gonpo v. Sonam's Stonewalls & Art, LLC*, 41 F.4th 1, 6 (1st Cir. 2022).  "[U]nfair prejudice ensues when particular evidence 'serves only to evoke an improper emotional response' and distracts 'from careful consideration of the relevant issues.'"  *United States v. Kilmartin*, 944 F.3d 315, 335 (1st Cir. 2019), quoting *United States v. Fulmer*, 108 F.3d 1486, 1498 (1st Cir. 1997).

Any attempt by Plaintiffs / Counterclaim Defendants to introduce evidence of the jury's verdict in favor of the Counterclaim Defendants in the State Court Action would be motivated by a desire to somehow cast doubt about the viability of Ms. Alongi's claims in the minds of the jurors.  The danger of unfair prejudice to Ms. Alongi stemming from the fact that her sister Rosemarie's separate and distinct claims against the Counterclaim Defendants were not successful substantially outweighs any possible probative value such evidence could have here.  As such, evidence of the State Court Action jury verdict should be excluded under Fed. R. Evid. 403.  *See, e.g.*, *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1356 (5th Cir. 1983), *portion of the opinion withdrawn and substituted on rehearing*, 715 F.2d 996 (5th Cir. 1983) (affirming district court's decision to exclude prior judgments upon district court's finding that such evidence was "highly prejudicial"); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 05-CV-1887, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (granting plaintiffs' motion to exclude evidence from prior/collateral litigation due to the risk of, *inter alia*, unfair prejudice).

**C. Civil Judgments From Prior Lawsuits Are Hearsay Under Fed. R. Evid. 801.**

In addition, civil judgments from prior lawsuits are generally considered hearsay under Fed. R. Evid. 801. *See*, *e.g.*, McCormick on Evid. § 298 (8th ed.) ("Historically, the courts were often unwilling to admit judgments in previous cases if neither *res judicata* nor collateral estoppel applied under the theory they were hearsay.") Introduction of evidence concerning the outcome of a prior lawsuit constitutes use of an out of court statement for the truth of the matter it asserts— namely, a jury's opinion regarding what evidence in that case did or did not show. *See* Fed. R. Evid. 801. Such evidence does not fall within any hearsay exception. *See* Fed. R. Evid. 803 (listing specific exceptions); *see also United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("Although Rule 803 contains exceptions for certain kinds of judgments, such as judgments of previous felony convictions and judgments as to personal, family, or general history or boundaries, *see* Fed. R. Evid. 803(22) & (23), civil judgments do not fit comfortably into any hearsay exception.")

Further, courts have routinely held that civil judgments and orders do not fall under Fed. R. Evid. 803(8), the hearsay exception for public records and reports. *See United States v. Jones*, 29 F.3d 1549 (11th Cir. 1994) (rejecting application of hearsay exception for public records to judicial findings of fact in a court's order from a previous case); *Nipper v. Snipes*, 7 F.3d 415, 417-418 (4th Cir. 1993) (same); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1185 (E. D. Pa. 1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within the executive branch."),

*rev'd on other grounds sub nom*, *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238 (3d Cir. 1983), *rev'd*, 475 U.S. 574 (1986).

Accordingly, evidence regarding the disposition of the State Court Action constitutes inadmissible hearsay and should be excluded under Fed R. Evid. 802.

## **CONCLUSION**

For the reasons set forth above, Ms. Alongi respectfully requests that the Court issue an Order preventing Plaintiffs and Counterclaim Defendants from presenting at trial, in the presence of the jury (either directly or indirectly), evidence of the jury's verdict in the Counterclaim Defendants' favor in the State Court Action.

Respectfully submitted,
GINA ALONGI

By her attorneys,

/s/ Robert G. Young
Timothy P. Van Dyck (BBO #548347)
Robert G. Young (BBO #650541)
Ashley M. Barnes (BBO #706121)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
ryoung@bowditch.com
abarnes@bowditch.com

January 3, 2025

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Robert G. Young