# EXHIBIT 3

# Condensed Transcript

## Sheet 1 Page 1

```
                                    Pages: 1-19
                                    Exhibits:  None.
              COMMONWEALTH OF MASSACHUSETTS
     NORFOLK, SS       SUPERIOR COURT DEPARTMENT
                       OF THE TRIAL COURT

* * * * * * * * * * * * * * * * * * * * *
ROSEMARIE ALONGI,                         *
                                          *
              Plaintiff,                  *
                                          *
v.                                        *
                                          *
IUOE LOCAL 4 HEALTH & WELFARE             *
FUND, et als.,                            *
                                          *
              Defendants.                 *
* * * * * * * * * * * * * * * * * * * * *
BEFORE THE HONORABLE BRENT A. TINGLE
DOCKET NUMBER 2182CV00125


           TESTIMONY OF JENNIFER DOW


           Friday October 11, 2024
               Courtroom:  20

THIS TRANSCRIPT HAS NOT BEEN PROOFREAD OR CORRECTED BY
THE COURT REPORTER.  DIFFERENCES WILL EXIST BETWEEN
THE UNCERTIFIED DRAFT VERSION AND THE CERTIFIED
VERSION.


                  Allyson Pollier
                  Court Reporter
```

## Page 2

```
APPEARANCES:

COUNSEL FOR THE PLAINTIFF:

TIMOTHY P. VAN DYCK
ROBERT G. YOUNG
BOWDITCH & DEWEY, LLP
200 CROSSING BOULEVARD
FRAMINGHAM, MA 01702
617-757-6537
tvandyck@bowditch.com
ryoung@bowditch.com


COUNSEL FOR DEFENDANTS:

JENNIFER MARKOWSKI
JENNAWE HUGHES
ALEXANDRA HELD
OTHER HUGES GOES HERE
FREEMAN MATHIS & GARY, LLP
60 STATE STREET, SUITE 600
BOSTON, MA  02109
jennifer.markowski@fmglaw.com
jennawe.hughes@fmglaw.com
alexandra.held@fmglaw.com
```

## Page 3

```
                I N D E X
WITNESS:              DIRECT
JENNIFER DOW
By Mr. Van Dyck        4
```

## Page 4

```
 1              P R O C E E D I N G S
 2        (Testimony of Jennifer Dow
 3        commences at 10:36 a.m.)
 4        (Jury present)
 5             (WITNESS SWORN)
 6        (DIRECT EXAMINATION OF JENNIFER
 7        DOW)
 8        BY MR. VAN DYCK:
 9   Q    Good morning, Ms. Dow.
10   A    Good morning.
11   Q    Are you here pursuant to a
12        subpoena or are you here
13        voluntarily?
14   A    Voluntary, but --
15   Q    Are you
16   A    -- by the defense.
17   Q    And could you please just state
18        your full name for the record?
19   A    Jennifer Dow.
20   Q    And where do you live?
21   A    Lynn.
22   Q    Are you married?
23   A    Yes.
24   Q    Any kids?
```

# *Condensed Transcript*

```
Sheet 3   Page 9
                                      9
 1      interactions with
 2      Mr. McLaughlin --
 3   A  Yes.
 4   Q  -- that you found to be
 5      inappropriate?
 6   A  Yes.
 7   Q  And could you just, again I
 8      know it's been a long time, but
 9      just describe for the jury what
10      you recall him saying or doing
11      to you that you felt was
12      inappropriate?
13              MS. MARKOWSKI:
14      Objection, Your Honor.
15              THE COURT:  All right,
16      let me see counsel.
17              Objection relating to
18      the issue we addressed at
19      sidebar before on the Motion in
20      Limine?
21              MS. MARKOWSKI:  Yes,
22      Your Honor.
23              THE COURT:  All right.
24      Let's just rephrase the
```

```
Page 10
                                     10
 1      question then.
 2      BY MR. VAN DYCK:
 3   Q  Did Mr. McLaughlin say things
 4      to you that you thought were
 5      inappropriate?
 6   A  Yes.
 7   Q  Did you convey these things to
 8      Ms. Alongi?
 9   A  No.
10   Q  Did you convey any of them to
11      Ms. Alongi?
12   A  No.
13   Q  At some point, did you --
14              THE COURT:  I don't mean
15      to interrupt counsel.  I think
16      we need to make sure we use
17      Rose or Gina as well.
18              MR. VAN DYCK:  Thank
19      you.
20              THE COURT:  Because
21      otherwise, we're not going to
22      know.
23              BY MR. VAN DYCK:
24   Q  To Gina Alongi?
```

```
Page 11
                                     11
 1   A  No.
 2   Q  Did you have any conversations
 3      with Gina Alongi about any of
 4      those topics?
 5   A  No.
 6   Q  How about after May 1, 2018,
 7      did Ms. Alongi come to speak to
 8      you about any incidents --
 9   A  Yes.
10   Q  -- that you recall?  And with
11      respect to those incidents, and
12      just those incidents --
13   A  Uh-huh.
14   Q  -- can you recall what you
15      conveyed to Gina Alongi about
16      what Mr. McLaughlin said or did
17      to you that you felt was
18      inappropriate?
19   A  No.
20   Q  You don't recall?
21   A  No.
22   Q  Okay.  I did not say -- I think
23      she asked me, and I said, oh, I
24      might have brushed off
```

```
Page 12
                                     12
 1      comments, but I never really
 2      told her details.
 3   Q  Do you recall a Christmas party
 4      in 2019?
 5   A  Yes.
 6   Q  And do you recall Mr.
 7      McLaughlin saying anything to
 8      you about Gina Alongi?
 9   A  Yes.
10   Q  And tell the jury what he said
11      to you.
12   A  We were planning the Christmas
13      party and he stood outside of
14      my office and told me that we
15      were having a Christmas party
16      at a restaurant near where --
17      in the same town that Gina
18      Alongi lived in.
19              And he said she was a
20      selfish -- can I swear?
21   Q  You can use his words.
22   A  -- fucking bitch.
23   Q  He said to you that he thought
24      that Gina Alongi was a selfish,
```

# *Condensed Transcript*

**Sheet 4   Page 13**

```
                                                13
1         fucking bitch?
2    A    Yes.
3    Q    All right.  And do you recall
4         him talking to you about
5         bathing suits that you would
6         wear when you went to Aruba?
7    A    Yes.
8    Q    And what did he tell you?
9    A    He would ask me if I wore a one
10        piece or a two piece.
11   Q    How did that make you feel?
12   A    Uncomfortable.
13   Q    Did he do that more than once?
14   A    Pretty much every year that I
15        went.
16   Q    Did he ever have any
17        conversations with you about
18        your husband?
19   A    Yes.
20   Q    What did he say to you about
21        your husband?
22   A    My husband is -- and before Mr.
23        McLaughlin worked as the
24        Business Manager, he worked in
```

**Page 14**

```
                                                14
1         the field.
2                And my husband was on a
3         job with him.  So he would say
4         my husband would check out all
5         the women on the jobs and I
6         know that's not my husband.
7                He wouldn't do that.
8    Q    How did that make you feel?
9    A    Uncomfortable.
10   Q    Right.  Did you ever observe
11        Mr. McLaughlin rubbing anyone's
12        shoulders?
13   A    Yes.
14   Q    Whose shoulders?
15   A    (Inaudible response.)
16   Q    And you actually observed this
17        firsthand?
18   A    Yes.
19   Q    Was it more than once?
20   A    Yes.
21   Q    And --
22              MS. MARKOWSKI:
23        Objection, Your Honor.  That's
24        coming back to the foundational
```

**Page 15**

```
                                                15
1         questions that this witness is
2         testifying.
3                I'm happy to do this at
4         sidebar if you prefer.
5              THE COURT:  Yeah. Let me
6         see counsel, just briefly.
7              MS. MARKOWSKI:  Okay.
8    (SIDEBAR CONFERENCE NOT
9    TRANSCRIBED)
10             THE COURT:  Counsel,
11        come here.
12   (SIDEBAR CONFERENCE NOT
13   TRANSCRIBED)
14             THE COURT:  All right.
15        The objection is sustained.
16        We'll have the next question
17        and I'll also instruct the jury
18        really a reminder, again, that
19        the issue for you to decide in
20        this case with respect to the
21        two claims of Rosemarie Alongi,
22        first the hostile work
23        environment claim and the
24        retaliation claim, relates to
```

**Page 16**

```
                                                16
1         circumstances surrounding
2         Rose's employment, the work
3         culture that she was exposed to
4         during the course of her
5         employment there, information
6         she was aware of at the time,
7         either directly or indirectly
8         that was conveyed to her, and
9         also the issue of what was the
10        reason for her termination.
11             The plaintiffs contend
12        that she was terminated because
13        -- in retaliation for things
14        that Gina had done to attempt
15        to address issues of sexual
16        harassment in the workplace.
17             The defendants, by
18        contrast, contend that she was
19        terminated for other reasons,
20        and you'll hear more about that
21        as you heard in the openings.
22             They contend it was
23        related to issues regarding a
24        ransomware attack.
```

# *Condensed Transcript*

```
Sheet 5   Page 17
                                                         17
 1              Those were all issues
 2    for you to decide.  The
 3    testimony of Ms. Dow related to
 4    some of her own experiences
 5    with Mr. Flynn.
 6              At this time, at least,
 7    they have to be disregarded
 8    because we haven't heard
 9    evidence that ties those to
10    information that Rose was aware
11    of, at the time, or not.
12              So we'll take it
13    question by question for here.
14    But the testimony, at least
15    today as to her own experiences
16    in the workplace, is stricken
17    and we'll have the next
18    question.
19              MR. VAN DYCK:   No
20    further questions, Your Honor.
21              THE COURT:  All right,
22    thank you.
23              Cross-examination?
24              MS. MARKOWSKI:  No
```

```
Page 18
                                                         18
 1    questions, Your Honor.
 2              THE COURT:  All right.
 3    Thank you very much, Ms. Down.
 4              THE WITNESS:  Thank you.
 5              THE COURT:  You can step
 6    down.
 7    (Testimony of Jennifer Dow
 8    concludes at 10:53 a.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

```
Page 19
                                                         19
 1            C E R T I F I C A T I O N
 2
 3       I, ALLYSON POLLIER, A PER DIEM COURT
 4  REPORTER, DO HEREBY CERTIFY THAT THE
 5  FOREGOING IS A TRANSCRIPT FROM THE RECORD
 6  OF THE COURT PROCEEDINGS IN THE ABOVE-ENTITLED
 7  MATTER.
 8       I, ALLYSON POLLIER, FURTHER CERTIFY
 9  THAT I NEITHER AM COUNSEL FOR, RELATED TO
10  NOR EMPLOYED BY ANY OF THE PARTIES TO THE
11  ACTION IN WHICH THE HEARING WAS TAKEN AND
12  FURTHER THAT I AM NOT FINANCIALLY NOR
13  OTHERWISE INTERESTED IN THE OUTCOME OF THE
14  ACTION.
15
16  ALLYSON POLLIER, PER DIEM COURT REPORTER
17  PROCEEDINGS RECORDED BY STENOMASK.
18
19  TRANSCRIPTS PRODUCED FROM COMPUTER.
20
21  _____        _____
22    ALLYSON POLLIER
                                  DATE
23
24
```