UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND, BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND, BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST, AND IUOE LOCAL 4 SOCIAL ACTION COMMITTEE<br>　　　　Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br>　　　　Defendant/Plaintiff-in Counterclaim<br><br>v.<br><br>IUOE LOCAL 4 PENSION FUND, IUOE LOCAL 4 ANNUITY & SAVINGS FUND, IUOE LOCAL 4 HEALTH AND WELFARE FUND, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND, IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST, WILLIAM D. MCLAUGHLIN, individually and in his capacity as Chairman of the Boards of Trustees,<br>　　　　Defendants-in-Counterclaim, | Civil Action No. 1:21-cv-10163-FDS |

**PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIMS' OPPOSITION TO GINA ALONGI'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM FROM OFFERING EVIDENCE OF THE JURY VERDICT IN ROSEMARIE ALONGI'S TRIAL**

Plaintiffs/Defendants-in-Counterclaim IUOE Local 4 Health & Welfare Fund, IUOE Local

4 Pension Fund, IUOE Local 4 Annuity & Savings Fund, Hoisting and Portable Engineers Local

4 Apprenticeship & Training Fund, Joint Labor-Management Cooperation Trust, and William McLaughlin (individually, "Mr. McLaughlin") (collectively, the "Funds" or "Defendants-in-Counterclaim")[1] hereby oppose Defendant/Plaintiff-in-Counterclaim Ginamarie Alongi's ("Gina Alongi") Motion *in Limine* to Preclude Defendants-in-Counterclaim from Offering Evidence of the Jury Verdict in Rosemarie Alongi's ("Rose Alongi") Trial to the extent it seeks to preclude the Funds from defensively offering evidence of the jury's verdict in Rose Alongi's state court trial should any party, counsel, or witness state or imply to the jury that Rose Alongi was subjected to a hostile work environment or retaliated against. Should any such reference or suggestion be made, the Funds would be highly prejudiced, and the appropriate curative would be to offer evidence that Rose presented those claims to a jury and that jury found in the Funds' favor.

## RELEVANT PROCEDURAL BACKGROUND

The Funds filed the instant action against Gina Alongi for breach of fiduciary duty in violation of the Employment Retirement Income Security Act of 1974. Thereafter, Rose and Gina Alongi filed a Complaint in Norfolk Superior Court alleging hostile work environment and retaliation (third-party retaliation as to Rose Alongi). Gina Alongi also asserted claims of quid pro quo sexual harassment, failure to accommodate, and interference with rights. Gina Alongi subsequently dismissed her claims against the Funds in order to pursue them as a counterclaim in the instant action. Rose Alongi's hostile work environment and third-party retaliation claims proceeded to a jury trial in Norfolk Superior Court in October 2024. The jury ultimately determined that the Funds and Mr. McLaughlin were not liable to Rose Alongi under either theory. On October 24, 2024, the Norfolk County Superior Court entered a Judgement on Jury Verdict.

---

[1] William McLaughlin is a Defendant-in-Counterclaim, only.

**ARGUMENT**

The Funds do not intend to affirmatively present evidence of the Norfolk Superior Court jury verdict as the jury's determination that the Funds were not liable to Rose Alongi on either of her claims is not probative as to whether Gina Alongi can establish her claims in this case. However, if the Alongis, their counsel, or any other witness open the door on whether Rose Alongi was subjected to a hostile work environment or retaliated against, the Funds must be able to offer evidence of the jury's verdict in Rose Alongi's trial.

For example, if counsel makes statements to the jury in opening or closing arguments or elicits testimony from Rose and/or Gina Alongi that Rose Alongi was sexually harassed by Mr. McLaughlin, the door will have been opened for the jury to hear about the verdict. While Rose Alongi may testify to what she told Gina Alongi in May 2018 when Gina Alongi asked her to tell her the ways in which Mr. McLaughlin made her uncomfortable, neither she nor counsel should be allowed to assert that she was sexually harassed.[2] Should such testimony or suggestion be made to the jury (inadvertently or otherwise), the Funds would seek to have the jury instructed that a jury found in favor of the Funds and against Rose on her claims.

Likewise, any argument or testimony that Rose Alongi herself was retaliated against would open the door to allow the Funds to offer evidence of the state court jury verdict. For example, if Rose gives testimony that she believes she was terminated her employment because her sister Gina Alongi made a sexual harassment complaint against Mr. McLaughlin. Along those lines, should counsel make statements in his opening or closing argument that Rose Alongi was fired to punish

---

[2] As set forth in the Funds' Motion *in Limine* to Exclude Evidence of Alleged Comments or Actions Occurring Outside of Gina Alongi's Presence of Which She was Not Aware During her Employment, Rose Alongi should be precluded from testifying as to her individual interactions with Mr. McLaughlin after May 2018 as she has conclusively testified that she did not tell Gina Alongi about any allegedly inappropriate interactions during this time period.

her sister, such a comment would be improper, and the Funds would seek to have jury instructed that Rose Alongi presented that claim to a jury and the jury rejected it.

Lastly, what Rose Alongi thinks or feels about what she observed from Mr. McLaughlin or about her termination is wholly irrelevant to Gina Alongi's case. Rose had her opportunity to present her case, and the Funds have already defended those claims. There is no reason a jury in this matter should hear anything concerning whether Rose believes she was sexually harassed or whether the reason for her termination was retaliatory. Should the jury hear any evidence or argument on this topic, the most efficient way to address it would be to instruct the jury on the jury verdict.

## CONCLUSION

For the foregoing reasons, this Court should deny Gina Alongi's motion to the extent that it seeks to preclude the Funds from defensively offering evidence of the jury verdict in Rose Alongi's trial.

[**Remainder of page left intentionally blank. Signatures on next page**]

Defendants-in-Counterclaim,

IUOE LOCAL 4 HEALTH AND WELFARE FUND, IUOE LOCAL 4 PENSION FUND, IUOE LOCAL 4 ANNUITY AND SAVINGS, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP AND TRAINING FUND, JOINT LABOR-MANAGEMENT COOPERATION TRUST, and WILLIAM D. MCLAUGHLIN

By their attorneys,

*/s/ Jennifer Markowski*
_____
Jennifer L. Markowski, BBO# 655927
Katherine C. Chenail, BBO# 655927
Alexandra F. Held, BBO# 711052
FREEMAN MATHIS & GARY, LLP
60 State Street, Suite 600
Boston, MA 02109
Tel: (617) 963-5975
jmarkowski@fmglaw.com
Katherine.chenail@fmglaw.com
Alexandra.held@fmglaw.com

*/s/ Charles W. Gilligan*
_____
Charles W. Gilligan, pro hac vice
Daniel Keenan, pro hac vice
**O'Donoghue & O'Donoghue**
5301 Wisconsin Avenue, NW, Suite 800
Washington, DC 20015
Tel: (202) 362-0041
*cgilligan@odonoghuelaw.com*
*dkeenan@odonoghuelaw.com*

Date: January 10, 2025

**CERTIFICATE OF SERVICE**

    I, Jennifer L. Markowski, hereby certify that I have, on this 10th day of January 2025, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).

                                               */s/ Jennifer L. Markowski*
                                               Jennifer L. Markowski