UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IUOE LOCAL 4 PENSION FUND; BOARD OF TRUSTEES OF THE IUOE LOCAL 4 ANNUITY & SAVINGS FUND; BOARD OF TRUSTEES OF THE IUOE LOCAL 4 HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4; IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST; AND IUOE LOCAL 4 SOCIAL ACTION COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>GINA ALONGI,<br><br>    Defendant and<br>    Counterclaim/Third-Party<br>    Plaintiff,<br><br>v.<br><br>IUOE LOCAL 4 PENSION FUND; IUOE LOCAL 4 ANNUITY & SAVINGS FUND, IUOE LOCAL 4 HEALTH AND WELFARE FUND; HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP & TRAINING FUND; IUOE LOCAL 4 LABOR-MANAGEMENT CO-OPERATION TRUST; and WILLIAM D. MCLAUGHLIN, individually and in his capacity as Chairman of the Boards of Trustees,<br><br>    Counterclaim/Third-Party<br>    Defendants. | Civil Action No. 1:21-cv-10163-FDS |

**<u>DEFENDANT / COUNTERCLAIM PLAINTIFF'S BENCH MEMORANDUM</u>**

Defendant / Counterclaim Plaintiff Gina Alongi ("Ms. Alongi") files this Bench Memorandum in opposition to Plaintiffs' Board of Trustees of the IUOE Local 4 Pension Fund;

Board of Trustees of the IUOE Local 4 Annuity & Savings Fund; Board of Trustees of the IUOE Local 4 Health and Welfare Fund; Board of Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund; International Union of Operating Engineers Local 4; IUOE Local 4 Labor-Management Co-Operation Trust and IUOE Local 4 Social Action Committee (collectively, "Plaintiffs") and Counterclaim Defendants' IUOE Local 4 Pension Fund; IUOE Local 4 Annuity & Savings Fund; IUOE Local 4 Health and Welfare Fund; Hoisting and Portable Engineers Local 4 Apprenticeship & Training Fund; IUOE Local 4 Labor-Management Co-Operation Trust and William D. McLaughlin, individually and in his capacity as Chairman of the Boards of Trustees (collectively, "Counterclaim Defendants"),[1] Bench Memorandum dated January 13, 2025. (ECF No. 143).

During the January 6th Status Conference in this case, the Court indicated that it was disinclined to allow more than one lawyer from each side to examine a given witness during trial. The Court noted not only that it would be unusual to allow for two separate lawyers for a single party to examine a particular witness, but that it would invite needless duplication of effort, and risk wasting both the Court's and the jury's time. Indeed, lawyers from the Funds' two law firms deposed Ms. Gina Alongi (a 64-year-old woman with significant health issues) over the course of four days. Nevertheless, following discussion, the Court invited counsel for the Funds to submit a brief memorandum on this one particular issue. In that same breath, the Court also urged counsel for the Funds to keep the memorandum "short." In response to that invitation -- and in keeping with their scorched earth tactics exhibited throughout this four year-long litigation which have, to date, cost Ms. Alongi multiple hundreds of thousands of dollars in legal fees -- on January 13th, the Funds chose to submit a 17-page memorandum, not only on the issue of why they should be

---

[1] For purposes of this Memorandum, Plaintiffs and Counterclaim Defendants shall be referred to herein as the "Funds."

entitled to have two lawyers examine Ms. Alongi, but also on why they should be entitled to proceed first at trial and be referenced as "Plaintiffs."  The Court should disregard that portion of the Funds' memorandum dealing with the order in which the parties present during trial as it was not requested by the Court (and stick to the plan it proposed during the Status Conference),[2] and it should preclude the Funds from having more than one lawyer examine any given witness at trial for the reasons stated at the Status Conference and discussed further below.

Long-settled Massachusetts courtroom etiquette prohibits more than one attorney for a party from asking questions during a given direct or cross-examination.  *See* Reporter's Notes to Mass. R. Civ. P. 43(g).  To this end, Mass. R. Civ. P. 43(g) explicitly provides that "[u]nless otherwise permitted by the court, the examination and cross-examination of any witness shall be conducted by one attorney only for each party."  While the foregoing language does not appear in the Fed. R. Civ. P., case law from federal jurisdictions across the country makes clear that customary practice is for only one attorney for each party to question a witness during a deposition or trial.  *See*, *e.g.*, *Finjan, Inc. v. Cisco Systems, Inc.*, No. 17-cv-00072-BLF (SVK), 2019 WL 7753437, at *2 (N.D. Cal. Sept. 9, 2019) ("[I]t is the typical practice in this District for only one attorney to question a witness at deposition."); *Holsum de Puerto Rico, Inc. v. Compass Indus. Grp. LLC*, No. 3:18-CV-02004-JAW, 2022 WL 20805045, at *8 (D.P.R. Mar. 21, 2022) (Deposition testimony excluded from trial where, *inter alia*, Report of Final Pretrial Conference and Order provided that only one attorney for each party was permitted to question a given witness

---

[2] Indeed, the Funds' proposed order of presentation at trial would grant them two proverbial bites at the apple and result in a monumental waste of the Court's and the jury's time. As the Funds have proposed it, first they would present the evidence they consider relevant to their ERISA claim (presumably while the jury sits idly by since they will not be deciding the ERISA claim), then Ms. Alongi would present her evidence with respect to her discrimination and retaliation claims, and then the Funds would present its evidence in defense against Ms. Alongi's claim (which largely, if not entirely, would repeat their ERISA claim evidence). Such a procedure would be manifestly unfair to Ms. Alongi and would inevitably, and unnecessarily, duplicate the evidentiary presentation in this case.

at trial and two of plaintiff's attorneys asked questions during deposition).  Further, Fed. R. Civ. P. 611 explicitly provides the Court with authority to exercise control over the mode of examining witnesses, as follows: "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to…(2) avoid wasting time; and (3) protect witnesses from harassment…"

Some districts have recognized the need to codify the "one attorney" rule as a local court rule, prohibiting multiple lawyers for a party from questioning witnesses without leave of court.  *See*, *e.g.*, *Empire Med. Review Servs. v. CompuClaim, Inc.*, No. 13-cv-1283, 2016 WL 3676456, *2 (E.D. Wis. July 6, 2016) ("General Local Rule 43 establishes the normal practice in this district, which is that one attorney per side will be allowed to examine or cross-examine a witness.  Multiple lawyers for one party examining or cross-examining a witness is exceptional.")  In *Empire Med. Review Servs.*, the Court noted that "EMRS does not explain why this case is so different as to warrant straying from the normal practice of one lawyer per witness.  Certainly the fact that its insurer has chosen to hire separate counsel to represent it on the counterclaims is not sufficient.  Although EMRS argues that there is the potential for a conflict between the attorneys' objectives, it does not point to any here."  The Court also expressed sensitivity to witnesses being "tag-teamed" by more than one lawyer for the same party.  "When one lawyer runs out of steam (or questions), another hops in the ring and continues the examination, bringing a fresh perspective and a new list of questions."  *Empire Med. Review Servs.*, 2016 WL 3676456 at *2.

Here, there is no reason to depart from the normal practice of only one lawyer per party asking questions during a given direct or cross-examination.  As has been discussed during prior status conferences, the Funds' direct claim against Ms. Alongi for breach of fiduciary duty, and the Funds' defense to Ms. Alongi's counterclaim for retaliation, arise from the same series of facts.

The Funds claim that they terminated Ms. Alongi's employment due to her alleged breaches of fiduciary duty, rather than in retaliation for her making a sexual harassment complaint. Similar to the situation in *Empire Med. Review Servs.*, *supra*, the mere fact that the Funds elected to hire one law firm to represent them in connection with their affirmative claim, and another law firm to represent them in connection with their defense to Ms. Alongi's counterclaims, is insufficient to warrant departing from the normal practice of one lawyer per witness.

Indeed, during Rose Alongi's trial which took place in Norfolk County Superior Court from October 7, 2024 through October 22, 2024, counsel for the Funds sought not only to try Rose Alongi's case, but Gina Alongi's case as well. The vast majority of the Funds' 87 proposed contested trial exhibits in that case dealt directly with their breach of fiduciary duty claim against Gina. The Funds' counsel discussed ERISA during her opening statement and elicited extensive testimony from multiple witnesses on issues that pertained directly to the breach of fiduciary claim. *See* **Exhibit A**, Excerpt of J. Markowski Opening Statement Tr., 46:1-20 ("And so, this may sound all very technical, but under ERISA law, it is very important that these timesheets are kept so that the amount of time that employees are allocating to the different funds can be appropriately allocated…You'll hear a lot about the ERISA and the implications of not keeping these timesheets and why it was so very important that she had kept them."); *see also*, *e.g.*, **Exhibit B**, Excerpt of G. Geiman Trial Tr., 129:18-130:24 ("Under ERISA, the task of the Fund Administrator…is to only make reasonable and necessary use of fund assets.") Throughout the course of Rose's 12-day trial (where the Court had informed the jury pool during empanelment that the trial would only last 10 days), only one firm represented the Funds -- Freeman, Mathis & Gary LLP. The law firm of O'Donoghue & O'Donoghue LLP was not even present in the courtroom. While they now purport to invoke the Rules of Professional Conduct to justify their attempt to team-up on Ms.

Alongi at trial, one need look no further than Rose's trial to see that the Funds need but one lawyer to examine Gina Alongi (and others) in this case.

For the reasons set forth above, this Court should require that only one lawyer representing the Funds be permitted to ask questions during a given direct or cross-examination during the upcoming trial in this case.

Respectfully submitted,
GINA ALONGI

By her attorneys,

/s/ *Ashley M. Barnes*
Timothy P. Van Dyck (BBO #548347)
Robert G. Young (BBO #650541)
Ashley M. Barnes (BBO #706121)
BOWDITCH & DEWEY, LLP
200 Crossing Boulevard
Framingham, MA 01702
Telephone: 617.757.6537
Facsimile: 508.929.3137
tvandyck@bowditch.com
ryoung@bowditch.com
abarnes@bowditch.com

January 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Ashley M. Barnes*
