# **<u>EXHIBIT B</u>**

                              Pages: 1-157
                              Exhibits:  None

                 COMMONWEALTH OF MASSACHUSETTS
           NORFOLK, SS        SUPERIOR COURT DEPARTMENT
                        OF THE TRIAL COURT

* * * * * * * * * * * * * * * * * * * * * *
ROSEMARIE ALONGI,                          *
                                           *
                    Plaintiff,             *
                                           *
v.                                         *
                                           *
IUOE LOCAL 4 HEALTH & WELFARE              *
FUND, et als.,                             *
                                           *
                    Defendants.            *
* * * * * * * * * * * * * * * * * * * * * *
BEFORE THE HONORABLE BRENT A. TINGLE
DOCKET NUMBER 2182CV00125


          TESTIMONY OF GREGORY GEIMAN, CONTINUED


                 Thursday, October 17, 2024
                    Courtroom:  20


THIS TRANSCRIPT HAS NOT BEEN PROOFREAD OR CORRECTED BY
THE COURT REPORTER.  DIFFERENCES WILL EXIST BETWEEN
THE UNCERTIFIED DRAFT VERSION AND THE CERTIFIED
VERSION.


                       Tamira Acce
                    Court Reporter

**APPEARANCES:**

**COUNSEL FOR THE PLAINTIFF:**

**TIMOTHY P. VAN DYCK**
**ROBERT G. YOUNG**
**BOWDITCH & DEWEY, LLP**
**200 CROSSING BOULEVARD**
**FRAMINGHAM, MA 01702**
**617-757-6537**
**tvandyck@bowditch.com**
**ryoung@bowditch.com**


**COUNSEL FOR DEFENDANTS:**

**JENNIFER MARKOWSKI**
**JENNAWE HUGHES**
**ALEXANDRA HELD**
**OTHER HUGES GOES HERE**
**FREEMAN MATHIS & GARY, LLP**
**60 STATE STREET, SUITE 600**
**BOSTON, MA  02109**
**jennifer.markowski@fmglaw.com**
**jennawe.hughes@fmglaw.com**
**alexandra.held@fmglaw.com**

```
 1                    MR. YOUNG:  Objection,
 2          Your Honor.
 3                    THE COURT:  Let me see
 4          counsel.
 5          (SIDEBAR CONFERENCE NOT
 6          TRANSCRIBED)
 7                    THE COURT:  All right.
 8          The -- the objection is
 9          sustained in that form.
10                    As to getting into the
11          details of individual timesheet
12          entries, I'm going to ask you
13          to ask a series of more general
14          questions regarding the Funds'
15          position as to the reasons for
16          Gina's termination.
17          BY MS. MARKOWSKI:
18      Q   Mr. Geiman, did you notice on
19          the Funds' timesheets some
20          reference to the Coalition?
21      A   I did.
22      Q   And was that a cause for
23          concern in any way?
24      A   It was.
```

1    Q    And why was that?

2    A    Because it would suggest that

3         work was being done by Gina for

4         another entity during Fund

5         office hours, during which time

6         she's bine paid, of course, by

7         the Funds.

8    Q    All right.  And -- and why

9         would that not be appropriate?

10   A    Because under ERISA --

11            MR. YOUNG:  Objection,

12        Your Honor.

13            THE COURT:  Overruled.

14            You may answer.

15        BY THE WITNESS:

16   A    Under ERISA, the task of the

17        Fund Administrator, or frankly,

18        any employee in the Fund

19        office, is to only make

20        reasonable and necessary use of

21        fund assets.  Doing work for

22        another entity, would not be a

23        reasonable or necessary use of

24        Fund assets.